Ronald A. Bender, Esq.
Matthew J. Cuffe, Esq.
Worden Thane P.C.
Attorneys at Law
P.O. Box 4747
Missoula, Montana  59806
Telephone:  (406) 721-3400
Fax:  (406) 721-6985
rbender@wthlaw.net
State Bar I.D. Number 106
mcuffe@wthlaw.net
State Bar I.D. Number 4448
Attorneys for Michael Snow

UNITED STATES BANKRUPTCY COURT  FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE<br><br>YELLOWSTONE MOUNTAIN CLUB, LLC<br><br>Debtor. | Case No.  08-61570<br><br>OBJECTION TO INTERIM NOTICE OF APPEARANCE OF COUNSEL AND REQUEST TO BE ADDED TO MAILING MATRIX |

Comes now Michael Snow, creditor/party in interest in the above-entitled bankruptcy case, by and through his attorneys of record file his Objection to Debtors Motion for Interim and Final Orders 1. Authorizing post-Petition Financing, 2. Authorizing Use of Cash Collateral 3. Granting Adequate Protection to Pre-Petition Secured Lenders and 4. Scheduling Interim and Final Hearings.  Michael Snow has only just received the Motion and is still in the process of reviewing it. Not withstanding this Objection he reserves the right to file additional objections after he has had the opportunity to review the Motion in detail.

Given the above reservation of rights, Michael Snow Objects to Debtors Motion based on the following:

1) There is currently litigation involving Yellowstone Mountain Club LLC and Yellowstone Development Club LLC wherein there have been public accusations that the principals of the Debtors, the Blixseths, have been involved in the inappropriate use of tens of millions of dollars of Debtor funds, including the proceeds of the Prepetition loans. Those allegations include:

    a. diverting funds for the purchase of homes;

    b. using funds to purchase airplanes;

    c. using funds to finance other failed business interests; and

    d. placing the funds in personal certificates of deposit.

2) Given these allegations, the possibility exists that a request may be made to appoint a Chapter 11 Trustee. However, the proposed Order approves a Term sheet that would make it a default for this Court to appoint a Chapter 11 Trustee or for Edra Blixseth's loss of control. The Court should not allow the Debtors' management to protect their status indirectly through the DIP.

3) The DIP Agreement inappropriately confers benefits on the Prepetition secured creditors who are in essence making a protective advance to protect their interests in the form of a DIP. It permits them to cross collateralize the Prepetition liens to include liens on everything, whether or not they had everything before, prohibits the Committee from using any estate cash to investigate or pursue claims against them, indemnifies them and precludes 506(c) claims. The prepetition lenders are simply allowing the use of cash collateral and for that they should get a

replacement lien. Their status as DIP lenders should not be used to get benefits for them that they are not entitled to as adequate protection.

4) Under the terms of the Interim Order paragraph 4 the estate stipulates to immediately forfeit all claims against the Prepetition Lenders. While that paragraph is limited to the Debtor, in paragraph 18 it appears that this stipulation is binding on third parties if their claims are not brought within a very short period of time.

5) There is an indemnification provision in Term Sheet attached to the Interim Order on page 12. It appears that this indemnification may include the Prepetition lender and loans. This is another example of the improper additional protections for a Prepetition lender.

6) The DIP includes a waiver of the Debtors' 506(c) claims. This is improper. The DIP lenders are secured lenders acting to protect their secured position in the collateral. As revenues come in, it may enhance the value of the Prepetition Lenders and DIP Lenders and give rise to rights under Section 506(c).

7) The deadlines imposed on parties to object to the waiver provisions are unfair and too short. The loss of estate rights is unclear as to whether it occurs right away. The Committee should be formed before these deadlines are fixed. This is unfair because only Debtor has the right to raise issues, Committee has to ask for permission from this Court before they can take any action. Sixty days is simply not enough time to accomplish this in a matter as complex as the case at bar. There are genuine issues relating to where the proceeds from Prepetition loans went to. These issues must be resolved and sixty days is not enough time to resolve them.

