John H. Grant
JACKSON, MURDO & GRANT, P.C.
203 N. Ewing
Helena, MT 59601
Telephone: 406.442.1300
Facsimile: 406.443.7033
E-mail: jgrant@jmgm.com

Jonathan B. Alter
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT 06103
Telephone: 860.240.2700
Facsimile: 860.240.2800
Email: jonathan.alter@bingham.com

Attorneys for Ad Hoc Committee of
Yellowstone Club Members

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-61570 |
| | ) | |
| YELLOWSTONE MOUNTAIN CLUB, LLC, et al., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF THE AD HOC COMMITTEE OF
YELLOWSTONE CLUB MEMBERS TO ENTRY OF A FINAL
ORDER APPROVING DEBTOR IN POSSESSION FINANCING**

The Ad Hoc Committee of Yellowstone Club Members owning in aggregate more than 170 individual properties and club memberships at the Yellowstone Club (the "Ad Hoc Committee") objects to entry of a final order (the "Final Order") approving the above-captioned debtors' (collectively, the "Debtors" or "Yellowstone Club") Motion Pursuant to Bankruptcy Code Sections 105, 361, 362, 363 and 364 and Bankruptcy Rules 2002, 4001, and 9014 for Final Orders (I) Authorizing Debtors to Obtain Post-Petition Financing, (II) Authorizing Debtors to Utilize Cash Collateral, (III) Granting Adequate Protection to Pre-

A/72758853.4

petition Secured Lenders and (IV) Scheduling Interim and Final Hearings (the "DIP Motion") to the extent set forth herein.

As noted in the Ad Hoc Committee's Limited Objection dated November 12, 2008 to the Interim DIP Motion (the "Interim DIP Objection"), the terms of the financing (the "DIP Loan") proffered in the DIP Motion are over-reaching; the fees and expenses are exorbitantly high; and the DIP Loan does not provide the Debtors, their employees or their creditors with any degree of assurance that the operations or estates are on a path to resolve the financial challenges facing the Debtors.

In recognition of the fact that this Court has already entered the Interim Order approving the DIP Motion and undoubtedly a substantial amount of the funds financed pursuant to the Interim Order have been disbursed, the Ad Hoc Committee has avoided repeating herein the background associated with the filing of this Objection to entry of a Final Order and limited this Objection to a statement of the principal objections.

The Ad Hoc Committee specifically notes that the concerns it expressed in its original Interim DIP objection only increase with the passage of time and the absence of any identified package for short-term or long-term financing and the absence of any reasoned plan for the recapitalization or sale of the assets of the estates. As each day goes by with more uncertainty and decreasing member support, the considerable risk of the loss value of the estates continues to grow.

**FINAL ORDER**

1.   The Ad Hoc Committee objects to entry of the Final Order to the extent the Final Order would approve the following terms:

   a.   *Carve Out.*   The Final Order does not reserve a "carve out" for an official committee's fees and expenses. While somewhat academic at this juncture

based upon the near-term maturity date of the financing, this could present an issue for future budgets.

        b.    *Surcharge Waiver.* The Final Order would waive all parties' rights to surcharge the collateral for preserving or disposing of the collateral. The Debtors might agree to such a waiver, but the rights of other parties in interest, including, but not limited to, an official committee of unsecured creditors or a trustee, should be reserved.

        c.    *Rights Upon Default.* The Final Order would allow the DIP Lenders to exercise all rights and remedies against the collateral upon the occurrence of an event of default and after the giving of only five (5) business days' written notice. Additionally, the Final Order would restrict all parties' rights by limiting the scope of issues that can be raised to the question of whether an event of default has occurred. Together, these provisions effectively strip the Court of its discretion to hear other matters that may have otherwise been properly before the Court as a court of equity and place the burden on the parties and the Court to have an order entered within a week's time enjoining any inappropriate action. Finally, the Final Order would also require that the Debtors use best efforts to sell collateral after stay relief. However, once stay relief is granted, the secured party should only be permitted to exercise any applicable state-law rights subject to whatever defenses that may exist under applicable law. The Debtors should not be burdened with additional costs for actions that solely benefit the secured lender.

        d.    *Extensions of Investigation Period.* The Final Order would restrict the Court's ability to extend for cause the investigation period by requiring the pre-petition lenders' consent in all cases.

        e.    *Standing.* The Final Order should vest any official committee with standing to pursue claims releases by the Debtors in the Final Order.

A/72758853.4

f.  *Term and Amount.* The term and amount of the DIP Loan provide for minimal operations for not more than 3 weeks, which results in nothing more than a bridge loan and is insufficient to provide the Debtors, the Members or employees any confidence that the Debtor will continue operating through the ski season.

g.  *Interest and Fees.* Interest would accrue at the rate of 15% and fees are exorbitant. The DIP Loan has a $150,000 arrangement fee and a $50,000 agency fee. These fees amount to 4.5% of the DIP Loan amount for just a 3 week financing. On an annualized basis, these fees alone correlate to a 78% interest rate. In addition to these fees, the DIP Loan provides for the payment of legal fees in the amount of $742,000 and fees for a chief restructuring officer in the amount of $150,000, even though the Debtors recently hired a top-tier resort management company. Together, all fees and costs push the correlated annualized interest rate to 425%.

