Daniel P. McKay
Office of the United States Trustee
Liberty Center, Suite 204
301 Central Avenue
Great Falls, MT 59401
Phone: (406) 761-8777
Fax: (406) 761-8895
e-mail: dan.p.mckay@usdoj.gov
State Bar I.D. No. 2422
(Attorney for the United States Trustee)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| YELLOWSTONE MOUNTAIN CLUB, LLC, et al., | ) | Case No. 08-61570-11 |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |

UNITED STATES TRUSTEE'S OBJECTION TO ANTICIPATED MOTION OF DEBTORS FOR SECOND INTERIM ORDER (1) AUTHORIZING DEBTORS TO ENTER INTO AMENDED POST-PETITION FINANCING FACILITY (II) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL, (III) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED LENDERS AND (IV) SCHEDULING FINAL HEARING

Acting United States Trustee Robert D. Miller Jr., through his undersigned attorney, Daniel P. McKay, hereby objects to any Motion that the Debtors may file prior to or at the hearing on final approval of the Debtors' agreement for post-petition financing with Credit Suisse which is embodied in the Court's Interim Order entered on November 13, 2008 (Docket no. 40)., which seeks entry of a second interim order (1) authorizing Debtors to enter into an amended post-petition financing facility, (II) authorizing Debtors to utilize cash collateral, (III) granting adequate protection to pre-petition secured lenders and (IV) scheduling final hearing. This objection is made upon the following grounds and for the following reasons:

1. The Debtors filed a Notice of "intent" (Docket no.73) to file a motion seeking a second interim order approving post-petition financing. The notice indicates, at paragraph three (3), that, although the Debtors "have not yet reached agreement on the terms of an Amended DIP Facility, the Debtors expect to reach such agreement and propose Amended DIP Facility terms **at**

**or prior to the Hearing.**" It goes on to say, at paragraph four (4), that if an agreement is reached on the terms of an Amended DIP Facility, a Motion of approval of such Amended DIP Facility could be filed as late as at the hearing itself. This procedure is unacceptable and does not comply with the requirements of Rule 4001 F.R.B.P. Under subdivisions (b)(1)(C), and (c)(1)(C) of the Rule the Debtor is required to serve the motion either on any committee appointed under Bankruptcy Code § 1102 or, as in this case since such a committee or committees have not been appointed yet, on those creditors holding the twenty largest unsecured claims. Since the Notice filed by the Debtors does not include a certificate of service, it appears that the only parties that have received service of the Notice are those that are receiving electronic notice through the Court's ECF system. Further, even if this Notice were served on every party in interest in these cases, the Notice itself is not a motion that complies with the requirements of Rule 4001. The Notice alludes to terms that are "possible or likely" in the anticipated motion for a second interim order, but Rule 4001 requires much more than a mere "heads up". Subdivision (c)(1)(B) or rule 4001 requires that a motion to obtain credit:

> ...shall consist of or (if the motion is more than five pages in length) begin with a concise statement of the relief requested, not to exceed five pages, that lists or summarizes, and sets out the location within the relevant documents of, all material provisions of the proposed credit agreement and form of order, including interest rate, maturity, events of default, liens, borrowing limits, and borrowing conditions. If the proposed credit agreement or form of order includes any of the provisions listed below, the concise statement shall also: briefly list or summarize each one; identify its specific location in the proposed agreement and form of order; and identify any such provision that is proposed to remain in effect if interim approval is granted, but final relief is denied, as provided under Rule 4001(c)(2). In addition, the motion shall describe the nature and extent of each provision listed below:
>
> (i) a grant of priority or la lien on property of the estate under § 364(c) or (d);
>
> (ii) the providing of adequate protection or priority for a claim that arose before the commencement of the case, including the granting of a lien on property of the estate to secure the claim, or the use of property of the estate or credit obtained under § 364 to make cash payments on account of the claim;

2

      (iii) a determination of the validity, enforceability, priority, or amount of a claim that arose before the commencement of the case, or of any lien securing the claim;

      (iv) a waiver or modification of Code provisions or applicable rules relating to the automatic stay;

      (v) a waiver or modification of any entity's authority or right to file a plan, seek an extension of time in which the debtor has the exclusive right to file a plan, request the use of cash collateral under § 363(c), or request authority to obtain credit under § 364;

      (vi) the establishment of deadlines for filing a plan of reorganization, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order;

      (vii) a waiver or modification of the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien;

      (viii) a release, waiver, or limitation on any claim or other cause of action belonging to the estate or the trustee, including any modification of the statute of limitations or other deadline to commence an action;

      (ix) the indemnification of any entity;

      (x) a release, waiver, or limitation of any right under § 506(c); or

      (xi) the granting of a lien on any claim or cause of action arising under §§ 544, 545, 547, 548, 549, 553(b), 723(a), or 724(a).

The obvious purpose of Rule 4001(c) F.R.B.P. is to give creditors clear and concise information concerning the terms of any proposed post-petition credit agreement. Further, even when proper notice of a motion to obtain credit is given under the Rule, the Court is directed to authorize the obtaining of credit, prior to a final hearing on such motion, which can occur no earlier than 15 days after service of the motion, "...only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." If the Debtors' first motion to approve its credit agreement with Credit Suisse is any indication, the anticipated motion for a second interim order will have provisions fitting into virtually every category set out

in subsection (c)(1)(B) of the Rule. This Court should not consider approval of a motion that does not comply with all of the requirements of Rule 4001 F.R.C.P.

2. It is difficult to understand the emergency nature of the filing of the petitions commencing these cases. An examination of the response to question four (4) of the Statements of Financial Affairs filed by the Debtors does not indicate that there are any pending foreclosures. The petitions and the motion for approval of the first interim financing order were filed on the evening of November 10, 2008, on the eve of a federal holiday, with a request for hearing on November 12th. Parties had very little time to assess the potential impact of the financing motion. Even so, this Court voiced its concern regarding the terms of the motion and associated term sheet. Fortunately, the interim order applies only to the loan of $4,450,000 under the DIP Facility. Now, it appears likely that the Debtors will come to this Court with a second motion to approve post-petition credit, with many terms required by Rule 4001F.R.B.P. to be identified concisely in advance, that will provide creditors with even less, if any, notice than the first such motion. The United States Trustee asserts that it would be a violation of creditors' due process rights to approve such a motion, even on an interim basis, under these circumstances.

3. The United States Trustee objects to any motion filed by the Debtors for approval of a second interim order, as contemplated in the Debtors' Notice of Intent, that does not contain a reasonable "carve out" for the fees and expenses of professionals of any committee appointed under Bankruptcy Code § 1102, a chapter 11 trustee if one is appointed under Bankruptcy Code § 1104, and a chapter 7 trustee if these cases are converted to chapter 7.

WHEREFORE, the United States Trustee objects to any motion that may be filed by the Debtors to approve a second interim financing order upon the grounds set out herein.

DATED this 24th day of November, 2008.

Respectfully Submitted

ROBERT D. MILLER JR.
Acting United States Trustee


/s/ Daniel P. McKay
DANIEL P. McKAY
Attorney for United States Trustee