WILLIAM D. LAMDIN
BENJAMIN P. HURSH
 CROWLEY, HAUGHEY, HANSON,
  TOOLE & DIETRICH P.L.L.P.
305 SOUTH 4TH STREET EAST, SUITE 100
P.O. BOX 7099
MISSOULA, MT 59807-7099
TELEPHONE: (406) 523-3600
EMAIL: bhursh@crowleylaw.com

PAUL D. MOORE
DUANE MORRIS, LLP
470 ATLANTIC AVENUE, SUITE 500
BOSTON, MA 02210-2600
TELEPHONE:
FACSIMILE:
PDMoore@duanemorris.com

Attorneys for CrossHarbor Capital Partners and
CIP Yellowstone Lending LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re: ) | |
| ) | |
| **YELLOWSTONE MOUNTAIN** ) | |
| **CLUB, LLC,** ) | Case No.: **08-61570-11** |
| ) | |
| Debtor ) | Jointly Administered With: |
| ) | |
| In Re: ) | |
| ) | |
| **YELLOWSTONE DEVELOPMENT,** ) | Case No.: **08-61571-11** |
| **LLC,** ) | |
| ) | |
| Debtor ) | |
| ) | |
| In Re: ) | |
| ) | |
| **BIG SKY RIDGE, LLC,** ) | Case No.: **08-61572-11** |
| ) | |
| Debtor ) | |
| ) | |
| In Re: ) | |
| ) | |
| **YELLOWSTONE CLUB** ) | |

| | | |
|---|---|---|
| **CONSTRUCTION COMPANY, LLC,** | ) | Case No.: **08-61573-11** |
| | ) | |
| Debtor | ) | |

## MOTION FOR TELEPHONIC HEARING PURSUANT TO LOCAL RULES 5074-1 & 9014-1

Pursuant to Local Rule 5074-1 CrossHarbor Capital Partners and CIP Yellowstone Lending LLC ("CrossHarbor") requests a telephonic hearing. CrossHarbor is aware of this Court's reluctance to conduct telephonic hearings, but given the issues presented, the geographic distance between the parties, and the timing associated with Credit Suisse's discovery demands, CrossHarbor is compelled to request a telephonic hearing under Local Rule 5074-1.

Pursuant to Local Rule 9014-1, Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, CrossHarbor seek the Court's guidance with respect to the proposed discovery served by Credit Suisse and directed to CrossHarbor, the Debtor, the Ad Hoc Committee of Yellowstone Club Members, Edra Blixseth, and Discovery Land Company LLC in connection with the final hearing on December 11, 2008 on Debtors' November 25, 2008 Motion for DIP financing ("DIP Financing Motion").

On November 25, 2008, this Court held an evidentiary hearing on the Debtors' oral motion for approval of debtor-in-possession ("DIP") financing with CrossHarbor. The Court heard testimony from Sam Byrne of CrossHarbor and Ronald Greenspan, a restructuring real estate consultant with FTI Consulting and considered without objection the testimony of Edra Blixseth from an earlier hearing on November 12, 2008. The Court also received into evidence without objection the DIP Financing Term Sheet and the proposed budget. On November 26, 2008, the Court issued a Memorandum of Decision in which it made detailed findings of fact and granted Debtors' motion for an interim and final order approving the DIP post-petition financing

2

with CrossHarbor in accordance with the DIP Financing Term Sheet. The Court further ordered that the Final Hearing on the DIP Motion be held on Thursday, December 11, 2008 and that objections by any party in interest be filed no later than December 9, 2008 at 4:00 p.m.

On Friday, November 28, 2008, Credit Suisse served[1] broad, burdensome and cumulative discovery on CrossHarbor, the Debtors, the Ad Hoc Committee of Yellowstone Club Members, Edra Blixseth, and Discovery Land Company LLC, purportedly "in connection with the contested oral motion in the Bankruptcy Court on November 25, 2008 . . . for approval of debtor-in-possession financing to be provided by CrossHarbor Capital Partners, LLC and CIP Yellowstone Lending, LLC." A copy of Credit Suisse's subpoena, Notice of Videotaped Deposition of CrossHarbor Capital Partners, LLC and its Affiliates and Credit Suisse's First Request for Production of Documents to CrossHarbor Capital Partners, LLC and its Affiliates are attached hereto as Exhibit A. A copy of Credit Suisse's subpoenas, deposition notices and document requests to Debtors, the Ad Hoc Committee of Yellowstone Club Members, Edra Blixseth, and Discovery Land Company LLC, are attached hereto as Exhibits B-E, respectively. On Thursday, December 4, 2008 at 3:30 p.m., the parties had a telephonic conference to attempt to narrow the issues in dispute. Credit Suisse refused to narrow its requests in any way. Thereafter, CrossHarbor, the Ad Hoc Committee of Yellowstone Club Members and Discovery Land Company, LLC timely filed their written objections to Credit Suisse's discovery, copies of which are attached hereto as Exhibits F-H, respectively. Each of the respective 30(b)(6) notices of deposition contains 17 broadly-worded "topics for deposition" and each of the document

---

[1] Credit Suisse initially forwarded its discovery requests by electronic mail on that day. Service on CrossHarbor's registered agent was made on December 1, 2008.

3

requests contains 25 paragraphs of definitions and instructions and 17 broadly-described categories of documents.

Credit Suisse noticed one deposition to take place at 10 a.m. on Friday, December 5 in Billings, Montana; one at 10 a.m. on Saturday, December 6 in Boston, Massachusetts; and three to take place at 10 a.m. on Sunday, December 7, 2008, one in Los Angeles, California and two others in Wilmington, Delaware. A revised deposition schedule provided by Credit Suisse is attached hereto as Exhibit I. Credit Suisse sought responsive documents to all of its requests by Wednesday, December 3 at 6 p.m.

