Daniel P. McKay
Office of the United States Trustee
Liberty Center, Suite 204
301 Central Avenue
Great Falls, MT 59401
Phone: (406) 761-8777
Fax: (406) 761-8895
e-mail: dan.p.mckay@usdoj.gov
State Bar I.D. No. 2422
(Attorney for the United States Trustee)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| YELLOWSTONE MOUNTAIN CLUB, LLC, et al., | ) | Case No. 08-61570-11 |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **NOTICE OF HEARING** |
| | ) | **Date: February 10, 2009** |
| | ) | **Time: 9:00 a.m.** |
| | ) | **Location: U.S. Courthouse,** |
| | ) | **400 N. Main St., Butte, MT** |

OBJECTION TO APPLICATION FOR PROFESSIONAL FEES OF LOCAL COUNSEL
FOR OVERSECURED CREDITOR

Acting United States Trustee Robert D. Miller Jr., through his undersigned attorney, Daniel P. McKay, hereby objects to The Application for Professional Fees of Local Counsel for Oversecured Creditor (hereinafter "Application") filed by Holland & Hart, LLP, local counsel for creditor Credit Suisse. This objection is made upon the following grounds:

1. The Application states, at paragraph 3, that it is being made pursuant to the Interim Order entered by this Court on November 13, 2008. Under that Order the Debtors-In-Possession became obligated to pay certain fees of Credit Suisse out of the proceeds of the post-petition loan from Credit Suisse to the Debtors. The operative terms of the Debtors' obligations are spelled out in the "DIP Term Sheet" incorporated in the Interim Order. First, the DIP Term Sheet defines the "DIP Facility" as "[a] superpriority debtor-in-possession term loan facility in an aggregate principal amount of up to $4,450,000 (the *"DIP Facility"*)". Then, under a section

1 headed "Purpose" the DIP Term Sheet states in part "[t]he loans under the DIP Facility will be used to pay .... (iii) fees, costs and expenses **relating to the DIP Facility**, including those of Agent and Lenders and their counsel and financial advisor..." (emphasis added).  Therefore, it appears clear that the Debtors' obligations to pay the fees of Credit Suisse's attorneys is limited to fees incurred in connection with the $4,450,000 loan approved in the Interim Order and does not extend to any additional proposed financing.

2. The fees sought in the Application include fees for services that are outside of the scope of those provided for in the Interim Order and the DIP Term Sheet.  The Interim Order was entered on November 13, 2008.  The majority of the entries in the itemization attached to the Application are for services performed after November 13th.  Most of those entries appear to be for work performed in negotiating and preparing documents for an additional loan from Credit Suisse to the Debtors.  Needless to say, that subsequent loan was not the subject of a motion for approval.

3. The only objection to final approval of the $4,450,000 loan that was the subject of the Interim Order was filed by the Ad Hoc Committee of Yellowstone Club Members.  There is one reference to the Committee's objection in the itemization attached to the Application in the entry for 11/21/08 which states simply "review objection of ad hoc committee".  That entry is lumped in with other activities  Other than that one reference, it appears that Holland & Hart's activities after November 13th were in connection with an additional DIP financing proposal that never came to fruition.  If any significant amount of time was spent dealing with the Committee objection, it cannot be discerned from a review of the Applicant.  The burden of proof is on the applicant to provide sufficient detail to show that any fees incurred in connection with the objection are reasonable and necessary.

4. If Credit Suisse indeed is an oversecured creditor with regard to its prepetition secured claims, some of the fees to which this objection is directed legitimately may be a part of its claim pursuant to 11 U.S.C. § 506(b).  However, that issue is not before the Court in connection with

2

the Application. The Application explicitly states that it is filed pursuant to the Interim Order "for the fees associated with DIP financing negotiation, documentation, approval and administration." The DIP Term Sheet limits those fees to fees incurred in connection with the initial $4,450,000 loan. To the extent that the fees requested by Holland & Hart, LLP are outside the scope of that limitation, the Application must be denied.

WHEREFORE, the United States Trustee objects to the Application for Professional Fees of Local Counsel for Oversecured Creditor filed by Holland & Hart, LLP.

DATED this 5th day of January, 2009.

Respectfully Submitted

ROBERT D. MILLER JR.
Acting United States Trustee

/s/ Daniel P. McKay
DANIEL P. McKAY
Attorney for United States Trustee