James A. Patten(1191)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN P.L.L.C.**
2817 2nd Avenue North, Ste. 300
Billings, MT 59101
Telephone (406) 252-8500
Facsimile (406) 294-9500
E-mail:japatten@ppbglaw.com

Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 08-61570 |
| YELLOWSTONE MOUNTAIN ) | |
| CLUB, LLC, et al., ) | |
| ) | **JOINTLY ADMINISTERED** |
| Debtors. ) | |

### DEBTORS' NOTICE OF LODGING ORDER APPROVING
### THE INCREASED DIP LOAN

The above-named Debtors, YELLOWSTONE MOUNTAIN CLUB, LLC, et al, by and through their attorney James A. Patten hereby gives notice that the attached proposed order approving the Motion for Increased DIP loan [docket no. 211] is lodged with the Court.

DATED this 9th day of January, 2009.

By /s/ JA Patten
James A. Patten
PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC
2817 2nd Avenue North, Suite 300
Billings, MT 59101
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE: | ) | **Case No. 08-61570** |
| | ) | |
| YELLOWSTONE MOUNTAIN CLUB, LLC, | ) | Jointly Administered with: |
| | ) | |
| Debtor. | ) | |
| | ) | |
| IN RE: | ) | Case No. 08-61571 |
| | ) | |
| YELLOWSTONE DEVELOPMENT, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| BIG SKY RIDGE, LLC, | ) | Case No. 08-61572 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| YELLOWSTONE CLUB CONSTRUCTION COMPANY, LLC, | ) | Case No. 08-61573 |
| | ) | |
| Debtor. | ) | |

**ORDER**

AT BUTTE, MONTANA IN SAID DISTRICT THIS _____ DAY OF JANUARY, 2009

This Court has considered the motion of Yellowstone Mountain Club LLC, Yellowstone Development LLC, Big Sky Ridge LLC, and Yellowstone Club Construction Company LLC for an increase in the amount of its debtor in possession loan with CIP Yellowstone Lenders, ("Increased DIP Loan") previously approved by this Court on December 17, 2008 ("Final

Order") [Docket No. 182], this Court now adopting the findings and conclusions of the Final Order and Memorandum of Decision [Docket No. 181]:

IT IS ORDERED:

1. Findings Regarding the Increased DIP Loan.

   (a) Good cause has been shown for the entry of this Order.

   (b) The Debtors have an immediate and continuing need to obtain the increase of the DIP Loan and use the Prepetition Collateral,[1] including the cash collateral, and the proceeds of the Increased DIP Loan, subject to and in accordance with the additional amounts stated, the DIP Term Sheet, for the purposes and on the terms and conditions set forth in the DIP Term Sheet and in the Motion for Increase Post-Petition Financing, all in order to permit, among those matters set out in the Final Order, the additional costs of the Debtors' legal and professional fees, the Unsecured Creditors Committee professional fees, the costs of maintaining and preserving the Farcheville Chateau, the costs of recording a mortgage on the Farcheville Chateau, interest payable to the DIP Lenders on account of the Increased DIP Loan and the fees and expenses of the DIP Lenders in connection with the DIP Loan.

   (c) The Debtors are unable to obtaining financing on more favorable terms from sources other than the DIP Lenders under the DIP Financing Documents and are unable to obtain adequate unsecured credit allowable under § 503(b)(1) of the Bankruptcy Code as an administrative expense or unsecured credit without the enhanced priority afforded by § 364(c)(1) of the Bankruptcy Code. The Debtors are also unable to obtain secured credit allowable under §§ 364(c)(1), 364(c)(2) and 364(3) of the Bankruptcy Code without the Debtors granting to the DIP

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Final Order and the DIP Term Sheet.

Lenders the DIP Liens and the Superpriority Claims, subject to the Carve-Out, under the terms and conditions set forth in this Order and in the DIP Term Sheet.

    (d)  The terms of the DIP Term Sheet and the use of Cash Collateral, specifically including the additional amounts to be borrowed, are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

    (e)  The Court previously issued and entered its Memorandum of Decision dated November 26, 2008 ("Memorandum") [Docket No. 84] and its Interim Order dated November 26, 2008 ("Interim Order") [Docket No. 86] and all findings of fact and conclusions of law in the Memorandum and Interim Order are incorporated here by reference.

    (f)  The Court previously issued and entered its Memorandum of Decision dated December 17, 2008 [Docket No. 181] and the Final Order, and all findings and conclusions of law of the Memorandum and the Final Order are incorporated herein by this reference.

    3.  The terms and conditions of the Final order are preserved in all respects except The total amount to be borrowed by the Debtors is $23,200,000, including the following additional amounts authorized by this Order:

  a)  Farcheville Chateau deferred maintenance and operating costs: $1,500,000;

  b)  Legal/professional fees of Debtor: $900,000 (increased from $400,000);

  c)  Legal/professional fees of Unsecured Creditors Committee: $350,000;

  d)  Fees and expenses of Lender re Farcheville Chateau mortgage: $350,000;

  e)  DIP Lender Interest on Increased DIP Loan: $150,000; and

  f)  DIP Lender professional fees and expenses: $600,000.

The increased borrowing shall enjoy the same security, priority, and seniority as the money advanced pursuant to the Final Order. The DIP Lenders' rights with respect to the additional money advanced shall be the same as provided in the Final Order and shall not be diminished in any manner by this Order. Except as otherwise expressly provided herein, all terms, conditions, rights and obligations of the Debtors, the Prepetition Lenders, the DIP Lenders, and all other creditors and parties in interest shall be as set forth in the Final Order.

4. The Debtors shall use the proceeds of the Increased DIP Loan and the Cash Collateral solely as provided in this Order and in the DIP Term Sheet and DIP Financing Documents. Notwithstanding anything herein or in any other order by this Court to the contrary, no borrowings, letters of credit, Cash Collateral, Prepetition Collateral, Collateral or the Carve Out may be used to (a) object, contest or raise any defense to, the validity, perfection, priority, extent or enforceability or any DIP Obligations and DIP Liens, the terms and conditions of the DIP Term Sheet and the DIP Financing Documents, (b) assert any causes of action against the DIP Lender, or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors, (c) prevent, hinder or otherwise delay the DIP Lender's assertion, enforcement or realization on the Cash Collateral or the Collateral in accordance with the DIP Loan, the DIP Term Sheet, the DIP Financing Documents or this Order, or (d) seek to modify any of the rights granted to the DIP Lender, in each foregoing case without the DIP Lender's prior written consent. Notwithstanding anything herein or the DIP Term Sheet, the Debtors shall be authorized to withdraw funds from any collateral account established or maintained for purposes of funding the Increased DIP Loan advances to the Debtors only to fund expenses consistent with the DIP Term Sheet or DIP Financing Documents or to the extent of, and with, the DIP Lender's

express consent; and all funds in such account shall be deemed Collateral and under the control of the DIP Lender whether or not subject to any account control agreement in favor of the DIP Lender.

5.  Pursuant to this Order, the DIP Lenders shall be and shall be deemed to be without any further action or notice, named as an additional insured and, as applicable, loss payee/mortgagee on each insurance policy maintained by any of the Debtors which in any way relates to the Collateral.

**BY THE COURT**

_____
**HON. RALPH B. KIRSCHER**
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana