WILLIAM D. LAMDIN III
BENJAMIN P. HURSH
CROWLEY FLECK P.L.L.P.
305 SOUTH 4TH STREET EAST, SUITE 100
P.O. BOX 7099
MISSOULA, MT 59807-7099
TELEPHONE: (406) 523-3600
bhursh@crowleyfleck.com

PAUL D. MOORE
DUANE MORRIS, LLP
470 ATLANTIC AVENUE, SUITE 500
BOSTON, MA 02210-2600
TELEPHONE: 857-488-4230
FACSIMILE: 857-401-3057
PDMoore@duanemorris.com

Attorneys for CrossHarbor Capital Partners LLC

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re: | ) |
| | ) |
| **YELLOWSTONE MOUNTAIN** | ) |
| **CLUB, LLC,** | ) Case No.: **08-61570-11** |
| | ) |
| Debtor | ) Jointly Administered With: |
| | ) |
| In Re: | ) |
| | ) |
| **YELLOWSTONE DEVELOPMENT,** | ) Case No.: **08-61571-11** |
| **LLC,** | ) |
| | ) |
| Debtor | ) |
| | ) |
| In Re: | ) |
| | ) |
| **BIG SKY RIDGE, LLC,** | ) Case No.: **08-61572-11** |
| | ) |
| Debtor | ) |
| | ) |
| In Re: | ) |
| | ) |
| **YELLOWSTONE CLUB** | ) |
| **CONSTRUCTION COMPANY, LLC,** | ) Case No.: **08-61573-11** |

DM3\910871.1

|  | ) | **NOTICE OF PROPOSED** |
|---|---|---|
|  | ) | **HEARING DATE** |
|  | ) |  |
|  | ) | **Date:** February 10, 2009 |
|  | ) | **Time:** 9:00 a.m. |
|  | ) | **Location:** 400 North Main St., |
|  | ) | Butte, MT 59701 |
|  | ) |  |
| Debtor | ) |  |

## OBJECTION AND MOTION FOR RECONSIDERATION OF ORDER FOR 2004 EXAMINATION AND TO QUASH RELATED SUBPOENAS UNDER LOCAL RULE LOCAL RULE 9013-1(F)(2)(BB) & REQUEST COURT FIND GOOD CAUSE UNDER 9029(1)(a)(3) TO SET THIS MATTER FOR HEARING WITH LESS THAN 20 DAYS NOTICE AS REQUIRED UNDER 9013(1)(e), ON THE DATE PROPOSED ABOVE

Under 9013-1(f)(2) the party moving for reconsideration is required to request a hearing. Thus, CrossHarbor Capital Partners, LLC, for itself and its various affiliates requests (collectively, "CrossHarbor") a hearing for this matter be scheduled on the date proposed above, February 10, 2009 and good cause be found to exist for shortening the regularly required 20 day notice period for hearings. While ordinarily pursuant to Local Rule 9013(1)(e) an objecting party is required to set matters for hearing at least 20 days after the response and request for hearing, the issues presented herein involve the scope of a 2004 exam per the Court's January 20, 2009 Order, currently scheduled for, and for which subpoenas have been issued for February 16, 2009. As a result, it is necessary that this matter be heard prior to that date. The next regularly scheduled hearing date for Butte hearings is February 10, 2009. For this reason CrossHarbor requests Court find good cause to set this matter for hearing at that time as proposed above.

Pursuant to Local Rule 9013-1(f)(2)(BB), CrossHarbor moves this Court for reconsideration of its Order for Rule 2004 Exam, dated January 20, 2009 (Dkt. No. 289) (the

2

"2004 Order") and to quash various subpoenas subsequently served upon CrossHarbor, six or more designated affiliates of CrossHarbor and three or more individuals affiliated with CrossHarbor.

