James A. Patten(1191)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN P.L.L.C.**
2817 2nd Avenue North, Ste. 300
Billings, MT 59101
Telephone (406) 252-8500
Facsimile (406) 294-9500
E-mail:japatten@ppbglaw.com

Lawrence R Ream, WSBA #18159
Richard G. Birinyi, WSBA #9212
**BULLIVANT HOUSER BAILEY PC**
1601 5th Ave Ste 2300
Seattle, WA 98101-1618
Telephone: 206-292-8930
Fax: 206-521-6511
rick.birinyi@bullivant.com
larry.ream@bullivant.com

Attorneys for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| IN RE: | ) | Case No. 08-61570 |
|---|---|---|
| YELLOWSTONE MOUNTAIN CLUB, LLC, et al., | ) ) ) | JOINTLY ADMINISTERED |
| Debtors. | ) ) ) ) | |

**OBJECTION OF YELLOWSTONE MOUNTAIN CLUB ET AL. TO THE CREDIT SUISSE EMERGENCY MOTION COMPELLING IMMEDIATE COMMENCEMENT OF MARKETING PROCESS**

YELLOWSTONE MOUNTAIN CLUB, LLC, et al., Debtors and Debtors in Possession, object to the Emergency Motion of Prepetition Lenders for Order Compelling Immediate Commencement of Marketing Process [Docket # 311] upon the following grounds:

1

## THE MOTION WILL BE MOOT

1. The Debtors expect to file an application for the employment of CB Richard Ellis prior to February 10, 2009. CB Richard Ellis is to act as a broker to market the Debtors' core business in conjunction with and as part of a robust marketing process leading to the Court's consideration of the confirmation of a proposed Chapter 11 Plan sale. (The Plan has not yet been filed.)

2. As the Debtors' Motion for Approval of Bidding and Solicitation Procedures [Docket # 323] sets out, a plan of reorganization acceptable to Cross Harbor Capital Partners is being drafted and will be filed on or before February 13, 2009 in accordance with the debtor-in-possession loan benchmarks. The Motion for Approval of Bidding and Solicitation Procedures, if approved, will allow a meaningful marketing period to test alternative sources of capital for a purchase of the equity. Cross Harbor has agreed to extend the benchmark deadline for confirmation of a Chapter 11 Plan until April 30, 2009 in order to permit a meaningful marketing period. The Debtors have negotiated an equity sale to an affiliate of Cross Harbor ("Purchaser") pursuant to which the Purchaser has agreed to purchase 100% of the equity interest of the Reorganized Debtor for a total purchase price of $100,000,000 plus the Purchaser will commit a substantial equity investment to assure success and future viability of the Yellowstone Club. The Debtors intend that the marketing process will solicit offers in the nature of the proposed purchase with the ultimate goal being a robust auction, prior to confirmation, between the competing parties.

3. If an application to employ CB Richard Ellis is filed, the Credit

Suisse Motion to Compel Marketing will be moot.

## DEBTORS ENTITLED TO USE THEIR BUSINESS JUDGMENT

4. The Debtors concur with Credit Suisse that they have a fiduciary duty to proceed with a marketing process that maximizes value (see paragraph 31 of Credit Suisse motion) but dispute the Credit Suisse suggestion that they have not or will not meet that fiduciary duty. Debtors may exercise their business judgment in meeting that duty. Deference should be given to the debtor-in-possession's business judgment. *In re WPRV-TV Inc.*, 143 B.R. 315, 319 (D.P.R. 1991), vacated on other grounds, 165 B.R.1 (D. RP.R. 1992); *In re Thinking Machs. Corp.*, 182 B.R. 365, 368 (D. Mass.1995); *In re By-Rite Distribution, Inc.*, 47 B.R. 660, 668 (Bankr. D. Utah 1985); *In re Bahalis*, 220 B.R. 525, 531 (Bankr. E.D. NY, 1998); *In re Pyschmetric Systems Inc.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007).

