J. THOMAS BECKETT (UTAH #5587)
DAVID P. BILLINGS (UTAH #11510)
**PARSONS BEHLE & LATIMER**
*Admitted Pro Hac Vice (Docket # 156)*
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Email: tbeckett@parsonsbehle.com
     dbillings@parsonsbehle.com

JAMES H. COSSITT (MONT. # 4773)
**JAMES H. COSSITT, PC**
40 – 2nd East Suite 202
Kalispell, MT 59901-6112
Telephone: (406) 752-5616
Email: jhc@cossittlaw.com

*Counsel to the Official Committee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| In re | Case No. 08-61570-11-RBK |
|---|---|
| **YELLOWCLUB MOUNTAIN CLUB, *et al.*,** | Jointly Administered with 08-61571, 08-6157 and 08-61573 |
| Debtors | Chapter 11 |

### COMMITTEE'S NOTICE OF CLAIM
### AGAINST CREDIT SUISSE, OBJECTION TO
### CLAIM OF CREDIT SUISSE AND MOTION
### FOR AUTHORIZATION TO FILE
### COMPLAINT AGAINST CREDIT SUISSE

The Official Committee of Unsecured Creditors (the "Committee") of Yellowstone Mountain Club, LLC ("YMC") and its debtor affiliates, Yellowstone Development, LLC ("YD"), Big Sky Ridge, LLC ("BSR") and Yellowstone Club Construction Company, LLC (collectively, the "Debtors"), by and through its undersigned counsel, hereby gives notice of

claims, makes its objection to claim, and moves this Court for an Order authorizing the Committee to file an action and prosecute the claims therein, and respectfully states:

## I.
## NOTICE OF CLAIM, OBJECTION TO
## CLAIM AND INITIATION OF
## <u>CONTESTED MATTER</u>

On behalf of all parties in interest, the Committee hereby gives notice, pursuant to that certain November 13, 2008 Interim Order Authorizing Debtors to Obtain Postpetition Financing provided by Credit Suisse, and otherwise, that it may assert the claims outlined in Exhibit "A" hereto against past and present officers and directors of the Debtors, does assert those claims against Credit Suisse, Cayman Islands Branch ("Credit Suisse"), and does, on those grounds and pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, and any other applicable Rule, object to the allowance of Credit Suisse's claims in these bankruptcy cases as well as the stipulations and admissions contained in such Interim Order, all without prejudice to arguing that such Order has no force or effect.

## II.
## COMMITTEE'S MOTION FOR
## <u>AUTHORIZATION TO FILE COMPLAINT.</u>

In its January 16, 2009 Memorandum of Decision ("Memorandum") and Order, this Court instructed the Committee to "conduct a full review of the causes of action belonging to the Debtors that are related to the Promissory Notes to determine how the Debtors' bankruptcy estates should best proceed to recover the divested proceeds of the Credit Suisse loan. . . ." Memorandum at page 13. [Docket No. 274.] Additionally, the Court authorized the Committee

to "undertake every effort to maximize the value of the Promissory Notes for the benefit of the bankruptcy estates. . . ." *Id.*

Having commenced its review and investigation, the Committee believes that its effort to maximize the value of the Promissory Notes must include asserting an array of causes of action, beyond those the Committee has already asserted against BGI and Ms. Blixseth. Some of those causes of action are described and set forth in the complaint that is attached hereto as Exhibit "A."

The Committee believes that this Court's Memorandum and Order authorized it, in exigent circumstances, to file the litigation against BGI and Ms. Blixseth that the Committee filed on February 2, 2009 seeking a temporary restraining order to preserve the assets of BGI from further erosion. The Committee is uncertain, however, whether this Court's Memorandum and Order authorized a more comprehensive action, such as contemplated by the complaint attached as Exhibit "A."

By this motion, the Committee is seeking this Court's further authorization to file and prosecute an action, in the form of Exhibit "A," on the same grounds that this Court relied upon in giving the Committee its prior authorization; namely, that it may be necessary to prosecute this litigation, but the Debtors are not the proper parties to do so as the litigation implicates the Debtors' former and present owners. *See In re Valley Park*, 217 B.R. 864, 866 (Bankr. D.Mont. 1998), quoting *Liberty Mutual Ins. Co. v. Official Unsecured Creditors Comm. of Spaulding Composites Co. (In re Spaulding Composites Co.)*, 207 B.R. 899, 903 (9th Cir. BAP 1997). *See also Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233, 247-48 (5th Cir.1988); *Unsecured Creditors Comm. of Debtor STN Enters., Inc. v. Noyes (In re STN Enters.)*, 779 F.2d

901, 904 (2d Cir. 1985); *Official Unsecured Creditors' Comm. v. Michaels* (*Matter of Marin Motor Oil, Inc.*), 689 F.2d 445, 453 (3d Cir. 1982); *In re First Capital Holdings Corp.*, 146 B.R. 7, 11 (Bankr. C.D.Cal. 1992)*; Canadian Pacific Forest Products Limited v. J.D. Irving, Ltd.,* 66 F.3d 1436 (6th Cir. 1995); *In re Valley Park,* 217 B.R. 864 (Bankr. D.Mont. 1998).

The Committee will continue the investigation that this Court authorized and directed it to undertake, and it may seek further authorization.

**WHEREFORE**, the Committee respectfully requests the entry of an order authorizing it to file a complaint in the form of the complaint attached as Exhibit "A" hereto and to prosecute the resulting causes of action, not for itself, but on behalf of and for the benefit of the Debtors, their estates, and the creditors of those estates.

Respectfully submitted this 11th day of February, 2009.

**PARSONS BEHLE & LATIMER**

/s/ _____
J. Thomas Beckett
David P. Billings
201 S. Main Street, Suite 1800
Salt Lake City, Utah 84111

**JAMES H. COSSITT, PC**

/s/ _____
James H. Cossitt
40 – 2nd East Suite 202
Kalispell, MT 59901-6112

*Attorneys for the Official Committee*

J. Thomas Beckett
David P. Billings
PARSONS BEHLE & LATIMER
201 S. Main Street, Suite 1800
Salt Lake City, Utah   84111

James H. Cossitt
JAMES H. COSSITT, PC
40 – 2nd East Suite 202
Kalispell, MT 59901-6112

*Attorneys for the Official Committee*

---

**NOTICE TO DEBTORS AND INTERESTED PARTIES**

---

**If you object to the motion, you must file a written responsive pleading and request a hearing within ten (10) days of the date of the motion. The objecting party shall schedule the hearing and shall include in the caption of the responsive pleading the date, time, and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**

**Date: _____**

**Time: _____**

**Location: _____**

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**