J. THOMAS BECKETT (UTAH #5587)
DAVID P. BILLINGS (UTAH #11510)
**PARSONS BEHLE & LATIMER**
*Admitted Pro Hac Vice (Docket # 156)*
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Email: tbeckett@parsonsbehle.com
       dbillings@parsonsbehle.com

JAMES H. COSSITT (MONT. # 4773)
**JAMES H. COSSITT, PC**
40 – 2nd East Suite 202
Kalispell, MT 59901-6112
Telephone: (406) 752-5616
Email: jhc@cossittlaw.com

*Counsel to the Official Committee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| In re: | Case No. 08-61570-11-RBK |
|---|---|
| **YELLOWSTONE MOUNTAIN CLUB, LLC, et al.,** | Jointly Administered with 08-61571, 08-61572, and 08-61573 |
| Debtors. | Chapter 11 |
| | **NOTICE OF HEARING:**<br>Date:  04/01/2001 at 9:00 a.m.<br>Location: 400 N. Main St. 2nd Fl. Courtroom Butte, MT |

### COMMITTEE'S OBJECTION TO THE UNITED STATES
### TRUSTEE'S MOTION FOR THE APPOINTMENT OF A
### <u>CHAPTER 11 TRUSTEE</u>

The Official Committee of Unsecured Creditors (the "Committee") of Yellowstone Mountain Club, LLC and its debtor affiliates, Yellowstone Development, LLC, Big Sky Ridge, LLC and Yellowstone Club Construction Company, LLC (collectively, the "Debtors"), by and

through its undersigned counsel, hereby objects to the United States Trustee's Motion (the "Trustee's Motion") for the Appointment of a Chapter 11 Trustee (Docket No. 454) and respectfully states as follows:

## BACKGROUND

1. The Debtors filed their cases voluntarily under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), on November 10, 2008, and this Court ordered their cases to be jointly administered on November 13, 2008.

2. The Committee was appointed by the United States Trustee (the "U.S. Trustee") on December 4, 2008.

3. An examiner (the "Examiner") was appointed on February 13, 2009, but has not been charged with any specific duties.

4. The Debtors' DIP financing, approved on December 17, 2008, runs out on April 30, 2009.

5. On February 13, 2009, within their period of exclusivity, the Debtors filed their proposed reorganization plan. They filed their Second Amended Disclosure Statement on March 4, 2009. A hearing on the Debtors' Disclosure Statement was scheduled for March 4, 2009, but continued to April 1, 2009.

## INTRODUCTION

The Debtors are in the midst of trying hard to obtain approval of their disclosure statement. Such approval must be obtained by early April, or else the Debtors will be unable to confirm their proposed reorganization plan before their DIP financing runs out. The appointment of a chapter 11 trustee at this juncture would add to the already enormous administrative burn

rate in these cases. More important, it would make it almost impossible for the Debtors timely to obtain approval of their plan. If the Debtors' prompt emergence from bankruptcy is in the best interest of creditors – which it surely is – then the appointment of a chapter 11 trustee at this juncture is not.

On the other hand, the Trustee's Motion does identify cause for concern. But it does not, in the Committee's view, prove that "cause" exists to appoint a chapter 11 trustee. Furthermore, there is no shortage of interested parties in this case who are anxious to exercise oversight. If they cannot adequately monitor the Debtors, then the Examiner is available to do so. On balance, in the Committee's view, the appointment of a chapter 11 trustee is not in the best interest of creditors at this time.

## ARGUMENT

Generally, "there is a strong presumption" against the appointment of trustee. *See in re Macon Prestressed Concrete Co.*, 61 B.R. 432, 439 (Bankr. M.D.Ga. 1986); *See also The Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery* (*In re Cybergenics Corp.*), 330 F.3d 548, 576 (3rd Cir. 2003) ("[a]ppointing a trustee in a Chapter 11 case is an 'extraordinary' remedy."); *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225 (3d Cir. 1989). ("[i]t is well settled that appointment of a trustee should be the exception, rather than the rule."). "Otherwise, the appointment of a trustee would impose a substantial financial burden on a debtor's estate, thus precluding an effective reorganization due to increased administrative expenses." *In re Macon*, 61 B.R. at 439. Before taking any action, a newly-appointed chapter 11 trustee would have to learn these cases from scratch. Consequently, administrative expenses

would increase substantially should the Court, in its discretion, *see In re Sharon Steel*, 871 F.2d at 1226, grant the Trustee's Motion.

More important, valuable time would pass while the chapter 11 trustee came up to speed. That would most likely delay confirmation beyond the time when the Debtors' DIP financing runs out. Thus the appointment of a chapter 11 trustee would effectively restart the plan process and dramatically redefine the posture of the cases and the positions of its participants. Months of negotiations and drafting would be lost. The estates would have to find additional DIP financing, presumably over strenuous objections, further impairing the potential recovery of creditors.

Furthermore, while the Trustee's Motion does identify cause for concern, it does not substantiate that "cause" exists to appoint a chapter 11 trustee. There is simply no clear evidence that the issues raised in the Trustee's Motion have *in fact* distorted the fair prosecution of these cases. *See* 11 U.S.C. § 1104(1) ("the court shall order the appointment of a trustee – for cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor….") None of the elements of Bankruptcy Code section 1104(1) has yet been clearly established.

There is a better solution. If the Court is uncertain of the monitoring abilities of the plethora of interested parties who are already scrutinizing the Debtors' actions – Credit Suisse, the Committee, the U.S. Trustee, the Ad Hoc Members Group, the Ad Hoc Group of Class B Interest Holders, etc. – then it may grant the Examiner any "of the duties of a trustee that the court orders the debtor in possession not to perform." 11 U.S.C. § 1106(b). Indeed, Bankruptcy Code subsections 1106(a)(3) and (4) expressly allow an examiner to "investigate the acts, con-

duct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other [relevant] matter," and also to "file a statement of investigation." 11 U.S.C. §§ 1106(a)(3)-(4). This broad language allows this Court to utilize the Examiner, *if necessary*, to assure that the issues raised in the Trustee's Motion do not ultimately constitute impairments to the transparency and fairness that the bankruptcy process requires. So long as the Examiner were not instructed to supplant the fiduciary duties of either the Debtors or the Committee, his role should not delay these cases further.

## CONCLUSION

The Trustee's Motion identifies cause for concern but not "cause" to appoint a chapter 11 trustee. There are numerous parties presently monitoring the Debtors. If, in the Court's view, their oversight is insufficient, then the Examiner can be tasked with an oversight and reporting duty to assure that the issues raised by the Trustee's Motion do not impair the plan process. Ultimately, the appointment of a chapter 11 trustee at this point in time is unnecessary. That appointment would increase costs, negate the progress that has been made to date, and bring disarray and uncertainty to these cases. That is not in the best interest of creditors.

The Trustee's Motion should be denied.

Respectfully submitted this 9th day of March, 2009.

**PARSONS BEHLE & LATIMER**

  /s/ J. Thomas Beckett
J. Thomas Beckett
David P. Billings
201 S. Main Street, Suite 1800
Salt Lake City, Utah   84111

**JAMES H. COSSITT, PC**
40 – 2nd East Suite 202
Kalispell, MT 59901-6112

*Attorneys for the Official Committee*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury that on March 9, 2009, a copy of the foregoing **COMMITTEE'S OBJECTION TO THE UNITED STATES TRUSTEE'S MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE** was served (i) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, and (ii) by ordinary mail to the following parties: none.

    /s/ J. Thomas Beckett