James A. Patten (1191)
**PATTEN, PETERMAN, BEKKEDAHL & GREEN P.L.L.C.**
2817 - 2nd Avenue North, Ste. 300
Billings, MT 59101
Telephone (406) 252-8500
Facsimile (406) 294-9500
E-mail: japatten@ppbglaw.com
Richard G. Birinyi
Lawrence R. Ream
**BULLIVANT HOUSER BAILEY PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930
Facsimile: 206.386.5130
E-mail: larry.ream@bullivant.com
E-mail: rick.birinyi@bullivant.com

Attorneys for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: <br><br> YELLOWSTONE MOUNTAIN CLUB, LLC., et al., <br><br> Debtors. | No.: 08-61570 <br><br> JOINTLY ADMINISTERED |

**DEBTORS' RESPONSE TO MOTION OF PREPETITION LENDERS FOR ENTRY OF ORDER AUTHORIZING (I) MODIFIED BIDDING PROCEDURES, (II) CREDIT BIDDING AND (III) EXAMINER TO EVALUATE AND REPORT TO THE COURT ON QUALIFIED ALTERNATIVE BIDS; AND NOTICE**

### I. INTRODUCTION

On March 6, 2009, this Court filed a Memorandum Decision [Docket # 541] and an Order [Docket # 542] regarding the matters that had been set for hearing on March 4, 2009.

1

Among those matters was the Debtor's request that the Court reconsider its denial of its motion to approve bidding procedures. The March 6th Order established bidding procedures, "subject to future modification in order to promote a more robust bidding and sale procedure that may better protect the rights of parties-in-interest." Credit Suisse, as agent for Prepetition Lenders, has now moved this Court for an order modifying the Court's order establishing bidding procedures, authorizing it to "credit bid" and having an Examiner evaluate the bids received at the Auction to be held in the event there is a Qualified Alternative Bid submitted by the bid deadline. [Docket # 571] The hearing on the Credit Suisse Motion was continued from April 1, 2009 to April 6, 2009 [Docket #611]. The Debtors have diligently worked with the affected constituencies to review and respond to yet another round of Credit Suisse proposed modifications.[1] Attached hereto as Exhibit 1 is the Debtors' proposed language for a modified order establishing the bid procedures.[2] Attached hereto as Exhibit 2 is a blackline showing the Debtors' proposed language changes from the language in the Court's March 6th Order. Attached hereto as Exhibit 3 is a blackline showing the differences between the Debtors' proposed language and the Credit Suisse proposed language.

## II. EVIDENCE RECEIVED BY THE COURT

At the March 4, 2009 hearing, Steve Lehr and Ron Greenspan testified that it was essential for the marketing process that the Court establish fair and appropriate bidding procedures. Mr. Greenspan further testified that the Debtors had negotiated with Cross Harbor to obtain an extension of the DIP financing deadlines until May 21, 2009 if bid procedures were approved and the process started moving forward without delay. Both Mr.

---

[1] As the Court will recall, Mr. Greenspan testified at length to the changes to the original bid procedures that were made to address concerns raised by Mr. Yankouer.

[2] A word perfect version of an order incorporating this suggested language is being submitted in accordance with local procedures.

2

Lehr and Mr. Greenspan testified as to CBRE's efforts through the date of that hearing in working on the marketing materials.

At a hearing on March 24th, the Court again heard testimony from Mr. Lehr regarding the continued marketing efforts. That testimony again pointed out that the marketing process under the existing procedures was moving forward and was indeed robust.

## III. ARGUMENT

As the Court recognized at the March 4, 2009 hearing, Credit Suisse offered nothing but argument with respect to the bidding procedures. Its present motion suffers from the same problem, it is entirely based on its lawyer's argument. There is no testimony supporting the drastic changes to the rights of the parties as proposed in the modifications to the bidding procedures. Notwithstanding the deficiencies of Credit Suisse's position, the Debtors have made every effort to accept the concepts set forth in the Credit Suisse proposed language.[3] The differences between the respective proposals, however, are shown on Exhibit 3.

By far the largest difference is Credit Suisse's request that some, as yet unknown, third party with no understanding of the case, no understanding of the parties and no economic interest in the outcome of the case be the person who determines which bid is the highest and best bid. The Credit Suisse proposal with respect to the duties of an examiner is not supported by any logic. As the Court recognized in its March 6th Memorandum Decision, Credit Suisse has never proved any of its allegations with respect to the Debtor's independence. Indeed, there can be little doubt that Mr. Greenspan is more than qualified, in consultation with the Committees to make an adequate and fair determination of which alternative bid is highest and best.

---

[3] By the time of the hearing, the Debtors hope to have the concurrence of the Committees to the proposed language. Cross Harbor has agreed to the Debtors' proposed changes.

3

The second large difference is the stalking horse protections included in the bid procedures. As the Court recognized in its March 6th Memorandum the complexity of the Debtors' assets and the size of the transaction indicate that a stalking horse bid is appropriate. Steve Lehr testified that such an offer supplies structure and assurance to other parties that someone has already committed the time and effort to conduct due diligence and reached a conclusion that a transaction can be accomplished. It is only fair and appropriate that stalking horse protections be included. Credit Suisse makes no legitimate argument and offers no evidence to support any elimination of those protections.

## IV. CONCLUSION

Like the Court, the Debtors want to have the most open and transparent process that protects the rights of the parties in this case. The assets and/or the equity in the Project should be preserved. The Court should reject the Credit Suisse language and instead adopt the Debtors' proposed alternative language.

DATED this 26th day of March, 2009.

>Richard G. Birinyi
>Lawrence R. Ream
>**BULLIVANT HOUSER BAILEY PC**
>1601 Fifth Avenue, Suite 2300
>Seattle, WA 98101-1618
>
>James A. Patten (1191)
>**PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC**
>2817 – 2nd Avenue North, Suite 300
>Billings, MT 59101
>Attorneys for Debtors
>
>_____
>James A. Patten

11427666.3