| | |
|---|---|
| J. THOMAS BECKETT (UTAH #5587) <br> DAVID P. BILLINGS (UTAH #11510) <br> **PARSONS BEHLE & LATIMER** <br> *Admitted Pro Hac Vice (Docket # 156)* <br> One Utah Center <br> 201 South Main Street, Suite 1800 <br> Salt Lake City, UT  84111 <br> Telephone: (801) 532-1234 <br> Facsimile: (801) 536-6111 <br> Email: tbeckett@parsonsbehle.com <br>           dbillings@parsonsbehle.com | JAMES H. COSSITT (MONT. # 4773) <br> **JAMES H. COSSITT, PC** <br> 40 – 2nd East Suite 202 <br> Kalispell, MT 59901-6112 <br> Telephone: (406) 752-5616 <br> Email: jhc@cossittlaw.com |

*Counsel to the Official Committee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: <br><br> **YELLOWSTONE MOUNTAIN CLUB, LLC, et al.,** <br><br>    Debtors. | Case No. 08-61570-11-RBK <br><br> Jointly Administered with 08-61571, 08-61572, and 08-61573 <br><br> Chapter 11 |

### OFFICIAL COMMITTEE'S OBJECTION TO CREDIT SUISSE'S MODIFIED BIDDING PROCEDURES AND ENDORSEMENT OF DEBTORS' FURTHER <u>MODIFIED BIDDING PROCEDURES</u>

The Official Committee of Unsecured Creditors (the "Committee") of Yellowstone Mountain Club, LLC ("YMC") and its debtor affiliates, Yellowstone Development, LLC ("YD"), Big Sky Ridge, LLC ("BSR") and Yellowstone Club Construction Company, LLC (collectively, the "Debtors"), by and through its undersigned counsel, hereby objects to Credit

18119.001/4829-9196-9027.1

Suisse's Modified Bidding Procedures [Docket #571] and endorses the Debtors' Further Modified Bidding Procedures [Docket # 644] and respectfully states:

## ARGUMENT

The Committee fully supports Credit Suisse's notion that any auction in these bankruptcy cases must be wide-open and fair and follow a robust marketing process. It believes the Debtors, CrossHarbor and the other parties-in-interest should – and indeed do – agree. Mr. Steven Lehr's testimony on March 24, 2009 should encourage everyone that that result is very obtainable within the time allowed.

The Debtors' proposed Further Modified Bidding Procedures appear to accommodate most of Credit Suisse's objections to the existing bidding procedures. They do not, however, concede to Credit Suisse's suggestion that the Examiner should supplant the ficuciary duties of the Debtors and the Committees in connection with their participation in the auction process. Nor should they. While the Committee does not object to the Examiner participating in that process – if the Court believes his participation would be helpful – it cannot support the most important decisions in this case being delegated to a newcomer lacking the institutional knowledge of the importance of preserving the Yellowstone Club as a going concern. The Committee believes that preserving the Club as a going concern is absolutely necessary. It is certain that *all* the parties-in-interest in these cases agree with that.

The Debtors' proposed Further Modified Bidding Procedures do not, as well, concede to Credit Suisse's suggestion that the protections provided to CrossHarbor, as stalking horse bidder, should be largely eliminated. The Committee supports the Debtors also in this regard. By all

accounts, CrossHarbor has invested considerably to propose an opening bid in the face of Credit Suisse's substantial opposition. It is entirely fair if CrossHarbor's opening bid is eventually overbid. The Committee hopes for that. But it would simply be unfair if CrossHarbor were not fairly reimbursed for its efforts, if it is eventually outbid. Whether or not it has presented the best possible opening bid, CrossHarbor's efforts in that regard have in fact materially helped make this business investment opportunity available for others who might want to bid.

Adopting the Debtors' proposed Further Modified Bidding Procedures should be acceptable to Credit Suisse, as these procedures will then closely follow the auction procedures that, as Plan Proponent, Credit Suisse has endorsed in the Promontory Club Bankruptcy. In that case, pursuant to the plan confirmed on March 12, 2009, Credit Suisse could have taken ownership of the Promontory Club by raising the necessary exit financing. But, for whatever reason, on March 19, 2009, Credit Suisse advised the Bankruptcy Court in Utah that it "will not be able to obtain the Exit Financing necessary for implementation of the Plan by the Effective Date." See Exhibit "A." So, also pursuant to section 6.16 of the Promontory plan (that Credit Suisse is Plan Proponent of), the Promontory Club (its equity or its assets) will be auctioned to the highest bidder with the financial wherewithal to maintain the Club as a going concern:

> 6.16. <u>Alternative B – An Auction Process and Sale</u>. Pursuant to the Sale Procedures, and subject to Bankruptcy Court approval in connection with Confirmation of this Plan, the Plan Proponents shall to an entity (the "Acquirer"), at its election under the Sale APA, the Assets or the New Common Stock pursuant to Bankruptcy Code § 1123(a)(5) (the "Sale"), free and clear of all Liens and Claims other than the Assumed Obligations…."

See Exhibit "B," section 6.16.

Adopting the Debtors' proposed procedures, furthermore, would bring them more closely in line with CBRE's Investment Offering Memorandum which states, at page 9, "offers will be considered for equity in the reorganized debtor entity, or any or all of the assets." See Exhibit "C," page 9.[1]

Consequently, the Committee supports the Debtors' proposed Further Modified Bidding Procedures. If these procedures are still not perfectly acceptable to all parties, then the Committee only asks that a dialogue continue so that, for once, all the parties-interest can present a consensual resolution of this issue to this Court on April 6, 2009.

DATED this 26th day of March, 2009.

**PARSONS BEHLE & LATIMER**

/s/ J. Thomas Beckett
J. Thomas Beckett
David P. Billings
201 S. Main Street, Suite 1800
Salt Lake City, Utah 84111


**JAMES H. COSSITT, PC**

40 – 2nd East Suite 202
Kalispell, MT 59901-6112

*Attorneys for the Official Committee*

---

[1] A statement on page 7 of the Investment Offering Memorandum is not as clear. It should be revised to as follows: "This offering includes 100% ownership in the equity of the reorganized debtor entity, with approximately 13,400 acres plus , or any of or all assets involved with the operation of Yellowstone Club and the remaining developable land …."

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify under penalty of perjury that on March 26, 2009, the foregoing **OFFICIAL COMMITTEE'S OBJECTION TO CREDIT SUISSE'S MODIFIED BIDDING PROCEDURES AND ENDORSEMENT OF DEBTORS' FURTHER MODIFIED BIDDING PROCEDURES** was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users: None.

/s/ J. Thomas Beckett