IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

_____

                                    )
In Re:                              ) Case No. 08-61570
                                    )
Yellowstone Mountain Club, LLC,     )
                                    )
          Debtor.                   )
_____   )


THE HON. RALPH B. KIRSCHER, presiding

TRANSCRIPT OF PROCEEDINGS

February 20, 2009


Transcript Services:


Proceedings recorded by electronic recording;
transcript produced by reporting service.

```
 1                       APPEARANCES

 2

 3      FOR THE DEBTORS:

 4           JAMES A. PATTEN

 5           Attorney at Law

 6           Suite 300, The Fratt Building

 7           2817 Second Avenue North

 8           Billings, MT  59101

 9

10           LAWRENCE R. REAM

11           Attorney at Law

12           Bullivant Houser Bailey, PC

13           1601 Fifth Avenue, Suite 2300

14           Seattle, WA  98101-1618

15

16      FOR EDRA BLIXSETH:

17           GARY DESCHENES

18           Attorney at Law

19           Deschenes Law Office

20           P.O. Box 3466

21           Great Falls, MT  59403-3466

22

23

24

25
```

```
 1                    APPEARANCES (continued)

 2

 3      FOR CREDIT SUISSE:

 4           MARK S. CHEHI

 5           ROBERT S. SAUNDERS

 6           Attorneys at Law

 7           Skadden, Arps, Slate,

 8              Meagher & Flom

 9           One Rodney Square, Seventh Floor

10           Wilmington, DE  19801

11

12           EVAN R. LEVY

13           Attorney at Law

14           Skadden, Arps, Slate,

15              Meagher & Flom

16           Four Times Square

17           New York, NY  10036-6652

18

19           SHANE P. COLEMAN

20           Attorney at Law

21           Holland & Hart

22           401 North 31st Street, Suite 1500

23           Billings, MT  59101

24

25
```

```
 1                    APPEARANCES (continued)

 2

 3      FOR THE AD HOC COMMITTEE OF YELLOWSTONE

 4      CLUB MEMBERS:

 5              JONATHAN B. ALTER

 6              Attorney at Law

 7              Bingham McCutchen, LLP

 8              One State Street

 9              Hartford, CT  06103

10

11      FOR DISCOVERY LAND COMPANY:

12              STEVEN G. SKLAVER

13              Attorney at Law

14              Susman Godfrey, LLP

15              1901 Avenue of the Stars, Suite 950

16              Los Angeles, CA 90067

17

18      FOR CROSSHARBER CAPITAL PARTNERS, LLC:

19              PAUL D. MOORE

20              Attorney at Law

21              Duane Morris, LLP

22              470 Atlantic Avenue, Suite 500

23              Boston, MA  02210-2600

24

25
```

```
 1                   APPEARANCES (continued)

 2


 3        FOR CROSSHARBER CAPITAL PARTNERS, LLC:

 4             BENJAMIN P. HURSH

 5             Attorney at Law

 6             Crowley Fleck

 7             P.O. Box 7099

 8             Missoula, MT  59807-7099

 9

10        FOR HIGHLAND MANAGEMENT, LP:

11             EMILY S. CHOU

12             Attorney at Law

13             Warner Stevens, LLP

14             301 Commerce Street, Suite 1700

15             Fort Worth, TX  76102

16

17        FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:

18             DAVID P. BILLINGS

19             Attorney at Law

20             Parsons, Behle & Latimer

21             201 South Main Street, Suite 1800

22             Salt Lake City, UT  84145-0898

23

24

25
```

```
 1                    APPEARANCES (continued)

 2


 3       FOR THE AD HOC GROUP OF CLASS B UNIT HOLDERS:

 4            MARY L. KNOBLAUCH

 5            Attorney at Law

 6            Anthony, Ostlund, Baer & Louwagie, PA

 7            3600 Wells Fargo Building

 8            90 South Seventh Street

 9            Minneapolis, MN  55402

10


11       FOR LaMOND, JASSON, MORRIS,

12       and SACIA ENTERPRISES, INC.:

13            BRUCE D. MANNING

14            Attorney at LAw

15            Robins, Kaplan, Miller, & Ciresi, LLP

16            LaSalle Avenue, Suite 2800

17            Minneapolis, MN  55402-2015

18

19

20

21

22

23

24

25
```

```
1              YELLOWSTONE MOUNTAIN CLUB BANKRUPTCY

2                            - - -

3        BE IT REMEMBERED THAT this matter came on for hearing

4   on February 20, 2009, in the United States Bankruptcy

5   Court, District of Montana, The Hon. Ralph B. Kirscher,

6   presiding:

7

8    The following proceedings were had:

9

10       THE COURT:  (Audio begins at this point) -- state your

11  purpose for the motion.  It looked like it had been scaled

12  down in time.  And I guess before going forward, I'm

13  assuming this hasn't been resolved.  Correct?

14            MR. SAUNDERS:  That's correct, Your Honor.  This

15  is Rob Saunders from Skadden-Arps.  I don't think either

16  motion has been resolved.

17            THE COURT:  Okay.

18            MR. DESCHENES:  Your Honor, this is Gary

19  Deschenes.  I'm new to this.  I represent Edra Blixseth.

20            I got a call this morning regarding this.

21  Mr. Joe Eisenberg is apparently in court and wasn't able to

22  get out to attend this.  And he, I understand, is the one

23  that represents the one that this motion is against.  And

24  he has asked to pass on to of the Court please delay this

25  hearing until probably Monday so that he can attend and
```

1    voice his concerns regarding it.  But that's why he's not

2    involved in this.

