UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**YELLOWSTONE MOUNTAIN CLUB, LLC**,<br><br>Debtor. | Case No. **08-61570-11**<br><br>Jointly Administered with: |
| In re<br><br>**YELLOWSTONE DEVELOPMENT, LLC**,<br><br>Debtor. | Case No. **08-61571-11** |
| In re<br><br>**BIG SKY RIDGE, LLC**,<br><br>Debtor. | Case No. **08-61572-11** |
| In re<br><br>**YELLOWSTONE CLUB CONSTRUCTION COMPANY, LLC**,<br><br>Debtor. | Case No. **08-61573-11** |

*ORDER APPROVING DISCLOSURE STATEMENT*
*and SETTING CONFIRMATION HEARING*

At Butte in said District this 7th day of April, 2009.

In the above-referenced Chapter 11 cases, after due notice, a hearing was held April 6, 2009, in Butte on approval of the Debtors' Disclosure Statement filed April 3, 2009, at docket

1

entry number 692. The following appearances were made at the April 6, 2009, hearing: James A. Patten of Billings, Montana and Richard G. Birinyi and Tom Hutchinson of Seattle, Washington for the Debtors; Mark S. Chehi, Robert S. Saunders and Joseph O. Larkin of Wilmington, Delaware, Evan R. Levy of New York, New York and Shane Coleman of Billings, Montana for Credit Suisse; Jonathan B. Alter of Hartford, Connecticut and John Grant of Helena, Montana for the Ad Hoc Committee of Yellowstone Club Members ("Ad Hoc Committee"); Ronald A. Bender of Missoula, Montana for the Ad Hoc Group of Class B Unit Holders; Paul D. Moore and Barry Green of Boston, Massachusetts and Benjamin P. Hursh of Missoula, Montana for CrossHarbor Capital Partners and CIP Yellowstone Lending, LLC ("CrossHarbor"); J. Thomas Beckett of Salt Lake City, Utah for the Official Committee of Unsecured Creditors (the "Committee"); Joel E. Guthals of Billings, Montana for Timothy Blixseth; James J. Screnar of Bozeman, Montana for Michelle Cameron Donaldson and Neal Donaldson; John L. Amsden of Bozeman, Montana and Ross P. Richardson of Butte, Montana for Yellowstone Club World, LLC; Dean A. Stensland of Missoula, Montana for Prim Vintage Development, L.P.; and Daniel McKay for the Office of the United States Trustee. No witnesses were called to testify and no exhibits were offered into evidence.

The Debtors filed their modified Disclosure Statement on April 3, 2009, and thus, parties in interest did not have an adequate opportunity to file written opposition to said Disclosure Statement. However, the Disclosure Statement filed by Debtors on March 4, 2009, was objected to by Maxon Holding Corporation, Michelle Cameron and Neal Donaldson, Prim Vintage Development, L.P., The Baumann Family Trust, Credit Suisse, Highland Capital Management, L.P. and Yellowstone Club World, LLC. The only party actively pursuing its objection to

approval of the Debtors' Disclosure Statement at hearing was Credit Suisse. Counsel for Yellowstone Club World, LLC and Prim Vintage Development, L.P. stated their intention to stand on their written objections which were filed in response to the Debtors' Disclosure Statement filed March 4, 2009.

Credit Suisse argues that approval of the Debtors' Disclosure Statement is premature because of the outstanding issues in this case. The Court agrees that many outstanding issues remain for determination, but those issues impact whether the Debtors' Chapter 11 plan can be confirmed and not whether the Debtors' disclosure statement contains adequate information. To the contrary, it seems that the parties in this case may suffer from information overload.

Section 1125(b) of the Bankruptcy Code provides that "acceptance or rejection of a plan may not be solicited after the commencement of the case . . . unless . . . there is transmitted [to the holder of a claim or interest] . . . a written disclosure statement approved . . . by the court as containing adequate information." Adequate information is defined in 11 U.S.C. § 1125(a)(1) to mean "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan[.]" 11 U.S.C. § 1125(a)(1). More particularly,

> Case law under § 1125 of the Bankruptcy Code has produced a list of factors disclosure of which may be mandatory, under the facts and circumstances of a particular case, to meet the statutory requirement of adequate information. Disclosure of all factors is not necessary in every case. Conversely, the list is not exhaustive, and a case may arise in which disclosure of all these enumerated factors is still not sufficient to provide adequate information for the creditors to evaluate the plan.

