
CHARLES W. HINGLE
SHANE P. COLEMAN
HOLLAND & HART LLP
401 NORTH 31st STREET, SUITE 1500
BILLINGS, MONTANA 59101
(406) 252-2166 (PHONE)
chingle@hollandhart.com (EMAIL)
spcoleman@hollandhart.com (EMAIL)

EVAN R. LEVY
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NEW YORK 10036
(212) 735-3000 (PHONE)
elevy@skadden.com (EMAIL)
*Admitted Pro Hac Vice*
   - and –

MARK S. CHEHI
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899
(302) 651-3000 (PHONE)
mchehi@skadden.com (EMAIL)
*Admitted Pro Hac Vice*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: | Chapter 11 |
| Yellowstone Mountain Club, et al., | Case No. 08-61570-11<br>Jointly Administered |
| Debtors. | |

### PREPETITION LENDERS' EMERGENCY MOTION FOR ORDER
### COMPELLING DEBTORS TO AUTHORIZE FARCHEVILLE SALE

Credit Suisse, as administrative agent and collateral agent (the "Agent") for the prepetition lenders (the "Prepetition Lenders") under that certain Credit Agreement, dated as of September 30, 2005 (the "Prepetition Credit Agreement"), hereby moves (this "Emergency Motion") pursuant to section 105(a) of the Bankruptcy Code for immediate entry of an order

authorizing, directing and compelling the Debtors to authorize immediately a sale of the Farcheville Chateau or, alternatively, a sale of the equity in the Debtors' indirect subsidiary that owns the Farcheville Chateau, as follows:

Background

1. On November 10, 2008, Yellowstone Mountain Club, LLC, Yellowstone Development LLC, Big Sky Ridge, LLC and Yellowstone Club Construction Company, LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. On December 17, 2008, the Court entered its Memorandum of Decision [Dkt. No. 181] and Order (the "DIP Financing Order") [Dkt. No. 182] authorizing and approving postpetition super-priority debtor-in-possession financing for the Debtors (the "CrossHarbor Financing") provided by an affiliate of CrossHarbor Capital Partners, LLC ("CrossHarbor").

3. The CrossHarbor Financing gives CrossHarbor fully perfected liens and security interests on all assets of the Debtors, as well as liens and security interests on all assets of the Debtors' subsidiaries who are guarantors of the CrossHarbor Financing. Such liens (the "CrossHarbor Priming Liens") prime the prepetition liens and security interests of the Prepetition Lenders, and also include liens on the Chateau Farcheville (the "Farcheville Property") which is owned by an indirect subsidiary of the Debtors, Danika Investments Limited ("Danika"), and any proceeds of sale of the Farcheville Property.

4. The DIP Financing Order does not provide adequate protection payments or liens to the Prepetition Lenders to protect them against the imposition of the non-consensual CrossHarbor Priming Liens or any diminution in the value of the Prepetition Lenders' interests in their collateral under the Prepetition Credit Agreement (the "Prepetition Collateral").

2

5.      On April 9, 2009, the Prepetition Lenders filed their motion  (the "Adequate Protection Motion") [Dkt. No. 729] under sections 105(a), 361 and 363(e) of the Bankruptcy Codes seeking an order, among other things:  "directing the Debtors to sell the Farcheville Chateau and repay the CrossHarbor Financing with the proceeds of such sale."

### Relief Requested

6.      With this Emergency Motion, the Prepetition Lenders seek immediate entry of an order under 11 U.S.C. § 105(a) authorizing, directing and compelling the Debtors to authorize Danika (or other duly authorized person or entity) to accept immediately an existing, time sensitive offer to purchase the Farcheville Property or the equity of Danika, for purchase price consideration of $xx million Euros.  Such existing offer (the "Offer to Purchase") provides that it must be accepted in the next day or two.

### Need For Farcheville Sale

7.      The Debtors' control person, Edra Blixseth ("Blixseth"), is stalling or blocking acceptance of the Offer to Purchase.

