John H. Grant (#565)
JACKSON, MURDO & GRANT, P.C.
203 N. Ewing
Helena, MT 59601
Telephone: 406.442.1300
Facsimile: 406.443.7033
E-mail: jgrant@jmgm.com

Jonathan B. Alter
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT 06103
Telephone: 860.240.2700
Facsimile: 860.240.2800
Email: jonathan.alter@bingham.com

Attorneys for Ad Hoc Committee of
Yellowstone Club Members

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-61570 |
| | ) | |
| YELLOWSTONE MOUNTAIN CLUB, LLC, et al., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

## RESERVATION OF RIGHTS AND CONTINGENT OBJECTION OF THE AD HOC COMMITTEE OF YELLOWSTONE CLUB MEMBERS TO ASSUMPTION OF MEMBER CONTRACTS

The Ad Hoc Committee of Yellowstone Club Members (the "YC Member Group" or the "Group"), by and through its undersigned counsel, files this reservation of rights and contingent objection (the "Reservation of Rights") to the assumption of the member contracts.

Section 5.3 of the Second Amended Chapter 11 Plan (the "Plan" [Docket No. 691]) provides that the deadline to object to the assumption and assignment of executory contracts (the "Assumption Objection Deadline") is the same date as the date of the deadline set for filing

A/73032042.2

objections to confirmation of the Plan. The Order Approving Disclosure Statement and Setting Hearing on Confirmation of Plan [Docket No. 715] sets May 11, 2009 as the deadline by which objections to confirmation of the Plan must be filed. The Order Regarding Bidding Procedures and Appointment of an Examiner [Docket No. 737] provides that the auction contemplated by the Plan shall be held on May 13, 2009 (the "Auction Date").

As currently scheduled, the May 11, 2009 Assumption Objection Deadline precedes the Auction Date and does not provide the members of the Yellowstone Mountain Club, LLC the opportunity to determine the identity of the bidder selected by the Debtors as offering the highest and best bid (the "Winning Bidder") and/or to object, prior to the Assumption Objection Deadline, to the Winning Bidder's ability to assume the contracts in accordance with law, including by way of curing existing defaults and providing adequate assurance of future performance. Accordingly, this contingent objection is warranted.

The issue of the ability of the acquirer of the Yellowstone Club (the "Club") to assume the member contracts is of paramount importance to the members inasmuch as the overriding goal of the YC Member Group is to place the Club in the capable hands of new leadership that can steer the Club to a future that works. This means that new ownership of the Club must be able to comply with all requirements of assumption provided for by law and be able to deliver on the promises that were made to the Club members upon their payment of $88 million in membership deposits and their investment in excess of $1 billion in their properties.

Section 1129(a)(11) of the Bankruptcy Code provides that the Debtors' plan of reorganization cannot be confirmed unless "the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan". Simply put, the Club is not viable in the hands of an overly-leveraged,

thinly capitalized or ill-prepared owner, and the Debtors' plan of reorganization cannot be confirmed unless the Winning Bidder at auction can show that it will not drive the Club back into bankruptcy. The Group's "9 Tenets" (filed previously with this Court) is designed to provide a list of critical criteria bidders should meet in order to ensure that the Club is successful upon its emergence from bankruptcy. Moreover, the Club's success is intertwined with the success of its employees, vendors and tradesmen, and the YC Member Group wants to insure that proceeds or other funds are available to pay unsecured and other trade creditors that have suffered so much as a result of the Club's previous mistakes.

Accordingly, the YC Member Group reserves the right to assert specific objections to the assumption of member contracts by the Winning Bidder, once identified. This Reservation of Rights is in addition to, and not in lieu of, any stipulation or accommodation that may be agreed upon with the Debtors or other parties.

Dated: Hartford, CT
       May 11, 2009

                                      Respectfully submitted,

                                      /s/ Jonathan B. Alter
                                      Jonathan B. Alter, Esq.
                                      BINGHAM MCCUTCHEN LLP
                                      One State Street
                                      Hartford, CT 06103
                                      Tel: 860-240-2700

                                      -and-

      */s/ John H. Grant*
John H. Grant
JACKSON, MURDO & GRANT, P.C.
203 N. Ewing
Helena, MT  59601
Telephone:  406.442.1300
Facsimile:  406.443.7033
E-mail:  jgrant@jmgm.com

*Attorneys for the Ad Hoc Committee of Yellowstone Club Members*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury that on May 11, 2009, a copy of the foregoing pleading was served (i) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities and/or (ii) by mail to the following parties:  None.

      */s/ John H. Grant*
      John Grant

G:\users\jhg\Yellowstone Club 9825\Yellowstone Mountain Club LLC\YC- Conditional Objection.DOC