CHARLES W. HINGLE (#1947)
SHANE P. COLEMAN (#3417)
HOLLAND AND HART LLP
401 NORTH 31st STREET
SUITE 1500
BILLINGS, MONTANA 59101
(406) 252-2166 (PHONE)
chingle@hollandhart.com (EMAIL)
spcoleman@hollandhart.com (EMAIL)

EVAN R. LEVY (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NEW YORK 10036
(212) 735-3000 (PHONE)
elevy@skadden.com (EMAIL)
 - and –
MARK S. CHEHI (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899
(302) 651-3000 (PHONE)
mchehi@skadden.com (EMAIL)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: | ) Case No. 08-61570 (RBK) |
| YELLOWSTONE MOUNTAIN CLUB, LLC, et al., | ) *Chapter 11* <br> ) Joint Administration |
| Debtors. | ) |

## MEMORANDUM OF LAW
### REGARDING THE RIGHT OF CREDIT SUISSE TO CREDIT BID

Credit Suisse, as sole administrative agent and collateral agent ("Credit Suisse" or the "Agent"), on behalf of itself as lender and the other lenders (the "Prepetition Lenders") under that certain Prepetition Credit Agreement dated as of September 30, 2005, as amended (the "Prepetition Credit Agreement"), hereby files this memorandum regarding the right of the Agent to credit bid.

## PRELIMINARY STATEMENT

1. This memorandum is submitted in connection with the auction scheduled for May 13, 2009 in Billings (the "Auction"). The Agent's bid to purchase operating and development assets of the Debtors (the "Club"), set forth in its letter of May 6, 2009 (the "Bid"), fully qualifies with all provisions of the Court's Order Regarding Bidding Procedures dated April 9, 2009 (dkt. 740) (the "Order"). A substantial component of this Bid is a "credit bid" of a portion of the Prepetition Lenders' allowed secured claim.

## THE AGENT HAS A RIGHT TO CREDIT BID

2. **Agent Has A Right To Credit Bid**. Under section 1129(b)(2)(A)(ii), a sale of collateral free and clear of all liens requires the secured "creditor be allowed to 'credit bid,' under Section 363(k), which permits a creditor to bid the entire amount of its claim at a sale of the debtor's collateral, and, if the creditor purchases the collateral, to offset its claim against the purchase price of the property." *Id.* The Agent is entitled to submit a credit bid under section 363(k) of the Bankruptcy Code and "the right to credit bid may not be taken from the creditor." In re Monarch Beach Ventore, LTD., 166 B.R. 428, 433 (C.D. Cal. 1993).

3. A plan that does not permit a secured creditor to credit bid at a sale of debtor's assets cannot be confirmed. John Hancock Mutual Life Insurance Company v. California

2

Hancock, Inc. (In re California Hancock, Inc.), 88 B.R. 226 (9th Cir. BAP 1988). The "legislative history makes it clear that the rights of section 363(k) attach to sale of property under [a plan of reorganization]." In re Realty Investments, LTD., 72 B.R. 143 (C.D. Cal. 1987).

4. **Agent's Credit Bid Is Equivalent To Cash**. Section 363(k) of the Bankruptcy Code clearly "treats credit bids as a method of payment—the same as if the secured creditor has paid cash in payment of the secured debt." In re HNRC Dissolution Co., 340 B.R. 818, 824-25 (E.D. Ky. 2006).

5. In addition, under Montana law a credit bid is equivalent to a cash bid. Rocky Mountain Bank v. Stuart, 280 Mont. 74, 80-81, 928 P.2d 243, 247 (1996). In Stuart, the Montana Supreme Court held "that an accepted 'credit bid' by the trust indenture beneficiary at a nonjudicial [Small Tract Financing Act] foreclosure sale, defined as the prompt application of the bid amount to the trust indenture grantor's outstanding debt, constitutes payment by the purchaser of the price bid in cash... ." Id.

6. The Ninth Circuit has also acknowledged that a credit bid by a secured creditor is the equivalent of cash. Bank v. State Farm Fire and Casualty Co., 1992 WL 341321 (C.A.9 Cal. 1992). In Bank, the Ninth Circuit agreed with the district court's determination that the secured creditor's credit bid was "no different than if [the secured creditor] had tendered cash to purchase the mortgaged property, or than if some other purchaser had bought to property at the foreclosure sale for the same amount of money." Id.

WHEREFORE, the Agent requests that the Court (a) uphold the Agent's right to credit bid at the Auction, (b) order that any credit bid component of the Bid be treated as cash and (c) grant the Agent such other and further relief as it deems proper.

Dated: May 11, 2009
     Billings, Montana.

                                      /s/ Charles W. Hingle
                                      Charles W. Hingle
                                      Shane P. Coleman
                                      HOLLAND AND HART LLP

Of Counsel:
Evan R. Levy (NY No. 2720068)
SKADDEN, ARPS, SLATE, MEAGHER
  &amp; FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

  - and –
Mark S. Chehi (Del. Bar No. 2855)
SKADDEN, ARPS, SLATE, MEAGHER
  &amp; FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Credit Suisse,
sole administrative agent and collateral agent

4517194_1.DOC