# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**YELLOWSTONE MOUNTAIN CLUB, LLC**,<br><br>Debtor. | Case No. **08-61570-11**<br><br>Jointly Administered with: |
| In re<br><br>**YELLOWSTONE DEVELOPMENT, LLC**,<br><br>Debtor. | Case No. **08-61571-11** |
| In re<br><br>**BIG SKY RIDGE, LLC**,<br><br>Debtor. | Case No. **08-61572-11** |
| In re<br><br>**YELLOWSTONE CLUB CONSTRUCTION COMPANY, LLC**,<br><br>Debtor. | Case No. **08-61573-11** |

# *O R D E R*

At Butte in said District this 18th day of May, 2009.

In the above-referenced Chapter 11 bankruptcies, a hearing was held on May 18, 2009, at

Butte on the approval of the Debtors' Second Amended Joint Plan of Reorganization filed April 3, 2009, at docket entry no. 691. The Debtors were represented at the confirmation hearing by James A. Patten of Billings, Montana and Richard G. Birinyi of Seattle, Washington; Credit Suisse was represented by Mark S. Chehi and Joseph O. Larkin of Wilmington, Delaware, Evan R. Levy of New York, New York, and Shane Coleman of Billings, Montana; the Official Committee of Unsecured Creditors ("UCC") was represented by J. Thomas Beckett of Salt Lake City, Utah, and James H. Cossitt of Kalispell, Montana; CrossHarbor Capital Partners LLC ("CrossHarbor") was represented by Paul D. Moore and Barry D. Green of Boston, Massachusetts; the Yellowstone World Club ("YCW") and its members were represented by John L. Amsden of Bozeman, Montana; the Ad Hoc Committee of Yellowstone Club members was represented by Jonathan B. Alter of Hartford, Connecticut; the Ad Hoc Group of Class B Unit Holders was represented by Clark T. Whitmore of Minneapolis, Minnesota; the Montana Department of Revenue ("MDOR") was represented by attorney Teresa Whitney of Helena, Montana; the Internal Revenue Service ("IRS") was represented by Assistant U.S. Attorney Victoria L. Francis of Billings, Montana; and Timothy L. Blixseth and Desert Ranch, LLP were represented by Joel E. Guthals of Billings, Montana. Ronald Greenspan, Brad Foster, Samuel T. Byrne, Steve Lehr and Edra Blixseth testified and the Debtors' Exhibit A, B and C were admitted into evidence without objection.

      The Debtors filed a ballot report compiled by Kurtzman Carson Consultants LLC which shows that Classes 4, 6, 9, 10, 12 and 14 vote to accept Debtors' Second Amended Joint Plan of Reorganization, while classes 3, 7, 8 and 13 vote to reject Debtors' Second Amended Joint Plan of Reorganization. However, in the hours leading up to the confirmation hearing, the Debtors;

Credit Suisse, Cayman Islands Branch; the UCC; New CH YMC Acquisition LLC; CIP Yellowstone Lending LLC; CrossHarbor Capital Partners LLC; and CrossHarbor Institutional Partners, L.P. agreed in principal to a global settlement termed "Yellowstone Club Settlement Term Sheet" ("STS"). The STS has not yet been filed with the Court, but the STS, because it is a settlement that includes Credit Suisse, may change whether Class 3 and Class 8 creditors accept or reject the Debtors' Plan. Counsel for the Debtors, UCC, CrossHarbor and Credit Suisse thus agreed that the Debtors should have an opportunity to re-solicit the votes of Class 3 and Class 8 creditors.

In addition, counsel for YCW, the MDOR and IRS noted that their objections to confirmation were not insurmountable and in fact, counsel for YCW made the statement that YCW may withdraw its objection to confirmation. The Debtors also sought to cure the objections of various other parties and concluded that the three remaining substantive objections to confirmation were those of Robert Sumpter, Timothy L. Blixseth and Desert Ranch, LLP.[1] No appearance was made at the confirmation hearing by or on behalf of Robert Sumpter.

