WILLIAM D. LAMDIN, III
BENJAMIN P. HURSH
**CROWLEY FLECK, PLLP**
305 SOUTH 4TH STREET EAST, SUITE 100
P.O. BOX 7099
MISSOULA, MT 59807-7099
TELEPHONE: (406) 523-3600
FACSIMILE: (406) 523-3636
EMAIL: bhursh@crowleylaw.com

PAUL D. MOORE
**DUANE MORRIS, LLP**
470 ATLANTIC AVENUE, SUITE 500
BOSTON, MA 02210-2600
TELEPHONE: (857) 488-4230
FACSIMILE: (857) 401-3057
PDMoore@duanemorris.com

Attorneys for CrossHarbor Capital Partners LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re: **YELLOWSTONE MOUNTAIN CLUB, LLC,** Debtor | Case No.: **08-61570-11** Jointly Administered With: |
| In Re: **YELLOWSTONE DEVELOPMENT, LLC,** Debtor | Case No.: **08-61571-11** |
| In Re: **BIG SKY RIDGE, LLC,** Debtor | Case No.: **08-61572-11** |
| In Re: **YELLOWSTONE CLUB** | |

| | | |
|---|---|---|
| **CONSTRUCTION COMPANY, LLC,** | ) | Case No.: **08-61573-11** |
| | ) | |
| Debtor | ) | |

## STIPULATION RESOLVING OBJECTIONS TO CONFIRMATION AND ALLEGED OBLIGATIONS IN PROOF OF CLAIMS

CrossHarbor Capital Partners, LLC ("CrossHarbor"), by and through its attorneys, Crowley Fleck PLLP, and Lone View, LLC, Lone View II, LLC and Doug Burgum (collectively, "Lone View"), by and through their attorney, Andrew J. Willett, Drysdale, McLean & Willett, PLLP hereby stipulate that they have entered an agreement that fully resolves any issues raised in Lone View's objection to confirmation and fully satisfies the alleged obligations of Yellowstone Development, LLC ("Debtor") that form the basis of Lone View's Proof of Claims.

In support of this Stipulation, the parties state as follows:

A. On May 11, 2009, Objections to Confirmation were filed by Lone View at Dkts. 853, 855 & 856 (collectively, "Objections"). Along with filing the Objections, Lone View filed a series of Proof of Claims identified in the Claims register at 584-1, 584-2, and 584-3 (collectively, "Proof of Claims"). The Objections and Proof of Claims all arise from an Agreement described below.

B. Debtor entered into a Real Estate Purchase and Sale Agreement on or about December 6, 2007 and a First Amendment to Purchase and Sale Agreement effective December 17, 2007 (as amended, "Agreement").

C As part of the Agreement, three (3) deeds conveying Lots 451, 458 and 464 ("Deeds") from Debtor to Lone View II, LLC were placed in escrow at Security Title Company and were to be released upon completion of certain acts by Debtor.

2

D. Prior to completion of the certain acts by Debtor, Debtor filed bankruptcy.

E. As part of its Plan of Reorganization, Debtor rejected the Agreement.

F. Lone View filed the Objections and Proof of Claims based on the Agreement.

As a result of a new agreement reached between Lone View and CrossHarbor, Lone View withdraws its Objections to confirmation and acknowledges that the claims included in its Proof of Claims are extinguished, and the Parties hereby stipulate (subject only to entry of an order of the Court approving this Stipulation), as follows:

1. Subject to and upon the closing of CrossHarbor's acquisition of equity interests in the Debtor as reorganized ("Reorganized Debtor"), the Reorganized Debtor and Lone View will enter into a new agreement containing the following terms:

   A. Upon all necessary governmental approval and completion of the boundary realignments contemplated in the Agreement (substantially as shown on plans attached as Exhibit A hereto, titled as Lone View II Subdivision), the Reorganized Debtor shall convey the property constituting Lots 451, 458 and 464 to Lone View free and clear of any Credit Suisse and CrossHarbor security interests;

   B. Upon all necessary governmental approval and completion of the boundary realignments contemplated in the Agreement (substantially as shown on plans attached as Exhibit A hereto, titled as Lone View II Subdivision), Lone View shall confirm that Lone View is only entitled to six (6) density units in connection with the original nine (9) subject lots in the Agreement;

   C. Reorganized Debtor shall enter into Postponement Agreements with Lone View, allowing deferment of Membership deposits and Membership dues' payments on the six reconfigured lots until the earlier of (i) a lot being conveyed to a third party, or (ii) December 6, 2013;

   D. Reorganized Debtor shall enter into agreements with Lone View, allowing deferment of the Yellowstone Club Property Owners Association dues' payments and charges associated with the six (6) reconfigured lots until the earlier of (i) a lot being conveyed to a third party, or (ii) December 6, 2013;

   E. The Reorganized Debtor shall pay up to $20,000.00 for the engineering and legal fees associated with the boundary realignment;

3

    F.     Lone View acknowledges that electricity, water, sewer, telephone and roads service the reconfigured lots in sufficient quantities;

    G.     Lone View shall enter into a Membership Postponement Agreement with Reorganized Debtor where Reorganized Debtor agrees to defer Lone View's payment of the Membership Deposit, at the agreed upon price of $300,000.00, for the third membership interest associated with Lone View's purchase of lots 460, 461 and 462 until the second lot of said three lots is sold;

    H.     Lone View shall pay for all costs associated with designing, obtaining approval for and constructing new interior ski trails on the reconfigured lots and any other lots owned by Lone View or its affiliates, provided that to the extent any such interior ski trails serve only Lone View's lots, then such ski trails shall be for the exclusive use of Lone View or its affiliates;

    I.     Security Title Company shall hold the Deeds until completion of the transaction, at which time Lone View and Reorganized Debtor shall jointly instruct Security Title Company to destroy the Deeds; and

    J.     Upon request of either party, the other party agrees to make, execute and deliver or cause to be made, executed and delivered to the requesting party any and all further deeds, realty transfer certificates, plats/amended plats, signature or documents necessary or desirable in order to effectuate, complete or perfect the boundary alignment. For clarification, it is specifically acknowledged by the parties, that where necessary to effectuate the amended plat, the parties will execute quitclaim deeds establishing that any open space on the amended plat shall be owned by the Reorganized Debtor and that Lone View shall own any land that was open space on the original plat but is converted into part of Lone View's lots pursuant to the amended plat.

2.     Lone View and CrossHarbor acknowledge and agree that the terms set forth in Paragraph 1 above were drafted and negotiated in an expeditious manner to accommodate the bankruptcy schedule relating to the Debtor. Accordingly, Lone View and CrossHarbor acknowledge and agree not to circumvent or attempt to circumvent such terms either directly or indirectly, by operation of law or otherwise and that, subject to CrossHarbor acquiring the equity interests in the Reorganized Debtor, the terms and provisions of Paragraph 1 are intended to be binding and enforceable against the parties hereto notwithstanding that time did not permit the parties to provide more specificity or more details herein.

3. Lone View hereby withdraws its Objections to the Plan and accepts in full satisfaction of its Proof of Claims the terms contemplated herein.

4. Lone View and CrossHarbor agree, in furtherance of the purposes hereof, to seek an order of the Court directing Security Title Company to hold the Deeds in escrow until the transaction contemplated herein is completed, at which time Lone View and the Reorganized Debtor will jointly instruct Security Title Company to destroy the Deeds.

5. This Stipulation is the entire general agreement between Lone View and CrossHarbor in respect of the subject matter hereof. This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of Lone View and CrossHarbor, or by order of the Court.

Debtor joins in this Stipulation for the sole purpose of ensuring that the Deeds will continue to be held in escrow until the transaction contemplated in the Agreement is completed in compliance with this Stipulation and subsequent order issued by the Court.

**WHEREFORE** CrossHarbor, Lone View and Debtor move the Court for its Order approving the terms, conditions and covenants of this Stipulation

Dated this 23rd day of May 2009.

William D. Lamdin, III
Benjamin P. Hursh (7048)
**CROWLEY FLECK PLLP**
305 South 4th Street, Suite 100
Missoula, MT 59807
Paul Moore, Esq. (B.B.O. No.: 353100)
**DUANE MORRIS LLP**
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Attorneys for CrossHarbor

/s/ Benjamin P. Hursh
Benjamin P. Hursh

5

Dated this 23rd day of May 2009

                Andrew J. Willett, Esq.
                **DRYSDALE, MCLEAN & WILLETT, PLLP**
                2066 Stadium Dr., Suite 101
                Bozeman, MT 59715
                Attorneys for Creditors Lone View, LLC, Lone View II, LLC and Doug Burgum

                /s/Andrew J. Willett
                Andrew J. Willett

Dated this 23rd day of May 2009

                Richard G. Birinyi
                Lawrence R. Ream
                **BULLIVANT HOUSER BAILEY PC**
                1601 Fifth Avenue, Suite 2300
                Seattle, WA 98101-1618

                James A. Patten (1191)
                **PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC**
                2817 – 2nd Avenue North, Suite 300
                Billings, MT 59101
                Attorneys for Debtors

                /s/
                Richard G. Birinyi

## CERTIFICATE OF SERVICE

I hereby certify that, the foregoing **Stipulation** was electronically filed with the Court and that the same was served by ECF transmission to the parties entitled to receive electronic notification from the Bankruptcy Court's ECF system.

                        CROWLEY FLECK PLLP

                        By /s/ Benjamin P. Hursh
                              Benjamin P. Hursh
                              P. O. Box 7099
                              Missoula, MT 59807-7099