UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**YELLOWSTONE MOUNTAIN CLUB, LLC, et al.,**

Debtors.

Case No. **08-61570-11**

**JOINTLY ADMINISTERED**

*O R D E R*

At Butte in said District this 1st day of June, 2009.

In these jointly administered Chapter 11 bankruptcy cases the Debtors filed on May 8, 2009 (Docket No. 835) a First Interim Application for Professional Fees and Costs ("Application") requesting an interim award of fees for the law firm of Bullivant Houser Bailey PC ("Bullivant Houser Bailey"), in the amount of $286,536.50, and reimbursement for costs in the amount of $7,323.64. The Application includes a Notice in conformity with Mont. LBR 2002-4 and was served on the U.S. Trustee and other parties-in-interest giving the parties 10 days to file a response and request a hearing, and providing that failure to respond shall be deemed an admission that the relief requested should be granted. No objections have been filed. The U.S. Trustee has not filed a response to the Application under 28 U.S.C. § 586(a)(3)(A)(ii).

1

Interim fee awards are authorized by 11 U.S.C. § 331 which provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

This Court liberally allows interim payments under § 331 to alleviate economic hardship in protracted causes and thereby facilitate competent and efficient administration. *In re Towe*, 14 Mont. B.R. 214, 216 (Bankr. D. Mont. 1995) states:

> In addition, this Court liberally allows interim payments under the provisions of 11 U.S.C. § 331. *In re Brown*, 10 Mont. B.R. 309, 310-311 (1992). In *Brown* the Court wrote:
>
>> Section 331 of the Bankruptcy Code explicitly authorizes the interim allowance of interim compensation and reimbursement of expenses. 11 U.S.C. § 331; *In re Franklin F. Regan, Jr., (Regan)* 22 B.C.D. 713, 714 (Bankr. E.D.N.Y.1992). The purpose of interim compensation to court approved officers prior to the outcome of the case is to alleviate economic hardship in protracted causes and thereby facilitate competent and efficient administration. *Id.* "Interim allowance" was a term of art under the former Bankruptcy Act, representing a payment on account of the final fee allowance awarded at the end of a bankruptcy case. *Id.*
>>
>> At the end of a case the Court could evaluate fee applications in light of certain criteria, including the results achieved, the contribution of each party, the total amount available for distribution, and the aggregate economic burden that allowances of compensation might impose upon a debtor or estate. *Id.* The Third Circuit stated, "[s]ound practice dictates that ordinarily all final allowances, including those to the trustee and his counsel, should await consummation of the proceeding." *Id. (quoting In re Keystone Holding Co.*, 117 F.2d 1003, 1006 (3d Cir. 1941)).

Interim fee awards are interlocutory only and not a final adjudication of the issue of compensation. *In re Columbia Plastics, Inc.* 251 B.R. 580, 590 (Bankr. W.D. Wash. 2000); *In re Callister*, 673 F.2d 305, 307 (10th Cir. 1982).

The instant interim Application includes a detailed explanation of the services provided, and a 41-page billing statements setting forth services provided, dates, and times.  The Court notes that there are several entries which reflect lumping of several tasks in single entries – for example two entries dated 2/19/09 for tasks totaling 15.4 hours and 7.3 hours, two entries dated 2/23/09 for tasks totaling 6.7 hours and 6.4 hours, and an entry dated 2/24/09 of 4.2 hours.  After review of the Application and billing statements, notwithstanding the liberal policy allowing interim fees under § 331, the Court will award the applicants $260,000 of the interim fees requested.  The remainder of the requested interim fees will not be awarded because of lumping of services without providing the increments of time used and itemizing each task separately as required by Mont. LBR 2016-1(a), which provides in pertinent part:

> Professional fees shall be documented through contemporaneous billing records. *Each task shall be itemized separately, identifying the task performed, the amount of time involved, and the fee for each time entry*.  The Court may deny compensation for tasks which are lumped together in one entry if the cumulative time for those tasks exceeds one hour.  Lumping shall be permitted for cumulative tasks which do not exceed one hour.  (Emphasis added)

The entries cited for example on the billing records all exceed one hour, and there are other instances of lumping tasks together in single entries throughout the billing statement.  Therefore, pursuant to LBR 2016-1(a) the Court will allow interim compensation of $260,000.00 but denies interim approval of the remainder of the fees requested for lumping.  The Debtor and/or applicants may provide further detail for lumped entries in satisfaction of LBR 2016-1(a) in their Final Application.

With respect to the costs, the $7,323.64 requested includes $306.60 at page 4 for "Document Production/Copies," but does not state or show that the request is in compliance with LBR 2016-1(c) which allows photocopy costs at the rate of $.10 per page unless the professional

proves a greater actual cost. Because the Application does not state the per page charged, the Court will not grant interim approval for the $306.60 in "Document Production/Copies," but applicants may provide additional explanation of the per page charged or actual cost in their final application.

**IT IS ORDERED** the Debtor's First Interim Application for Professional Fees and Costs for Bullivant Houser Bailey filed on May 8, 2009 (Docket No. 835) is approved in part and denied in part; Bullivant Houser Bailey is awarded interim fees in the amount of $260,000.00 and costs incurred in the sum of $7,017.04, with final approval of these and all professional fees and costs to await the filing of a Final Application for compensation.

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana