IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| In re ) | | Case No. 08-61570-11 |
| ) | | |
| YELLOWSTONE MOUNTAIN CLUB, LLC, et al., ) | | Jointly Administered |
| ) | | |
| Debtors. ) | | |
| _____) | _____ | |

**MEMORANDUM of DECISION setting forth
FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEBTORS'
PROPOSED PLAN OF REORGANIZATION**
_____

In the above-referenced Chapter 11 bankruptcies, a hearing under 11 U.S.C. § 1128(a) and Bankruptcy Rule 3020(b)(2) was held May 18, 2009, in Butte on approval of the Debtors' Second Amended Joint Plan of Reorganization filed April 3, 2009, at docket entry no. 691. The Debtors were represented at the confirmation hearing by James A. Patten of Billings, Montana and Richard G. Birinyi of Seattle, Washington; Credit Suisse was represented by Mark S. Chehi and Joseph O. Larkin of Wilmington, Delaware, Evan R. Levy of New York, New York, and Shane Coleman of Billings, Montana; the Official Committee of Unsecured Creditors ("UCC") was represented by J. Thomas Beckett of Salt Lake City, Utah, and James H. Cossitt of Kalispell, Montana; CrossHarbor Capital Partners LLC ("CrossHarbor") was represented by Paul D. Moore and Barry D. Green of Boston, Massachusetts; the Yellowstone World Club ("YCW") and its members were represented by John L. Amsden of Bozeman, Montana; the Ad Hoc Committee of Yellowstone Club members was represented by Jonathan B. Alter of Hartford, Connecticut; the Ad Hoc Group of Class B Unit Holders was represented by Clark T. Whitmore of Minneapolis,

1

Minnesota; the Montana Department of Revenue ("MDOR") was represented by attorney Teresa Whitney of Helena, Montana; the Internal Revenue Service ("IRS") was represented by Assistant U.S. Attorney Victoria L. Francis of Billings, Montana; and Timothy L. Blixseth and Desert Ranch, LLP were represented by Joel E. Guthals of Billings, Montana. Ronald Greenspan, Brad Foster, Samuel T. Byrne, Steve Lehr and Edra Blixseth testified and the Debtors' Exhibit A, B and C were admitted into evidence without objection.

    Prior to the May 18, 2009, confirmation hearing, the Debtors filed a ballot report compiled by Kurtzman Carson Consultants LLC which shows that Classes 4, 6, 9, 10, 12 and 14 voted to accept Debtors' Second Amended Joint Plan of Reorganization, while classes 3, 7, 8 and 13 voted to reject Debtors' Second Amended Joint Plan of Reorganization. However, in the hours leading up to the May 18, 2009, confirmation hearing, the Debtors; Credit Suisse, Cayman Islands Branch; the UCC; New CH YMC Acquisition LLC; CIP Yellowstone Lending LLC; CrossHarbor Capital Partners LLC; and CrossHarbor Institutional Partners, L.P. agreed in principal to a global settlement termed "Yellowstone Club Settlement Term Sheet" ("STS"). A signed copy of the STS was presented to the Court on May 18, 2009, but was not filed until May 22, 2009, when the Debtors filed their Third Amended Joint Plan of Reorganization on May 22, 2009, at docket entry number 947. The STS, because it was a settlement that included Credit Suisse, arguably impacted whether Class 3 and Class 8 creditors would accept or reject the Debtors' Plan. Counsel for the Debtors, UCC, CrossHarbor and Credit Suisse thus agreed that the Debtors should have an opportunity to re-solicit the votes of Class 3 and Class 8 creditors. Moreover, while amendment of the Debtors' proposed joint plan was not required by the STS, the Court, in an effort to provide clarity to all parties going forward, directed the Debtors to amend their plan to specifically incorporate the STS.

Also at the May 18, 2009, confirmation hearing, counsel for YCW, the MDOR and IRS noted that their objections to confirmation were not insurmountable and in fact, counsel for YCW made the statement that YCW may withdraw its objection to confirmation. The Debtors also sought to cure the objections of various other parties and concluded that the three remaining substantive objections to confirmation were those of Robert Sumpter, Timothy L. Blixseth and Desert Ranch, LLP. No appearance was made at the May 18, 2009, confirmation hearing by or on behalf of Robert Sumpter. Thus, in an Order entered May 18, 2009, the Court summarily overruled Robert Sumpter's objection to confirmation.

The Debtors' Third Amended Joint Plan of Reorganization was filed on May 22, 2009,[1] at docket entry number 947, and as previously noted, is accompanied by the STS. The STS was also filed separately with a new Credit Agreement on May 28, 2009, at docket entry number 985. Highland Capital Management, L.P., although not objecting to Debtors' Second Amended Joint Plan of Reorganization or appearing at the confirmation hearing, filed an Objection to Confirmation of the Debtors' Third Amended Joint Plan of Reorganization and approval of the STS on May 22, 2009, at docket entry number 943. Timothy L. Blixseth also filed a separate and continuing objection to confirmation on May 26, 2009, at docket entry number 969. Debtors' filed a report to the Court on the status of confirmation on May 22, 2009, at docket entry number 951 setting forth the following:

**A. Report**

1. The Debtors have filed a Ballot Summary with respect to the percentages of acceptance and rejection of the Plan of Reorganization by the Class 3 and Class 8 Creditors.

---

[1] The Third Amended Joint Plan of Reorganization filed May 22, 2009, contained errors that occurred when the document was converted to pdf format. Thus, the Third Amended Joint Plan of Reorganization was refiled, without conversion errors, on May 29, 2009, at docket entry number 995.

2. The Debtors have filed a Certification of Service with respect to the resolicitation.

3. The Debtors have confirmed that they have reached agreement with the Montana Department of Revenue with respect to certain non material modifications to the plan in connection with its claim.

4. The Debtors have confirmed that they have reached agreement with the Internal Revenue Service with respect to certain non material modifications to the Plan and have agreed with the Service that all unfiled returns will be filed no later than the Effective Date.

5. The Debtors also understand that the Acquirer have agreed in principal to the terms of a stipulation with Lone View, LLC, Lone View II, LLC and Doug Burgum (collectively, "Lone View") regarding Lone View's claims and interests in connection with a pre-petition purchase and sale agreement that is scheduled for rejection and that the stipulation will be filed shortly.[2]

6. As indicated during the Confirmation Hearing, Schedule 1.87 has been amended to add Yoav Rubenstein's second residential membership.

7. All parties to the Yellowstone Club Settlement Term Sheet have agreed to the conforming modifications to the Second Amended Plan of Reorganization and the Liquidation Trust Agreement.

8. All parties to the Yellowstone Club Settlement Term Sheet have agreed to the provisions of the proposed Findings of Fact and Conclusions of Law and the proposed Confirmation Order, which has been lodged with the Court. Additionally, the Debtors have provided the Court with an editable version in accordance with the local rules.

**B. Reballoting**

1. The ballot report compiled by Kurtzman Carson Consultants LLC includes a detailed summary of the reballoting of Class 3 and Class 8. It shows that those two Classes accepted the Modified Plan based on the negotiated terms contained in the Yellowstone Club Settlement Term Sheet the requisite voting percentages.

**C. Remaining Matters**

1. Mr. Blixseth continues to assert his good faith objection.

---

[2] Such stipulation was filed on May 23, 2009, at docket entry number 953, and approved May 28, 2009, at docket entry number 983.

      2. Desert Ranch LLP continues to assert its objection based on an alleged deficiency claim.

      3. Despite not appearing at the Confirmation Hearing, Mr. Sumpter continues to assert an objection, apparently to the Debtor's decision, after consultation with the Acquirer to reject his contract and has filed a motion seeking a mandatory injunction directing that the Debtors breach the terms of the Definitive Agreement and modify Schedule 1.87 to include his alleged residential contract.

      4. In addition, Mr. Blixseth and his son have filed new pleadings seeking a mandatory injunction directing that the Debtors breach the terms of the Definitive Agreement and modify Schedule 1.87 to include two additional alleged residential contracts.

      5. Highland has filed a late objection to confirmation of the Third Modified Plan based on a speculative assertion regarding the language of the Yellowstone Settlement Term Sheet.

While the Court considered the record on confirmation closed at the conclusion of the May 18, 2009, confirmation hearing, the Court did hold an additional hearing on June 1, 2009, in Butte to consider Robert Sumpter's Amended Motion to Amend Schedule 1.87 (Membership Assumption Schedule) and Amended Motion for New Trial or to Alter or Amend Judgment (Rule 9023) and for Relief from Judgment or Order (Rule 9024). The Court also wanted to provide Highland Capital Management, L.P. an opportunity to explain why it did not object to Debtors' Second Amended Joint Plan of Reorganization, but was now objecting to confirmation of Debtors' Third Amended Joint Plan of Reorganization. In a separate Memorandum of Decision and Order entered this same date, the Court declined to give Sumpter a second bite of the apple, and thus, his motion to amend and motion for a new trial or to alter or amend judgment were denied. Consequently, Robert Sumpter's objection to confirmation remains overruled per the Court's Order of May 18, 2009, and will not be considered further by the Court. The Court also concludes that the documents in this case, and in particular, Credit Suisse's Exhibit 1 and Highland Capital Management, L.P.'s Exhibit 11, which were admitted into evidence at the June

5

1, 2009, hearing without objection, speak for themselves and further testimony concerning the agreements between Credit Suisse and its syndicated lenders is not necessary. Therefore, having considered Debtors' Third Amended Joint Plan of Reorganization, the STS, the arguments of counsel, the evidence received, and the record in this case, the Court makes the following Findings of Fact and Conclusions of Law:

## I.   FINDINGS OF FACT

1. The Plan Proponents have complied with the notice requirements set forth by the Court and the notice requirements of the Bankruptcy Code and Bankruptcy Rules with respect to the Third Amended Joint Plan of Reorganization and the Confirmation Hearing. As set forth in the Affidavit of Service filed by the Debtors pertaining to the distribution of the Second Amended Plan, notice of the Second Amended Plan and the Confirmation Hearing were proper, appropriate and adequate as to all creditors and equity security holders of the Debtors and all other interested parties.

2. The Third Amended Joint Plan of Reorganization reflects a manner of liquidating and reorganizing the Debtors' businesses, properties, and obligations that complies with and is acceptable under the Bankruptcy Code.

3. The Plan Proponents (including its officers, directors and employees) have proposed the Third Amended Joint Plan of Reorganization in good faith and not by any means forbidden by law. Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Third Amended Joint Plan of Reorganization.

4. Pursuant to the Third Amended Joint Plan of Reorganization, the Debtors' Project will be indirectly sold (by means of a Transfer of the reissued membership interests in the Debtors (other than YCC; the Debtors other than YCC, the "Project Debtors")) pursuant to the terms of the Definitive Agreement (as amended), a copy of which is attached to the Third

6

Amended Joint Plan of Reorganization, the Required Plan Payments will be disbursed on the later of Effective Date or the date an order allowing any particular claim is entered, and the remaining property will be transferred and conveyed to the Liquidation Trust.

5. The Acquirer of the Project Debtors' limited liability company membership interest is a Delaware limited liability company, New CH YMC Acquisition LLC. At the closing of the sale, New CH YMC Acquisition LLC shall pay the Debtors and the Trustee $35,000,000 to disburse in accordance with the Third Amended Joint Plan of Reorganization, provide Credit Suisse as agent for First Lien Lenders, a promissory note in the principal amount of $80,000,000 in the form contemplated by the Credit Agreement that is attached to the Yellowstone Club Settlement Term Sheet and grant Credit Suisse, as agent for the First Lien Lenders, a first lien mortgage and security agreement as contemplated by the Credit Agreement that is attached to the Yellowstone Club Settlement Term Sheet.

6. At and after the Effective Date, the Debtors, Disbursing Agent, and Trustee shall make transfers and Distributions in accordance with the Third Amended Joint Plan of Reorganization.

7. No Debtor is subject to the jurisdiction of any rate setting regulatory authority.

8. Ten classes of creditors are impaired under the Third Amended Joint Plan of Reorganization.

9. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Third Amended Joint Plan of Reorganization provides for the full payment in cash of all allowed administrative expense claims on the Third Amended Joint Plan of Reorganization's Effective Date.

10. Except to the extent that the holder of a particular claim has agreed to a different

treatment of such claim, the Third Amended Joint Plan of Reorganization provides that all allowed priority tax claims will be paid, in cash on the later of the Effective Date or the date an order of the Court fixing the claim becomes a Final Order.

11. There are no priority claims of the kind specified in 11 U.S.C. § 507(a)(1), 507(a)(3), 507(a)(6), 507(a)(7) or 507(a)(9).

12. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Debtors' Third Amended Joint Plan of Reorganization provides that all priority claims, if any exist, of the kind specified in 11 U.S.C. § 507(a)(4) and 507(a)(5) will be paid, in cash, on the later of the Effective Date or the date an order of the Court fixing the claim becomes a Final Order.

13. At least one class of claims that is impaired under the Third Amended Joint Plan of Reorganization has accepted the Third Amended Joint Plan of Reorganization, determined without including an acceptance of the Third Amended Joint Plan of Reorganization by an insider.

14. The Third Amended Joint Plan of Reorganization provides for the sale (both directly and indirectly) of the Debtors' assets.

15. The Third Amended Joint Plan of Reorganization provides for the assumption of certain executory contracts and unexpired leases pursuant to the provisions of 11 U.S.C. § 365.

16. The Third Amended Joint Plan of Reorganization provides for the payment of all fees payable under 28 U.S.C. § 1930 in full on the Effective Date.

17. 11 U.S.C. § 1114 is not applicable in this case.

18. The Debtors made certain modifications to the Second Amended Plan to address various other comments from parties in interest (the "Modifications"). Those Modifications to

the Second Amended Plan have been incorporated into the Third Amended Joint Plan of Reorganization which was filed with the Court on May 22, 2009, at docket entry number 947, as corrected May 29, 2009, at docket entry number 995, and was referenced at the Confirmation Hearing.

19. The Modifications do not adversely change the treatment of the Allowed Claim of any creditor or the Interest of any equity security holder who has not accepted the Modifications in writing. The only parties materially affected by the modifications are the First Lien Lenders, who have voted as a Class to accept the modifications. No subsequent solicitation is necessary as a result of the Modifications. Notice under Rule 9019, F.R.B.P., is not required because the modification effects no material change and incorporates the substance of prior orders of this Court. *See, e.g. In re Armstrong World Indus.*, 348 B.R. 136, 160 (Bankr. D. Del. 2006)(EPA claims unimpaired since plan treatment consistent with terms of settlement); *In re American Family Enterprises*, 256 B.R. 377, 404 (D. N.M. 2000) ("[t]here is legal support to the effect that Plan Class 6 is unimpaired inasmuch as the Settlement Agreement establishes the legal, equitable and contractual rights of the Class Members and the Plan gives Class 6 precisely the consideration established by the Settlement Agreement"); *In re Drexel Burnham Lambert Group, Inc.*, 130 B.R. 910, 928 (S.D.N.Y. 1991), *aff'd* 960 F.2d 285 (2d Cir. 1992).

20. By order of this Court, Kurtzman, Carson Consultants, LLC was appointed to, *inter alia*, tabulate the vote on the Plan [Docket # 732, #739, and #750]. A Voting Certification has been filed with the Court ("Certification") [Docket # 980]. The Certification states that Ballots were sent to creditors entitled to vote and that the ballots received were tabulated and a Final Summary by Class was attached to the Certification. The Final Voting Summary, along with the reballoting of Class 3 and 8 show the following voting results based upon the requisite

number and amount of the relevant ballots:

        Class 3- Accept
        Class 4- Accept
        Class 7- Reject
        Class 8- Accept
        Class 9- Accept
        Class 10-Accept
        Class 12-Accept
        Class 13-Accept
        Class 14-Reject

21. Class 6 did not vote and did not file any objections. Class 7 and 14 are insiders.

22. There are no classes of claims that elected the application of 11 U.S.C. § 1111(b)(2).

23. The Plan Proponent requested that the Court confirm the Third Amended Joint Plan of Reorganization pursuant to the provisions of 11 U.S.C. § 1129(b) notwithstanding the rejection of the Plan by Class 14 creditors.

24. Adequate notice of the Debtors' request under 11 U.S.C. § 1129(b) has been given to the holders of claims in all Classes.

25. Following the Modifications described in Findings 18 and 19 there were two remaining objections to the confirmation of the Third Amended Joint Plan of Reorganization, one from Timothy Blixseth and Desert Ranch LLP and one from Highland Capital Management, L.P. Timothy Blixseth's objection asserts that he adopted the objections made by the First Lien Agent and that the Plan was not filed in good faith but was a continuation of bad faith occurring pre- and post-petition by Edra Blixseth, Timothy Blixseth's ex-spouse. The Desert Ranch LLP objection was based on the denial of any deficiency claim held by Desert Ranch LLC.

26. Timothy L. Blixseth offered no credible evidence of bad faith to this Court at the Confirmation Hearing or otherwise. The Court expressly finds that the Debtors have proposed the Third Amended Joint Plan of Reorganization and the Yellowstone Club Settlement Term

Sheet in good faith and not by any means forbidden by law.

27. Desert Ranch LLP, an entity controlled by Timothy Blixseth, objects based upon an alleged deficiency claim arising from a purchase price mortgage. Desert Ranch LLP has attached a mortgage and a promissory note to its objection, both dated April 1, 2002. Recital A to the mortgage states that Mortgagee has sold property to the Mortgagor "on a promissory note of even date herewith." The Debtors assert that when a mortgagee is the seller, the mortgage is a purchase price mortgage under the law and no deficiency is allowed on a purchase price mortgage pursuant to Mont. Code Ann. § 71-1-232. The Debtors also assert that the objection of Desert Ranch LLP that the Plan fails to provide for its asserted deficiency claim is without merit as Desert Ranch LLP is not entitled to a deficiency claim. The Court does not need to resolve the issues at this time, however, because the Debtors have agreed that in the event this Court determines that Desert Ranch LLP is in fact entitled to an unsecured deficiency claim, then Class 4 of the Third Amended Joint Plan of Reorganization governs the treatment of any such claim.

28. Highland Capital Management, L.P. argues that, as drafted, the release and exculpation provisions of the Third Amended Joint Plan of Reorganization and STS could be interpreted to effectuate releases of liability as between the Prepetition Lenders and Credit Suisse, Cayman Islands Branch (the "Prepetition Agent"). In other words, in addition to the mutual releases being given between the Debtors, CrossHarbor and the Prepetition Lenders, the Prepetition Lenders could be forced to release the Prepetition Agent, their own agent, for all acts and omissions of the Prepetition Agent that took place prior to the Confirmation Date.

29. The documents in this case speak for themselves and the issue between the Prepetition Lenders and Credit Suisse, Cayman Islands Branch (the "Prepetition Agent"), on the one hand, and Highland Capital Management, L.P., on the other, is a non-core matter between third parties. If a dispute arises between the Prepetition Lenders, Credit Suisse, Cayman Islands

Branch, and Highland Capital Management, L.P., the parties can resolve such dispute in the appropriate forum at the appropriate time. The Court does not need to resolve such issue, if one exists, at this time.

30. The Third Amended Joint Plan of Reorganization's provisions and the treatment of the Claims and Interests in Class 7 and 14, are fair and equitable and do not unfairly discriminate against the holder of such claims and interests.

31. The Third Amended Joint Plan of Reorganization provides for full payment, together with interest at the appropriate rate, or other treatment acceptable, to each Holder of an Allowed secured claim or interest, with the present value of such holder's allowed claim as of the Effective Date of the Plan, or such other treatment of its claim acceptable to such holder. As to non-insider unsecured claims, the Third Amended Joint Plan of Reorganization provides that no holder of a junior class of claims or interests shall receive any distribution under the Third Amended Joint Plan of Reorganization on account of such junior interest before the payment of a senior class of claims

32. No creditor would receive a greater distribution under liquidation under Chapter 7.

33. No other plans of reorganization are being considered for confirmation in this case.

34. No governmental entity has made a request pursuant to 11 U.S.C. § 1129(d).

35. The Third Amended Joint Plan of Reorganization provides in Article X, 10.1.5, that the Court retains jurisdiction to rule upon applications for allowance of Administrative Expense Claims and Professional Compensation Claims.

36. No insider within the meaning of 11 U.S.C. §101(31) is a director, officer, or voting trustee of the Reorganized Debtor or of the Liquidation Trust.

37. The Confirmation of the Third Amended Joint Plan of Reorganization is not likely to be followed by a liquidation or further reorganization by the Debtors or the Reorganized Debtors beyond the liquidation of the non-Project Assets proposed by the Third Amended Joint Plan of Reorganization.

38. The provisions of 11 U.S.C. §1129(a)(13), (14), (15) and (16) are not applicable to the Third Amended Joint Plan of Reorganization or the Plan Proponent.

39. In light of the distribution provisions incorporated into the Third Amended Joint Plan of Reorganization and the provisions of the Yellowstone Club Settlement Term Sheet, substantive consolidation of all the Debtors as set forth in § 8.6 of the Third Amended Joint Plan of Reorganization is appropriate because no creditor will be prejudiced by the consolidation and the benefits of having only one Liquidation Trust liquidate the remaining assets outweighs any detriment to any creditor.

40. Under the applicable standards governing approval of settlements in the Ninth Circuit, the Yellowstone Club Settlement Term Sheet and its provisions are reasonable and represent an appropriate compromise of disputed matters and should be approved pursuant to the provisions of Bankruptcy Rule 9019.

41. By the nature of their subject matter, questions of fact and law addressed in these Findings of Fact and Conclusions of Law are not always distinguishable from each other. Accordingly, to the extent that any of the above stated Findings of Fact more properly are treated as Conclusions of Law, and to the extent that any of the below stated Conclusions of Law are more properly treated as Findings of Fact, the same are deemed to constitute Findings of Fact.

## II. CONCLUSIONS OF LAW

a. This Court has core jurisdiction over this case and the matters set forth in the Confirmation Order and over all creditors, equity security holders and parties in interest pursuant

to 28 U.S.C. §§ 1334 and 157 and the General Order of Reference in this District; this is a core proceeding.

b. The Debtors' Third Amended Joint Plan of Reorganization has been deemed accepted in writing by the Creditors and Interest holders whose acceptance is required by law.

c. All persons entitled to notice of the Confirmation Hearing received such notice in a timely fashion in accordance with the prior orders of this Court and such notice was adequate to bind all parties in interest to the terms of the Third Amended Joint Plan of Reorganization and the Confirmation Order.

d. Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 1127, the Modifications to the Second Amended Plan that have occurred subsequent to solicitation are deemed accepted by all creditors and equity security holders who have previously accepted the Second Amended Plan. No disclosure of information, solicitation of votes or voting is required with the possible exception of Classes 3 and 8 with respect to these Modifications, and such classes have, in any event, reballoted and have voted, each as a Class, to accept the Third Amended Joint Plan of Reorganization. No notice and hearing is required to approve the settlements reached and incorporated into the Modifications as there are no material changes resulting from the Modifications as to any class, except Classes 3 and 8, both of which have revoted to accept the Debtors' Third Amended Joint Plan of Reorganization.

e. Pursuant to Bankruptcy Rule 9019, the Yellowstone Club Settlement Term Sheet is approved.

f. The Third Amended Joint Plan of Reorganization complies, and the Plan Proponents have complied, with each and every applicable provision of Title 11, including the provisions of 11 U.S.C. § 1129 and all other applicable state and federal law.

g. Pursuant to 11 U.S.C. § 1129(a)(1) the Third Amended Joint Plan of

Reorganization complies with the applicable provisions of the Bankruptcy Code, including §§ 1122 and 1123.

  h.  The classifications of claims and interests under the Third Amended Joint Plan of Reorganization complies with § 1122 and 1123(a)(1) of the Bankruptcy Code.

  I.  In accordance with 11 U.S.C. § 1123(a)(2) and (3), the Third Amended Joint Plan of Reorganization specifies the impaired and unimpaired classes of claims and interests.

  j.  Pursuant to 11 U.S.C. §§ 1123(a)(5)(C) and 1123(b)(6) the Third Amended Joint Plan of Reorganization provides for the consolidation of the Debtors in a manner permitted by and in accordance with applicable law.

  k.  Pursuant to 11 U.S.C. § 1129(a)(2) the Plan Proponents have complied with the applicable provisions of the Bankruptcy Code. The solicitation of votes from holders of claims was undertaken in good faith and, therefore, the Debtors and their respective directors, officers, and professionals are entitled to the protection of 11 U.S.C. § 1125(e).

  l.  Pursuant to 11 U.S.C. § 1129(a)(3) the Third Amended Joint Plan of Reorganization has been proposed in good faith and not by any means forbidden by law.

  m.  Pursuant to 11 U.S.C. § 1129(a)(4), all payments made or promised by the Debtors and the Reorganized Debtors under the Third Amended Joint Plan of Reorganization or by any other person for services or for costs and expenses, or in conjunction with the Third Amended Joint Plan of Reorganization and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Third Amended Joint Plan of Reorganization, will be subject to the approval of the Court.

  n.  Pursuant to 11 U.S.C. § 1129(a)(5) the identity of any insiders who will act as an officer, director, or trustee have been disclosed.

  o.  Pursuant to 11 U.S.C. § 1129(a)(6) the Debtors are not subject to the jurisdiction

of any governmental regulatory rate commission of the kind described there so that 11 U.S.C. § 1129(a)(6) does not apply to the Third Amended Joint Plan of Reorganization.

  p. Pursuant to 11 U.S.C. § 1129(a)(7) all classes that are impaired under the Third Amended Joint Plan of Reorganization and each holder of a claim or interest in each class under the Third Amended Joint Plan of Reorganization has accepted the Third Amended Joint Plan of Reorganization or will receive or retain property under the Third Amended Joint Plan of Reorganization on account of such claim or interest of a value, as of the effective date of the Third Amended Joint Plan of Reorganization, that is not less than the amount that such holder would so receive or retain if the debtors were liquidated under Chapter 7 of this title on such date.

  q. Pursuant to 11 U.S.C. § 1129(a)(8), Classes 3, 4, 8, 9,10, 11 and 13 have accepted the Debtors' Third Amended Joint Plan of Reorganization.

  r. Pursuant to 11 U.S.C. § 1129(a)(9) the Third Amended Joint Plan of Reorganization provides for the treatment of claims of a type described in 11 U.S.C. §§ 507(a)(1)-(8) in the manner prescribed in 11 U.S.C. § 1129(a)(9).

  s. Pursuant to 11 U.S.C. § 1129(a)(10) at least one class of claims that is impaired under the plan is deemed to have accepted the Third Amended Joint Plan of Reorganization, without including insider ballots.

  t. Pursuant to 11 U.S.C. § 1129(a)(11) the Plan proposes to indirectly liquidate the Project and to liquidate the Debtors' remaining assets and confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors with respect to the non Project Assets, and confirmation is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debtors.

  u. Pursuant to 11 U.S.C. § 1129(a)(12) all fees payable under 28 U.S.C. § 1930 have

been paid or shall be paid pursuant to the Third Amended Joint Plan of Reorganization on the Effective Date, and any fees payable under such section payable after the Effective Date shall be paid by the Trustee.

v. Pursuant to 11 U.S.C. § 1129(a)(13) the provisions of such section regarding continuation of retiree benefits are not applicable in this case.

w. Pursuant to 11 U.S.C.§ 1129(b), all of the applicable requirements of § 1129(a) except sub-paragraph (8) are met with respect to Classes 7 and 14.

x. Pursuant to 11 U.S.C. § 1129(b) the Third Amended Joint Plan of Reorganization does not discriminate unfairly and is fair and equitable with respect to the claims in all Classes.

y. 11 U.S.C. § 1129(c) and (d) are inapplicable in this case.

z. In addition, nothing in the Third Amended Joint Plan of Reorganization relieves any co-debtor or guarantor third party from any liability they may have on account of any co-debtor or guarantor obligation in respect of debts and claims as defined in 11 U.S.C. § 101(5) of the Bankruptcy against the Debtors or Debtors in Possession.

Consistent with this Memorandum of Decision setting forth the Court's findings of fact and conclusions of law regarding Debtors' proposed plan of reorganization, the Court will enter a separate order overruling the objections to confirmation of the Debtors' Third Amended Joint Plan of Reorganization filed by Timothy L. Blixseth, Desert Ranch, LLP, and Highland Capital Management, L.P., and will confirm the Debtors' Chapter 13 Plan.

Dated this 2nd day of June 2009.

BY THE COURT

_Ralph B. Kirscher_
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

17