8) The Budget is unclear about the amount of cash collateral being used for necessary, essential and appropriate needs for the continued operation of the Debtors' business. The budget

attached to the Interim Order only shows uses. It does not show revenues. Debtor must show that the DIP loan is truly necessary and then must show the amount needed. It is possible that only the use of cash collateral is necessary.

9) The Motion effectively substantively consolidates the Debtors by having them all borrow funds without adequate provision for keeping the assets and liabilities of each Debtor straight.

10) Given the genuine issues relating to use of the Prepetition proceeds and the allegations that the principals of the Debtors, the Blixseths, have been involved in the inappropriate use of tens of millions of dollars of Debtor funds any Order should prohibit insider transfers to Edra Blixseth and/or non-Debtor affilitates.

11) Michael Snow does not object to financing for Debtors upon an appropriate showing for necessary, essential and appropriate needs for the continued operation of the Debtors' business

12) Michael Snow reserves the right to supplement this objection if necessary at a later date.

WHEREFORE Michael Snow respectfully requests this Court:

1)   Deny Debtor's Motion for Interim and Final Orders 1. Authorizing post-Petition Financing, 2. Authorizing Use of Cash Collateral 3. Granting Adequate Protection to Pre-Petition Secured Lenders and 4. Scheduling Interim and Final Hearings.

2)   Order the proposed Order and terms of the DIP Loan be modified to aide in the restructuring of Debtors debt.

3)   For such other relief as this Court deems just and proper.

OBJECTION TO INTERIM NOTICE OF APPEARANCE OF
COUNSEL AND REQUEST TO BE ADDED TO MAILING MATRIX                    Page 4

attached to the Interim Order only shows uses. It does not show revenues. Debtor must show that the DIP loan is truly necessary and then must show the amount needed. It is possible that only the use of cash collateral is necessary.

9) The Motion effectively substantively consolidates the Debtors by having them all borrow funds without adequate provision for keeping the assets and liabilities of each Debtor straight.

10) Given the genuine issues relating to use of the Prepetition proceeds and the allegations that the principals of the Debtors, the Blixseths, have been involved in the inappropriate use of tens of millions of dollars of Debtor funds any Order should prohibit insider transfers to Edra Blixseth and/or non-Debtor affilitates.

11) Michael Snow does not object to financing for Debtors upon an appropriate showing for necessary, essential and appropriate needs for the continued operation of the Debtors' business

12) Michael Snow reserves the right to supplement this objection if necessary at a later date.

WHEREFORE Michael Snow respectfully requests this Court:

1)   Deny Debtor's Motion for Interim and Final Orders 1. Authorizing post-Petition Financing, 2. Authorizing Use of Cash Collateral 3. Granting Adequate Protection to Pre-Petition Secured Lenders and 4. Scheduling Interim and Final Hearings.

2)   Order the proposed Order and terms of the DIP Loan be modified to aide in the restructuring of Debtors debt.

3)   For such other relief as this Court deems just and proper.

OBJECTION TO INTERIM NOTICE OF APPEARANCE OF
COUNSEL AND REQUEST TO BE ADDED TO MAILING MATRIX                    Page 4

DATED this 13th day of November, 2008.

                                 WORDEN THANE P.C.

                                 /s/ Matthew J. Cuffe
                                 Matthew J. Cuffe


                                 WORDEN THANE P.C.
                                 /s/ Ronald A. Bender
                                 Ronald A. Bender


                                 Attorneys for Michael Snow

## CERTIFICATE OF SERVICE

     I hereby certify under penalty of perjury that on November 12, 2008, a copy of the Notice of Appearance of Counsel and Request to Be Added to Mailing Matrix was served on the following persons by the following means:

| | |
|---|---|
| __1-2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1.     JAMES A. PATTEN
       japatten@ppbglaw.com
       Attorneys for Debtor

2.     OFFICE OF THE U.S. TRUSTEE
       ustpregion18.gf.ecf@usdoj.gov


                                                  /s/ Julie Ludwick
                                                  Julie Ludwick

08013880