**WHEREFORE**, the Ad Hoc Committee requests:

A.  That the Court modify the terms of the Final Order to be less prejudicial to the estate and the Court; and

B.  That the Court grant to the Ad Hoc Committee such other and further relief as may be just and proper.

Dated: Hartford, CT
November 21, 2008

Respectfully submitted,

**BINGHAM McCUTCHEN LLP**

/s/ Jonathan Alter
Jonathan Alter, Esq.
One State Street
Hartford, CT 06103
Tel: 860-240-2700

A/72758853.4

-and-

*[signature]*
John H. Grant
JACKSON, MURDO & GRANT, P.C.
203 N. Ewing
Helena, MT 59601
Telephone: 406.442.1300
Facsimile: 406.443.7033
E-mail: jgrant@jmgm.com

*Attorneys for the Ad Hoc Committee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 21, 2008, a copy of the foregoing Limited Objection Of The Ad Hoc Committee Of Yellowstone Club Members To Debtors' Motion To Approve Debtor In Possession Financing was served via email or fax upon the following:

    JON R. BINNEY
    P.O. BOX 2253
    MISSOULA, MT 59806
    406 541-8020
    jon@binneylaw.com

    BENJAMIN P HURSH
    CROWLEY LAW OFFICE
    PO BOX 7099
    MISSOULA, MT 59807
    406-523-3600
    bhursh@crowleylaw.com

    WILLIAM D. LAMDIN, III
    P.O. BOX 2529
    BILLINGS, MT 59103
    406 252-3441
    blamdin@crowleylaw.com

    PAUL D MOORE
    DUANE MORRIS LLP
    470 ATLANTIC AVE SUITE 500
    BOSTON, MA 02210-2600
    pdmoore@duanemorris.com

    MARK S CHEHI
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM
    ONE RODNEY SQUARE, 7TH FLOOR
    WILMINGTON, DE 19801
    302.651.3000
    mark.chehi@skadden.com

    CHARLES W. HINGLE
    SUITE 1500
    401 NORTH 31ST STREET
    BILLINGS, MT 59101
    406-252-2166
    chingle@hollandhart.com

A/72758853.4

EVAN R LEVY
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
FOUR TIMES SQUARE
NEW YORK, NY 10036-6652
212.735.3889
evan.levy@skadden.com

JON E. DOAK
100 N. 27TH ST., SUITE 200
BILLINGS, MT 59101
406-896-8904
doaklaw@wtp.net

STEPHEN R BROWN
GARLINGTON, LOHN & ROBINSON
PO BOX 7909
MISSOULA, MT 59807-7909
406.523.2500
srbrown@garlington.com

GERALD N SIMS
PYLE SIMS DUNCAN & STEVENSON
401 B STREET SUITE 1500
SAN DIEGO, CA 92101
619.699.5220
jerrys@psdslaw.com

DORIE BENESH REFLING
ANDRIOLO & REFLING
670 FERGUSON AVE SUITE 3
BOZEMAN, MT 59718
406.582.9676
refling@andriolorefling.com

LYNN HAMILTON BUTLER
111 CONGRESS AVENUE STE 1400
AUSTIN, TX 78701
512.479.1141
lbutler@mailbmc.com

KEITH A JONES
PO BOX 7701
HELENA, MT 59604-7701
406.444.5884
kjones@mt.gov

A/72758853.4

JOEL E SILVERMAN
MONTANA DEPT OF REVENUE
PO BOX 7701
HELENA, MT 59604-7701
406.444.3340
jsilverman@mt.gov

TERESA GRACE WHITNEY
DEPARTMENT OF REVENUE
PO BOX 7701
HELENA, MT 59604-7701
406.444.7990
twhitney@mt.gov

OFFICE OF THE U.S. TRUSTEE
U.S. TRUSTEE'S OFFICE
LIBERTY CENTER SUITE 204
301 CENTRAL AVE
GREAT FALLS, MT 59401
406.761.8777
ustpregion18.gf.ecf@usdoj.gov

DEAN A. STENSLAND
P.O. BOX 9199
MISSOULA, MT 59807
(406) 543-6646
dstensland@boonekarlberg.com

RONALD A. BENDER
PO BOX 4747
MISSOULA, MT 59806
406.721.3400
406.721.6985 (fax)
rbender@wthlaw.net

MATTHEW J CUFFE
WORDEN THANE PC
PO BOX 4747
MISSOULA, MT 59806
406-721-3400
mcuffe@wthlaw.net

KESHA L TANABE
MASLON EDELMAN BORMAN & BRAND LLP
3300 WELLS FARGO CENTER
90 SOUTH SEVENTH ST
MINNEAPOLIS, MN 55402-4140
Kesha.Tanabe@maslon.com

A/72758853.4

CLARK T WHITMORE
MASLON EDELMAN BORMAN & BRAND LLP
3300 WELLS FARGO CENTER
90 SOUTH SEVENTH ST
MINNEAPOLIS, MN 55402-4140
clark.whitmore@maslon.com

JAMES A. PATTEN
STE 300, THE FRATT BLDG
2817 2ND AVE N
BILLINGS, MT 59101
(406) 252-8500
(406) 294-9500 (fax)
japatten@ppbglaw.com

*/s/ John Grant*
John Grant

A/72758853.4