CrossHarbor seeks the Court's guidance whether it intended, under the circumstances, for Credit Suisse to engage in discovery prior to the Final Hearing on the DIP Financing Motion. Pursuant to Rule 9014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Montana:

> Upon the request of any party, the Court, in its discretion, will determine whether the provisions of F.R.B.P. 7016, 7026, 9019 and any other rules should apply to any contested matter, given the facts and the issues alleged in such matter.

The Court has already held an evidentiary hearing, made extensive findings of fact and issued a 17-page Memorandum of Decision. At the evidentiary hearing, as author of the competing financing proposal, Credit Suisse took full advantage of its opportunity to actively and vigorously oppose the DIP Financing Motion, cross-examining witnesses and making closing arguments to the Court. The Court acknowledged and addressed Credit Suisse's arguments prior to granting the DIP Financing Motion. The Court ordered that the Debtors mail copies of the Memorandum of Decision to "to all parties in interest," and required such parties to file objections by Tuesday, December 9, less than two weeks from the date of the Memorandum of Decision.

4

In light of the Debtors' dire and immediate need for cash to finance its ongoing operations, it is absolutely imperative that the Final Hearing not be delayed, and for that reason, CrossHarbor would oppose any extension to the date of the hearing. To that extent, CrossHarbor is willing to endeavor to furnish on an expedited basis any documents and testimony this Court deems reasonably necessary in the limited time available, but Credit Suisse appears unwilling to narrow the scope of its demands.

If the Court's intent was to permit Credit Suisse discovery prior to the Final Hearing, CrossHarbor requests, pursuant to Rule 45 of the Fed.R.Civ.P., that the Court limit such discovery to reasonable and reciprocal discovery between the Debtor and Credit Suisse, and any additional and non-duplicative discovery from others that the Court determines is necessary and feasible under the circumstances to resolve the motion. Rule 45 provides, in relevant part:

**(c) Protecting a Person Subject to a Subpoena**

(1)     *Avoiding Undue Burden or Expense; Sanctions* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

(2)     *Command to Produce Material or Permit Inspection*

(B)     Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)     At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii)      These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)      *Quashing or Modifying a Subpoena*

(A)      When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i)      fails to allow a reasonable time to comply;

(iv)      subjects a person to undue burden.

The proposed discovery sought by Credit Suisse is overbroad, unnecessary, unduly burdensome and duplicative in light of the procedural posture and the facts and issues in this matter. It unreasonably seeks to take depositions at multiple locations throughout the country (Billings, Montana; Wilmington, Delaware; Los Angeles, California; and Boston, Massachusetts) over a period of three days, two of which are weekend days, including one instance of taking three separate depositions on the same weekend day at the same time in two different locations. The proposed deposition of CrossHarbor is duplicative and unnecessary. Credit Suisse has already had the opportunity to question Sam Byrne at the November 25 hearing on all, or substantially all, of the subject matter pertinent to resolution of the motion for DIP financing. Despite discussions between counsel, Credit Suisse has refused to limit the scope of the deposition to any additional subjects that it contends were not covered at the hearing and that are pertinent to the financing proposal approved by the Court. That proposal was created entirely in one day, the day of the hearing, between 9 a.m. and 3 p.m. Yet Credit Suisse has proposed 17 topics of deposition and categories of documents to be produced that are in no way limited in time and most, if not all, of which appear wholly unrelated to the DIP Loan. Instead, many of these topics appear to deal with such irrelevant matters as the pre-petition dealings and

6

relationships of CrossHarbor with various parties and matters relating to the filing of bankruptcy cases. See, e.g., In re Graphic Arts, Lithographers, Inc., 71 B.R. 774, 15 B.C.D. 1039 (9th Cir. B.A.P. 1987). Despite multiple requests, Credit Suisse has refused to explain the relevance of these topics to the DIP Financing Motion or to consider narrowing any of its demands.

Further, the proposed discovery is duplicative, asking the Debtor and each of the four other individuals or entities, including CrossHarbor, to needlessly produce copies of the same documents. The Debtor has already agreed to produce three deponents for deposition and is working to respond to Credit Suisse's document requests on an expedited basis. Rule 45(c)(1) requires a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Yet, Credit Suisse seeks to have all five responding parties undertake the burden and expense of responding to cumulative document requests on an expedited basis.

The tremendous cost in both time and expense of the sweeping scope of the proposed discovery sought by Credit Suisse is not justified under the circumstances and would impose an unnecessary and undue burden on not only the entities on which discovery was served, but the bankruptcy estate itself.

**WHEREFORE**, CrossHarbor respectfully requests that this Court conduct a telephonic hearing on an expedited basis and determine what, if any, discovery is appropriate under the circumstances and grant CrossHarbor such other and further relief as this Court deems just and proper.

7

CrossHarbor Capital Partners, LLC and
CIP Yellowstone Lending LLC

By their attorneys

_____/s/ Benjamin P. Hursh_____
Benjamin P. Hursh
CROWLEY, HAUGHEY, HANSON, TOOLE &
DIETRICH P.L.L.P.
305 South 4th Street, Suite 100
P. O. Box 7099
Missoula, MT 59807
Telephone:     406.523.3623
Email:          bhursh@crowley.com
        and
Paul Moore, Esq.
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone:     857.488.4200
Email:          pdmoore@duanemorris.com

***Admitted Pro Hac Vice***

DATED:       December 4, 2008

8