The 2004 Order was entered consistent with local practice prior to expiration of the response period, but subject to an interested parties right to object and request a hearing under the local rules. Prior to submission of Credit Suisse's Motion, CrossHarbor made extensive efforts to accommodate Credit Suisse's discovery demands, while at the same time trying to avoid unnecessary imposition on this Court, and undue burden and expense to CrossHarbor and the Debtors' estates, and, perhaps more importantly, impairing the Debtors' and CrossHarbor's efforts to formulate a plan of reorganization prior to the existing deadline of February 13, 2009. As more particularly described below, during the course of extensive negotiations with Credit Suisse relating to this Court's prior December 10, 2008 order allowing expedited discovery (Dkt. No. 152), CrossHarbor proferred a wide range of discovery and document production intended to permit Credit Suisse virtually unlimited discovery with respect to the allegations this Court found in its December 17, 2008 Memorandum of Decision (Dkt. No. 181) "baseless" and as to which "Credit Suisse has offered not one iota of proof" Id. at 23. By this motion, CrossHarbor merely requests that the 2004 Order be similarly limited

## BACKGROUND

Credit Suisse has taken a combative approach towards CrossHarbor and others from the outset of this case. This approach is evident in the way in which Credit Suisse has taken and steadfastly maintained positions and is most evident in its demands for discovery from CrossHarbor. Indeed, when the parties met in New York City on November 18, 2008, in an effort to attempt to resolve matters consensually, after the entry of this Court's interim order on

Credit Suisse's three week DIP Loan, Credit Suisse handed CrossHarbor an "informal" discovery request. When asked the purpose of such a request when no related matter, contested or otherwise, was pending and the parties were endeavoring to pursue matters amicably, Credit Suisse stated that the discovery was necessary in the event CrossHarbor chose to pursue offering a DIP loan over Credit Suisse's objection. At the same time, Credit Suisse apparently took a similar approach with the Debtors, advising Ms. Blixseth that it would "throw all their resources from Skadden to fight" the Debtors and implement "scorched earth" tactics in the event the Debtors pursued DIP financing with another entity. See **Exhibit A.**, Blixseth Depo. Transcript at 73-74.

Thereafter, on November 26, 2008, this Court issued its Memorandum of Decision in which it granted the Debtors' motion for an interim order approving the DIP post-petition financing with CrossHarbor ("the DIP Motion"). Prior to the Final Hearing on the DIP Motion, Credit Suisse served broad, burdensome and cumulative discovery on CrossHarbor, the Debtors, the Ad Hoc Committee of Yellowstone Club Members, Edra Blixseth, and Discovery Land Company LLC on the issue of whether or not CrossHarbor was a proper postpetition lender. A copy of Credit Suisse's subpoena, Notice of Videotaped Deposition of CrossHarbor Capital Partners, LLC and its Affiliates and Credit Suisse's First Request for Production of Documents to CrossHarbor Capital Partners, LLC and its Affiliates are attached hereto as **Exhibit B**. CrossHarbor, in its Motion for a Telephonic Hearing (Dkt. No. 122), sought this Court's guidance on the appropriate scope of discovery. At the telephonic hearing, the Court denied Credit Suisse's request for further discovery from CrossHarbor on the issue of whether CrossHarbor was an appropriate postpetition lender, but permitted consensual discovery to go forward from some of the other parties, including Edra Blixseth.

4

At her ensuing deposition, Ms. Blixseth testified about conversations she had with Credit Suisse concerning the possibility of CrossHarbor or another third party providing the postpetition funding. **Ex. A** at 73-74. She testified:

> They just said that they would not be happy and that if I made the choice to consider someone else's DIP, this was before the first hearing, that they would not be happy and that – I hate saying it because it sounds negative but they would basically throw all their resources from Skadden to fight me on it.

**Ex. A** at 74. The testimony continued:

> Q. Did they mention the words "scorched earth"?
> A. Yes.
> Q. How many times did the mention those words?
> A. I don't recall. Enough that I listened.

**Ex. A** at 74.

Prior to the Final Hearing on the DIP Financing on December 12, 2008, Credit Suisse renewed its motion for discovery. **Exhibit C**, "Renewed Emergency Motion of Prepetition Lenders Pursuant to Bankruptcy Rules 7026 and 9014 and Local Rule 9014-1 Authorizing Prepetition Lenders to Seek Expedited Discovery and Notice." (Dkt. No. 149) In that motion, Credit Suisse again sought "authority to conduct emergency discovery of CrossHarbor and Discovery Land Company to ascertain the nature and scope of the prepetition insider relationships which affect whether or not CrossHarbor is a proper postpetition lender." **Ex. C** at ¶ 10. This Court's Order on that motion allowed Credit Suisse some discovery on that issue:

> . . . for the purpose of ascertaining the nature and scope of the alleged prepetition insider relationships which may affect whether or not CrossHarbor Capital Partners, or its affiliates, is a proper postpetition lender. Said discovery will include production by either CrossHarbor Capital Partners or Discovery Land Company: (1) the memorandum of understanding between the Debtors and Discovery Land Company referenced on page 4 of the Agent Motion; and (2) the written agreement formulated by Edra Blixseth, CrossHarbor Capital Partners and Discovery Land Company concerning 'an overall global plan' to restructure and recapitalize the Debtors . . . referenced in paragraph 15 of the Agent's Motion.

5

Court Order at ¶ 2, dated December 10, 2008 (Dkt. No. 152).

CrossHarbor immediately provided Credit Suisse the materials ordered by the Court. On December 17, 2008, after a hearing, the Court entered a final order approving the DIP Financing by CrossHarbor (and concluding that CrossHarbor was an appropriate postpetition lender), which order Credit Suisse has appealed.

Shortly thereafter, Credit Suisse reissued identical discovery requests to CrossHarbor and nine other affiliated entities and individuals affiliated with CrossHarbor. **Exhibit D**, "Credit Suisse's Amended Request for Production of Documents to CrossHarbor Capital Partners, LLC and its Affiliates Pursuant to Order Granting Motion of Prepetition Lenders Pursuant to Bankruptcy Rules 7026 and 9014 and Local Rule 9014-1 Authorizing Prepetition Lenders to Conduct Expedited Discovery." Credit Suisse's discovery requests purported to be based on the Court's prior order allowing discovery on the issue of whether CrossHarbor was an appropriate postpetition lender. **Ex. D**. While the last few document requests and topics for deposition differed, the first 10 categories were substantially identical to those previously requested by Credit Suisse prior to the Court's final order. Compare **Ex. B** and **Ex. D**.

In a letter from Paul Moore to Mark Chehi dated December 23, 2008, CrossHarbor responded by pointing out that the Court had already issued a final order on that issue, and there was no longer a pending contested matter or adversary proceeding pursuant to which such discovery was either relevant or appropriate. **Exhibit E**. Nevertheless, CrossHarbor expressed its willingness to work with Credit Suisse to provide reasonable discovery on whatever issues Credit Suisse wanted to explore. **Ex. E.** Over the next several weeks, in letters and lengthy telephone calls, CrossHarbor earnestly worked to reach a resolution accommodating Credit Suisse's request for discovery with CrossHarbor's interest in keeping the burden imposed upon it

6

as manageable as possible. Throughout these discussions, Credit Suisse steadfastly refused to meaningfully limit its broad and burdensome requests in any meaningful way.

Specifically, on January 15, 2009, CrossHarbor agreed to provide Credit Suisse with virtually all of the discovery it sought, including responses to 14 document requests and the depositions of Samuel Byrne, Joseph Harris and Matthew Kidd on 13 topics. **Ex. F.** Included with the January 15, 2009 correspondence was a copy of previous correspondence dated January 6, 2009 explaining both the proposed changes and the basis for the changes. The limitations proposed were few and the reasons therefor were explained in the letter. **Ex. F.** The entirety of the changes sought by CrossHarbor are set forth in a redline version of Credit Suisse's document requests and topics for deposition that are attached to the January 6, 2009 letter and contained in **Ex. F.** For example, to reduce the inherent burden in searching the records of each of the 10 CrossHarbor parties for each of the types of documents requested, CrossHarbor proposed that the time frame be shortened to the period from May 9, 2008 -- the date the Ad Hoc Committee was formed and some 60 days before Ms. Blixseth took control of the Club -- through November 26th, the date of the interim hearing on CrossHarbor's DIP financing. **Ex. F.** Under Credit Suisse's original requests, Credit Suisse had defined the time period as January 1, 2007 through the present. There is no basis for requesting or allowing discovery of a third-party subject to a 2004 exam for a period pre-dating the Debtor's petition date in excess of 18 months.

Similarly, Cross Harbor proposed that the CrossHarbor Parties provide all of the documents, agreements and communications between or among any of them and any of the Debtors, the Yellowstone Club Parties, Discovery Land, Edra Blixseth, the Blixseth Group Parties, Tim Blixseth, the TB Parties, the Member Committee and any member thereof, the Executive Committee and Chris Wright – but not internal CrossHarbor communications not

7

sent or addressed to the parties other than CrossHarbor and its affiliates. **Ex. F**. This modest limitation would provide Credit Suisse with all meaningfully responsive documents by means of a simple search of the "to" line of e-mails and substantially reduce the time and cost of review and production involved in responding to an unlimited request. Credit Suisse insisted that each of the CrossHarbor Parties also undertake a search for all such internal CrossHarbor documents. **Ex. F**

On January 15, 2009, Credit Suisse's response to CrossHarbor's proposed compromise was to further expand its requests. Credit Suisse demanded that CrossHarbor agree to an additional six categories of documents and topics for deposition that were not included in the discovery requests it served on CrossHarbor and, if CrossHarbor would not agree by the following day, Credit Suisse announced its intention to file an Application for a Bankruptcy Rule 2004 Examination without any limitations and with the additional requests. **Exhibits G and H**, Emails from Mark Chehi to Michael Gottfried and others. Shortly thereafter, Credit Suisse filed the Motion for Rule 2004 Examinations that was approved by the Court on January 20, 2009 **Exhibit I**, Amended Motion for Rule 2004 Examinations. (Dkt. No. 289)

## REQUEST FOR RELIEF

Pursuant to Local Rule 9013-1(f)(2)(BB),[1] CrossHarbor respectfully seeks reconsideration of the 2004 Order. While reluctant to invoke the remedy of reconsideration and impose upon this Court to address discovery issues, CrossHarbor has endeavored to resolve these matters consensually and to submit to wide-ranging discovery that meets if not exceeds any of Credit Suisse's needs, without imposing undue burden and expense, as well as delay and disruption of CrossHarbor's and the Debtors' efforts to formulate and propose a plan of reorganization prior to February 13, 2009.

CrossHarbor recognizes the scope of Rule 2004, as interpreted by any number of courts is broad, but it is not boundless.

> [a]lthough the scope of the examination permitted under Bankruptcy Rule 2004 is broad it is not without limits. The examination of a witness as to matters having no relationship to the debtor's affairs or no effect on the administration of his estate is improper.

---

[1] Local Rule 9013-1(f)(2)(BB) provides as follows:

(f) **Exception for Specific Matters.**

(2) **Matters that the Court will routinely grant or deny with right to Request Hearing.** The following matters will be routinely granted or denied, without notice or hearing, in the Court's discretion, with any party in interest having the right to object, request a hearing and schedule a hearing to reconsider the issuance of any Order within ten (10) days of the date of the Order: (A) Employment of Professionals; (B) Change of Venue; (C) Compelling Turnover of Property by the Trustee; (D) Dismissal for Failure to Pay Filing Fee; (E) Extending Time to File Dischargeability Complaint; (F) Extending Time to Pay Filing Fee; (G) Extending Time to Object to Discharge; (H) Redemption of Property; (I) Substitution of an Attorney; (J) Amending Schedules, or Statement of Financial affairs; (K) Motion to Appear *pro hac vice*; (L) Reaffirmation Agreements (when signed by debtor and attorney); (M) Continuance/Rescheduling of Hearing; (N) Debtor's Motion to Convert from Chapter 11, 12, or 13 to Chapter 7; (O) Debtor's Motion to Dismiss from Chapter 11, 12, or 13; (P) Deposit Funds into Court Registry; (Q) Entry of Default; (R) Expediting Hearing; (S) Extending Time to File Proofs of Claim; (T) Participation in ASCS Program; (U) Pay Filing Fees in Installments; (V) Recusal of Judge; (W) Reopening Chapter 7, 11, 12, or 13 Case; (X) Rescission of Reaffirmation Agreement; (Y) Establish Last Date to File Proofs of Claim; (Z) Conduct Appraisal by Creditor of Debtor's Property; (AA) Withdrawal of Trustee's No Distribution Report; (BB) **Examination Of Debtor/Entity**; (CC) Establish Bar Date; (DD) Leave to Appeal; and (EE) Stay Pending Appeal

(Emphasis Added.)

9

In re Wilcher, 56, B.R. 428, 433 (Bankr. N.D. Ill. 1985), citing In re Johns-Manville Corp., 42, B.R. 362, 364 (S.D.N.Y. 1984). See also In re Flynn 3 Mont. B.R. 22, 23 (1986), ("In short, Rule 2004 allows a broad ground for examination of the Debtor, but only in matters directly relating to the bankruptcy petition."). With respect to third party witnesses such as CrossHarbor and the numerous affiliates Credit Suisse seeks to examine and to produce voluminous documents:

> Although Rule 2004 permits examination of "third parties" the language of the rule makes it "evident that an examination may be had only of those persons possessing knowledge of a debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy". It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation or a non-debtor's private business affairs.

Wilcher, 56 B.R. at 434, quoting In re GHR Energy Corp., 35 B.R. 534, 537 (Bankr. D. Mass. 1983). Likewise, "[s]uch an examination... cannot be 'used for purposes of abuse or harassment' and it 'cannot stray into matters which are not relevant to the basic inquiry.'" In re W&S Investments, Inc., 985 F.2d 577 (9th Cir. 1993), 1993 WL 18272, quoting In re Table Talk, 51 B.R. 143, 145 (Bankr. D. Mass 1985) (quoting In re Mittco, Inc., 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984)).

CrossHarbor's efforts to accommodate Credit Suisse's requests were not undertaken arbitrarily and its proposed limitations fall within the parameters indentified by courts evaluating the permissible scope of a 2004 exam on a third-party. See Ex. F. As explained therein, CrossHarbor sought to work with Credit Suisse to strike a balance between providing documents it requested and preventing wholesale delving of Credit Suisse into CrossHarbor's private business affairs. Rather than agree or even discuss the limitations proposed by CrossHarbor, Credit Suisse steadfastly maintained its position. This pattern of insistence on the importance of examining Sam Byrne, Matt Kidd, and Joseph Harris does not recognize that Sam Byrne was

10

questioned at length at the November 25, 2008, hearing and testified on the very matters Credit Suisse now seeks discovery. Further, Matthew Kidd and Joseph Harris were identified as witnesses by Credit Suisse prior to the hearing on final approval of CrossHarbor's DIP loan. Both Kidd and Harris were present and available, but Credit Suisse elected not to call either witness. If in fact examination of Kidd and Harris were as essential to this case as Credit Suisse seems to insist, one would have expected examination of either or both would have been imperative at the hearing on final approval of CrossHarbor's DIP loan. Consideration of CrossHarbor's last proposal along with its previous efforts in conjunction with the authority cited herein, (that the scope of 2004 exam of a third-party is less expansive than a 2004 exam of a debtor) supports quashing the subpoena, or alternatively limiting production consistent with CrossHarbor's letter dated January 15, 2009, **Ex. F**

If the party sought to be examined moves to quash a Rule 2004 subpoena, the party seeking the examination must show that there is good cause for taking the requested discovery. Wilcher, 56, B.R. at 434, citing Freeman v. Seligson, 405 F.2d 1326, 1336 (D.C. Cir. 1968); In re Silverman, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984). The scope of the discovery sought by Credit Suisse is far beyond any rational view of: (1) what is appropriate in light of the pending and anticipated issues in these cases; and (2) what is necessary to address Credit Suisse's concerns with respect to discovering whether there are any "insider relationships, dealings and actions by CrossHarbor and others that may represent inappropriate manipulation of Edra Blixseth . . . and through her, the Debtors' reorganization process." **Ex. I** at ¶ 14

## CONCLUSION

CrossHarbor respectfully requests that this Court independently evaluate whether the broad and burdensome discovery insisted upon by Credit Suisse is necessary to meaningfully

11

explore Credit Suisse's stated concerns. CrossHarbor has nothing to hide, and it has demonstrated its willingness to work with Credit Suisse to balance their competing interests and come up with a plan for reasonable discovery. The modest limitations CrossHarbor has proposed would not meaningfully limit Credit Suisse's posited discovery. The limitations would significantly avoid or reduce some of the tremendous burden the Credit Suisse discovery would impose on the CrossHarbor Parties in responding, and prevent Credit Suisse from having unchecked access to its private business affairs. This limitation is consistent with the Rule (2004). Credit Suisse's refusal, without explanation, to accept any reasonable limitations on its discovery and document production is in the absence of a showing of good cause or other explanation, consistent with its previous threats of a "scorched earth" strategy designed to punish CrossHarbor for offering alternative DIP Financing.

The broad scope of discovery sought by Credit Suisse will interfere with CrossHarbor's ability to focus its efforts on working with the Debtors and other parties in interest on formulating a reorganization plan, particularly in light of the February 13 filing deadline for such a plan, and the March 30 deadline for court approval of that plan. CrossHarbor is also mindful of the expense that the bankruptcy estate will bear with respect to the fees and expenses both CrossHarbor and Credit Suisse will incur in any such protracted discovery and document production. Such a result, while consistent with the previous threat made to the debtor, is not consistent with the overall purpose or spirit of a Chapter 11 proceeeding.

Finally, Credit Suisse's proposed discovery is duplicative, asking CrossHarbor and each of the nine CrossHarbor Parties to needlessly produce copies of the same documents. It also seeks to force the CrossHarbor Parties to greatly expand the scope of the documents they must

search, solely to produce copies of the same documents Credit Suisse will presumably be receiving directly from other parties.

**WHEREFORE**, CrossHarbor respectfully requests that this Court limit Credit Suisse's discovery to the scope set forth in the redlined versions of Credit Suisse's topics for deposition and requests for documents attached as **Exhibit F** to this motion, and to grant CrossHarbor such other and further relief as this Court deems just and proper.

DATED: January 26, 2009

> CrossHarbor Capital Partners, LLC and
> the CrossHarbor Parties
>
> By their attorneys
>
> /s/ Benjamin P. Hursh
> Benjamin P. Hursh (7048)
> CROWLEY, HAUGHEY, HANSON, TOOLE &
> DIETRICH P.L.L.P.
> 305 South 4th Street, Suite 100
> P.O. Box 7099
> Missoula, MT 59807
> Telephone: 406.523.3623
> Email: bhursh@crowley.com
>
> and
>
> Paul Moore, Esq. (B.B.O. No.: 353100)
> DUANE MORRIS LLP
> 470 Atlantic Avenue, Suite 500
> Boston, MA 02210
> Telephone: 857.488.4200
> Email: pdmoore@duanemorris.com
> *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that, the foregoing **Motion for Reconsideration, to Quash and Set for Hearing** was electronically filed with the Court and that the same was served by ECF transmission to the parties entitled to receive electronic notification from the Bankruptcy Court's ECF system.

CROWLEY FLECK P.L.L.P.

By /s/ Benjamin P. Hursh
Benjamin P. Hursh
P.O. Box 7099
Missoula, MT 59807-7099