5. Here the Debtors propose a marketing period to follow the filing of a plan (as opposed to the apparent Credit Suisse request to engage in marketing before the filing of the plan). In view of their obligations under the debtor-in-possession financing with Cross Harbor and in particular as part of that the loan agreement that the proposed Chapter 11 Plan be acceptable to Cross Harbor, the Debtors believe the appropriate approach is to market the proposed plan with the Purchaser as a stalking horse. Through the additional time negotiated before the confirmation hearing, the Debtors, by the exercise of their business judgment, have established a 60 day time period between the filing of their plan and the deadline for bids during which to engage in marketing. The Debtors believe that this is a much more effective marketing plan than that demanded by Credit Suisse.

3

## FACTUAL DISPUTE

6. The general framework of the Debtors' obligations relative the filing and nature of the plan was set by Credit Suisse. Initially, the term sheet developed by Credit Suisse, which provided for DIP financing after the initial three week period, contained deadlines, denoted as "Milestones" in that term sheet required the Debtors to file a Chapter 11 Plan of reorganization acceptable to Credit Suisse before February 13, 2009 and that on or before March 31, 2009, the plan was to be confirmed. As the Court may recall, Credit Suisse was unable to fund this term sheet which resulted in the Cross Harbor financing utilizing a term sheet containing nearly identical language and containing the same plan filing and confirmation deadlines.

7. Once this Court issued its final order approving the Cross Harbor DIP financing, the Debtor began negotiations with different brokers, deemed suitable by the Debtors. Negotiations occurred over the Christmas holidays and a suitable arrangement was made with CB Richard Ellis on or about January 8, 2009. A draft listing agreement was circulated to Cross Harbor, Credit Suisse, and the Official Committee. Cross Harbor expressed its concern that the marketing was premature and would be ineffective. After much discussion, the Debtors concurred that marketing would be more effective, less confusing, less chaotic, and more appropriate after the Chapter 11 Plan was filed.

8. As part of a marketing plan, the Debtors opened a "data room" in which information regarding the Yellowstone Clubs was made available to parties willing to sign confidentiality agreements. In addition, CRO Ron Greenspan concluded that value would be enhanced through a stalking horse, establishing a transparent sale/investor structure, and

4

obtaining advanced Court approval for a sale process.

9. The Debtors have informed Credit Suisse prior to the Credit Suisse Motion to Compel Marketing of their intentions with respect to the employment of a broker, the general structure of a plan, and of the Debtors' intent to obtain a procedural order outlining the sale process.

10. Any dispute Credit Suisse has with the process developed and adopted by the Debtors is simply a disagreement with the Debtors' exercise of their business judgment and an attempt to compel the Debtors to adopt and implement Credit Suisse's business judgment. The Debtors have endeavored to cooperate with Credit Suisse. For example, the Debtors have requested Credit Suisse to identify any information in the data room that is deficient, they have solicited and received Credit Suisse's comments on the non-disclosure agreement to be signed in order to enter the data room, and they have followed up with contacts on all interested parties identified by Credit Suisse.

11. That the Debtors do not comply with all of Credit Suisse's demands for a different, more confusing, more chaotic and less effective marketing approach does not mean the Debtors are violating any fiduciary obligation or purposefully frustrating marketing, but instead reflects the independent exercise of the Debtors' business judgment.

## CONCLUSION

For the foregoing reasons, YELLOWSTONE MOUNTAIN CLUB, LLC., et al., respectfully request this Court deny the Credit Suisse motion for an Order Compelling Immediate Commencement of Marketing.

DATED this 5th day of February, 2009.

        Lawrence R Ream
        Richard G. Birinyi
        BULLIVANT HOUSER BAILEY PC
        1601 5th Ave Ste 2300
        Seattle, WA 98101-1618

        James A. Patten
        PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC
        2817 2nd Avenue North, Suite 300
        Billings, MT 59101

        By /s/ James A. Patten
          James A. Patten
          Attorney for Debtors