3          MR. SAUNDERS:  Your Honor, this is Rob Saunders.

4    May I speak to that?

5          THE COURT:  Just a moment, just a moment.

6          Mr. Deschenes, you are appearing on her behalf?

7          MR. DESCHENES:  Yes.

8          THE COURT:  Okay.  Mr. Saunders, do you wish to

9    go forward with the motions?

10          MR. SAUNDERS:  Yes, Your Honor.

11          THE COURT:  Okay.  Let me make it clear to

12    everybody before Mr. Saunders goes forward:  I'm going to

13    rule on this, and I'm going to rule on it here in very

14    short order, just so you all know where I'm at on this.  I

15    take a very dim view of these types of things.  I expect,

16    especially with the number of competent counsel in this,

17    that these matters get resolved short of this, but when

18    they can't be, I will deal with it.  But today, I'm going

19    to -- I'm not going to spend a lot of time on it, and I'm

20    going to rule.  So make your remarks brief.

21          MR. SAUNDERS:  Your Honor, this is Rob Saunders

22    from Skadden-Arps for Credit Suisse.  I hear that, and we

23    will be brief, Your Honor.

24          The first motion is directed to BGI, which is the

25    entity that owns the debtors and that Ms. Blixseth owns

1    herself.  You know, the issue here is that we haven't had

2    any response from anybody on behalf of BGI, any attorney.

3    The Court entered an order on January 9th that authorized

4    us to undertake a Rule 2004 examination of, of BGI, BLX

5    Group, Inc.  And under that order, we issued a subpoena,

6    and the documents were supposed to have been produced on

7    February 9th.  Nothing was produced to us and no one

8    responded.

9          Your Honor may recall that when we were in court

10   on February 10th in Butte, we raised this issue, including

11   the fact that nobody appeared who was representing BGI.  As

12   I recall from that hearing, Ms. Blixseth's testimony was

13   that she was hopeful that Mr. Eisenberg would be

14   representing BGI in this discovery.  So as soon as we got

15   back, we contacted Mr. Eisenberg and asked him if he was

16   representing or if his firm was representing BGI and to try

17   to figure out when we could get and how we could get the

18   documents.  And he told us that his firm was not

19   representing BGI, that he only represented Ms. Blixseth

20   personally.  We asked him if he could point us in the

21   direction of somebody who did represent BGI, and he did not

22   respond.

23         So BGI has never objected to the Rule 2004

24   examination or the subpoena, and they've simply failed to

25   produce any documents.  So we'd ask for the Court to enter

1    the order that we've asked for in the motion compelling BGI

2    to produce the documents that are identified in the Rule

3    2004 examination order immediately.

4              THE COURT:  Okay.  As it's related to BGI, it's

5    granted.  The next motion.

6              MR. SAUNDERS:  Thank you, Your Honor.  The other

7    motion is directed to CrossHarbor.

8              Your Honor, we understand from the response that

9    CrossHarbor filed late last night that they've now

10   withdrawn the various objections that they had previously

11   been asserting to the scope of our Rule 2004 discovery

12   requests so that the only issue left is whether there

13   should be a deadline for their production and, if so, what

14   it is.

15             To me, Your Honor, that's a strange issue because

16   I don't think I've ever had a situation where a party was

17   arguing that there should not be any deadline at all for

18   its document production.  And, particularly, in light of

19   Your Honor's comments, I wish we didn't have to be taking

20   up Your Honor's time today, but I hope that Your Honor can

21   understand why CrossHarbor's refusal to commit to a

22   deadline for production is unacceptable to Credit Suisse in

23   this circumstance.

24             We've been at this effort to get discovery from

25   CrossHarbor for several months now.  Your Honor entered an

1    order on December 10th, more than two months ago, that

2    granted our motion for expedited discovery of CrossHarbor,

3    and in response to that, we got two documents.

4         CrossHarbor made an oral motion to the Court on

5    December 17th to have Your Honor withdraw that discovery,

6    and Your Honor overruled that objection and denied that

7    motion.

8         We were unsuccessful thereafter in getting

9    documents from CrossHarbor under that discovery order, so

10   we ultimately pursued a rule 2004 examination.  Your Honor

11   entered that order on January 20th, more than, again, a

12   month ago.  And, Your Honor in court on February 10th

13   denied CrossHarbor's objection and their motion for

14   reconsideration of that 2004 order.

15        So CrossHarbor, Your Honor, has given us every

16   reason to believe that they'll drag this discovery out as

17   long as possible if there's not a firm deadline in place.

18   As of my conversation with Mr. Moore this past Wednesday

19   morning, the 18th, CrossHarbor had still not started the

20   process of gathering documents other than a small stack of

21   documents that they've produced to us last night and this

22   morning.  And that's very troubling to us, and that's why

23   we want a deadline.

24        Now, with respect to what that deadline needs to

25   be, it really has to be the deadline that we proposed,

1   February 27th.  That is not a -- you know - (inaudible,

2   audio cuts out) - date with room to move.

3           The debtors have scheduled an extremely important

4   motion for approval of their plan of reorganization and

5   disclosure statement to be heard on March 4th.  The

6   interrelationships and the agreements and the

7   communications between CrossHarbor and Discovery Land and

8   Ms. Blixseth have always been important to us, and they're

9   now critically important, given that those parties are

10  proposing a plan of reorganization that they've negotiating

11  together.  But we need to be able to have to discovery in

12  order to be able to present evidence at the March 4th

13  hearing.  So if we don't get these documents --

14          THE COURT:  Mr. Saunders, I appreciate your

15  argument.

16          And Mr. Moore or Mr. Hursh, do you have a

17  response?

18          MR. HURSH:  Yes, Judge, this is Mr. Hursh.  I

19  would like to respond.

20          My understanding when I spoke to Mr. Moore

21  earlier in the week - and I don't want to put words in his

22  mouth - was that, in fact, the significant discovery issues

23  had been resolved save for a date at which production would

24  be completed.  As a result, I was surprised yesterday when

25  the motion to compel came across the wire.

1        I understand Your Honor has not been -- or had

2   access to the docket this morning.  I did file a short

3   response last evening with the hope that you would have an

4   opportunity to see it wherein attached as Exhibit 1 was an

5   immediate response by Mr. Moore to Mr. Saunders saying:

6   You know, I think there's some confusion.  We're producing

7   documents.  Consistent with that, last evening, a FedEx was

8   sent out with, I believe, a significant number of documents

9   that complied with their request.

10       I mean we are a little, I guess, confused.  Now,

11  whether it was miscommunication, or what, I don't know.  I

12  don't want to lay blame because we're all here, obviously,

13  taking our time to sort it out.

14       With regards to a production date, Your Honor, we

15  have agreed to produce a significant volume of documents as

16  they've requested.  And with regard to doing so, we ask

17  that they be -- that they recognize that it takes time to

18  do that.  Once the client gets them to us, they have to be

19  reviewed, privilege logs produced, Bates-stamped, and then

20  get them out the door to Mr. Chehi, Mr. Levy, and

21  Mr. Saunders.

22       Now, having said that, we think it is unrealistic

23  that we'll be able to do that consistent with the

24  obligations to review, Bates-stamp, and create privilege

25  logs by the date they've requested.  We are not, as

1    Mr. Saunders maybe suggested, trying to drag our feet here.

2    I think the exhibits to our response show that CrossHarbor

3    is cooperating.  I mean there was conversations even

4    yesterday after the motion was filed between Mr. Saunders

5    and my colleagues at Duane Morris regarding the terms of a

6    consensual protective order.

7             THE COURT:  Mr. Hursh, thank you.

8             Lynn, what day of the week is the 27th?

9             THE CLERK:  The 27th is next Friday, a week from

10   today.

11            THE COURT:  Well, gentlemen, in considering the

12   motion, I was going to order that all documents be produced

13   by next Tuesday.  But given the fact that Credit Suisse has

14   talked about the 27th, I will concede that date, given

15   their request of that date, that all documents be produced

16   together with any log, if necessary, for privileged

17   documents.

18            We're going to trial on the 4th, which would be,

19   what, Wednesday?

20            UNIDENTIFIED SPEAKER:  That's right, Your Honor.

21            THE COURT:  So at this point, the order is going

22   to be issued, granting.  And the time for both BGI and

23   CrossHarbor to produce is February 27th.

24            And if there's problems with that, I'll entertain

25   motions for sanctions or a protective order, and that will

```
 1   be taken up promptly.  And I may do that even before the
 2   hearings on the 4th.
 3              UNIDENTIFIED SPEAKER:  Thank you, Your Honor.
 4              THE COURT:  We'll issue an order to that
 5   effect -- or orders to that effect.
 6              I appreciate you all the being available.  As you
 7   are aware, I am out of Montana.  And so with that, these
 8   matters can be resolved; and if not, we'll take them up the
 9   first part of next week on any other motions -- not next
10   week; the week after.  I'm sorry.  So we'll see if
11   everything was produced by -- (inaudible, audio cuts out.)
12              With that, gentlemen, that will conclude the
13   hearing.  Have a good day.
14
15                        *  *  *  *  *
16
17
18
19
20
21
22
23
24
25
```

```
 1                   C E R T I F I C A T E

 2

 3        I certify that the foregoing is a correct transcript

 4     from the electronic recording of the proceedings in the

 5     above-entitled matter, all done to the best of my skill and

 6     ability.

 7

 8     _____     _____

 9     Jonny B. Nordhagen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```