\* \* \*

Relevant factors for evaluating the adequacy of a disclosure statement may include:

(1)  the events which led to the filing of a bankruptcy petition;
(2)  a description of the available assets and their value;
(3)  the anticipated future of the company;
(4)  the source of information stated in the disclosure statement;
(5)  a disclaimer;
(6)  the present condition of the debtor while in Chapter 11;
(7)  the scheduled claims;
(8)  the estimated return to creditors under a Chapter 7 liquidation;
(9)  the accounting method utilized to produce financial information and the name of the accountants responsible for such information;
(10) the future management of debtor;
(11) the Chapter 11 plan or a summary thereof;
(12) the estimated administrative expenses, including attorneys' and accountant's fees;
(13) the collectibility of accounts receivable;
(14) financial information, data, valuations or projections relevant to the creditors' decision to accept of reject the Chapter 11 plan;
(15) information relevant to the risks posed to creditors under the plan;
(16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers;
(17) litigation likely to arise in a nonbankruptcy context;
(18) tax attributes of the Debtor; and
(19) the relationship of the debtor with affiliates.

*In re Reilly*, 4 Mont. B.R. 150, 153-54, 71 B.R. 132 (Bankr. D. Mont. 1987).

As noted above, the parties in this case have been inundated with information and such information has generated even more information through exhaustive discovery and has spawned numerous adversary proceedings. Credit Suisse has been in the middle of all the discovery and is a party to various adversary proceedings. Indeed, it seems quite disingenuous for Credit Suisse to complain that it does not have adequate information. Credit Suisse has served subpoenas and discovery requests on the Debtors, CrossHarbor, Discovery Land Company, LLC, and the Ad Hoc Committee. The Court has granted Credit Suisse expedited discovery and compelled

4

CrossHarbor to produce thousands and thousands of documents requested by Credit Suisse.

Given the record in this case, the Court finds that all parties have adequate information at this time and the parties will have even more information when the Court wraps up the trial in Adversary Proceeding Nos. 09-00014 and 09-00017, which is scheduled to commence on April 22, 2009. Any issues that Credit Suisse has following resolution of the aforementioned Adversary Proceeding can be appropriately dealt with at the time of confirmation.

For the reasons discussed above, the Court finds that the Debtors' Disclosure Statement contains "all those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan." *In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D.Colo. 1981). Thus, pursuant to 11 U.S.C. § 1125(a)(1), Debtors have provided "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan." Accordingly,

**IT IS ORDERED AND NOTICE IS HEREBY GIVEN:**

1. The Debtors' Disclosure Statement filed April 3, 2009, at docket entry number 692, is APPROVED;

2. On or before April 15, 2009, Debtors' counsel shall transmit a copy of this Order, Debtors' Second Amended Joint Plan of Reorganization, Debtors' Disclosure Statement, and a ballot, by mail to creditors, equity security holders, the United States Trustee, and other parties in interest as provided in F.R.B.P. 3017(d). Debtors' counsel shall file a Certificate of Service with the Court on or before

April 17, 2009, showing that all parties-in-interest as set forth above were properly served with the above documents.

3. Hearing on approval of the Debtors' Second Amended Joint Plan of Reorganization shall be held **Monday, May 18, 2009, at 09:00 a.m.** in the 2ND FLOOR COURTROOM, FEDERAL BUILDING, 400 NORTH MAIN, BUTTE, MONTANA; and

4. Pursuant to F.R.B.P. 3020(b)(1), **Monday, May 11, 2009**, is fixed as the last day for filing and serving written objections to Debtors' Second Amended Joint Plan of Reorganization, and for filing written acceptances or rejections of the Plan. A copy of any objection to approval of the Plan shall be mailed to counsel for the proponent at the address listed on that Plan, to the United States Trustee at: Office of the United States Trustee, Liberty Center Suite 204, 301 Central Avenue, Great Falls, Montana 59401, and to counsel (or chairperson) of the Official Committee of Unsecured Creditors.

        BY THE COURT

        /s/ Ralph B. Kirscher
        HON. RALPH B. KIRSCHER
        U.S. Bankruptcy Judge
        United States Bankruptcy Court
        District of Montana