8.      The Prepetition Lenders believe that any delay in acceptance of the Offer to Purchase will harm and prejudice the Debtors' estates and recoveries to creditors, including the Prepetition Lenders.

9.      Just today, J. Gary Peters ("Peters"), the individual in charge of the Farcheville Property, made an unsolicited telephone call to the Prepetition Lenders to inform them that he had received the Offer to Purchase:  a $xx million Euros offer to purchase the Farcheville Property - - or the equity of Danika - - and that such offer must be accepted within the next two days.

10.     According to Peters, the Offer to Purchase represents a higher sale price than the purchase price paid for Farcheville when it was acquired by Danika in 2006.

11. Peters stated that upon acceptance of the Offer to Purchase, the purchaser will make an immediate 10% non-refundable deposit.

12. Peters stated further that he has transmitted the Offer to Purchase and related correspondence to Blixseth, the Debtors' counsel, the Office of the U.S. Trustee and to Sam Byrne of CrossHarbor.

13. Peters also stated that Blixseth has instructed Peters not to accept the Offer to Purchase, and has given Peters other instructions that are inconsistent with the difficult financial circumstances and illiquidity confronting Danika and the Farcheville Property.

14. Peters indicated, among other things, that Blixseth refuses to authorize a sale of the Farcheville Property unless Danika agrees to liens in favor of CrossHarbor - - liens that Peters indicated cannot or should not be agreed to in Danika's current difficult financial circumstances.

15. Counsel for the Prepetition Lenders immediately informed Debtors' counsel of the substance of Peter's call - - and provided Debtors' counsel with copies of correspondence forwarded by Peters to counsel for the Prepetition Lenders.

16. The Prepetition Lenders submit that the Debtors should immediately authorize Danika or Peters or another duly authorized person or entity to accept the Offer to Purchase before the deadline for acceptance passes.

17. Acceptance of the Offer to Purchase will result in considerable net value to the Debtors' estates - - net value that Peters estimates will approximate US$xx.x million for the Debtors' estates. Such a recovery for the Debtors should enable them to significantly reduce or eliminate the Debtors' debtor-in-possession financing obligations to CrossHarbor.

18. Failure to accept the Offer to Purchase will result in equivalent loss of considerable value to the Debtors' estates.

19. A sale pursuant to the Offer to Purchase will maximize the value of the Farcheville Property for the benefit of the Debtors' estates.

20. An immediate sale of the Farcheville Property (or the equity of Danika) is needed to protect the interests of the Agent and Prepetition Lenders in their collateral under the Credit Agreement, and to maximize the value of the Debtors' estates for all creditors and parties in interest.

21. The Prepetition Lenders submit that, based on the information provided by Peters, failure to accept the Offer to Purchase before the acceptance deadline will result in an irreparable loss of value to the Debtors' estates.

22. Granting the relief requested herein will not interfere with the Debtors' continuing operation of their businesses and the employment of their employees, and will improve the Debtors' liquidity and their prospects for a successful reorganization.

WHEREFORE, the Agent respectfully requests immediate entry of an order under 11 U.S.C. §§ 105(a): (i) granting this Motion, (ii) authorizing, directing and compelling the Debtors to authorize Danika (or other duly authorized person or entity) to accept immediately the Offer to Purchase for purchase price consideration of approximately $xx million Euros and (iii) granting the Agent and Prepetition Lenders such other and further relief as is just and proper.

Dated: Billings, Montana
April 14, 2009

   /s/ Charles W. Hingle_____
Charles W. Hingle
Shane P. Coleman
HOLLAND AND HART LLP
401 North 31st Street
Suite 1500
Billings, Montana 59101
(406) 252-2166 (Phone)
spcoleman@hollandhart.com (Email)

5

Of Counsel:
Evan R. Levy (NY No. 2720068)
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

  - and –
Mark S. Chehi (Del. Bar No. 2855)
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Credit Suisse,
sole administrative agent and collateral agent


4496615_1.DOC