The Debtors thus proceeded to offer evidence with respect to the outstanding objections of Robert Sumpter, Timothy L. Blixseth and Desert Ranch, LLP. Robert Sumpter objects to confirmation of the Debtors' Plan arguing that his "Membership Agreement is improperly classified, in violation of 11 U.S.C. §1122(a), for the reason that it is placed in Class 14 with Company Memberships, whereas his membership is a Residential Membership. Only claims or interests substantially similar to other claims or interests may be placed into a single class. No

---

[1] The claim of Prim Vintage Development, LP was transferred to Desert Ranch, LLP on or about May 7, 2009. Desert Ranch, LLP is apparently an entity owned or controlled by Timothy L. Blixseth.

3

vote for or against the Plan should be counted in Class 14 for Robert Sumpter since he is not properly included in that class of claims." The record reflects that ownership and control of the Yellowstone Club was transferred from Timothy L. Blixseth to Edra Blixseth, pursuant to a Marital Settlement Agreement, on or about August 12, 2008. Prior to August 12, 2008, Robert Sumpter was the General Manager of the Yellowstone Club. In contemplation of the August 12, 2008, change in ownership and control, Timothy L. Blixseth approved a change to Robert Sumpter's employment contract wherein Robert Sumpter's employment interest was converted into a non-standard residential membership. The membership is considered non-standard because, unlike other members, Robert Sumpter is never required to pay membership dues. Given the circumstances surrounding the transfer and because Robert Sumpter is never required to pay any dues under his membership agreement, the Debtors are exercising their sound business judgment to reject the membership agreement.

The Court finds that the Debtors have good reason to reject Robert Sumpter's membership agreement. In addition, because Robert Sumpter failed to appear and defend his objection, the Court finds that Robert Sumpter has waived his objection to confirmation. Thus, the objection is summarily overruled.

The Court also heard testimony with respect to Timothy L. Blixseth's and Desert Ranch, LLP's objections. The Court, however, did not rule on the aforementioned objections, but instead directed that the Debtors modify their Chapter 11 Plan to incorporate the terms of the STS and to reflect other agreements and modifications that have occurred to date. The Court also granted the Debtors leave to re-solicit the ballots of the Class 3 and Class 8 creditors. Additionally, the Debtors are granted leave to re-solicit the ballots of Class 3 and Class 8 creditors via electronic

means. The Court would direct that the re-solicited ballots of the Class 3 and Class 8 ballots be returned by Friday, May 22, 2009, and would further direct that the Debtors file a modified ballot report by the close of business on May 22, 2009. Upon receipt of the Debtors' modified Chapter 11 Plan, the STS and the modified ballot report, the Court will enter an order regarding the confirmation of the Debtors' Plan, including the outstanding objections thereto filed by Timothy L. Blixseth and Desert Ranch, LLP.

Finally, the Court inquired about the status of the sale of the Chateau de Farcheville in France. The parties could not state with any particularity the status of the sale. However, the parties agreed that despite any prior rulings of this Court and in accordance with the STS, the Debtors are authorized and directed to take any action necessary to consummate a sale of the Chateau de Farcheville. For the reasons stated above and in accordance with the oral rulings made from the bench at the May 18, 2009, confirmation hearing,

IT IS ORDERED that the Debtors are granted leave to re-solicit the ballots of Class 3 and Class 8 creditors via electronic means. The Court would direct that the re-solicited ballots of the Class 3 and Class 8 ballots be returned by Friday, May 22, 2009, and would further direct that the Debtors file a modified ballot report by the close of business on May 22, 2009. Upon receipt of the Debtors' modified Chapter 11 Plan, the STS and the modified ballot report, the Court will enter findings of fact, conclusions of law and an order regarding confirmation of the Debtors' Plan and any remaining objections thereto including the objections filed by Timothy L. Blixseth and Desert Ranch, LLP.

IT IS FURTHER ORDERED that the objection to confirmation of the Debtors' Second Amended Joint Plan of Reorganization filed by Robert Sumpter is summarily denied.

IT IS FURTHER ORDERED that notwithstanding any prior Order of this Court, the Debtors are authorized and directed to take any action necessary to consummate a sale of the Chateau de Farcheville.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana