IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| In re | ) | Case No. 08-61570-11 |
| | ) | |
| **YELLOWSTONE MOUNTAIN CLUB, LLC, et al.,** | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| _____ | ) | _____ |

**ORDER CONFIRMING DEBTORS' PROPOSED PLAN OF REORGANIZATION**
_____

At Butte in said District this 2nd day of June, 2009.

A hearing under 11 U.S.C. §1128(a) and Bankruptcy Rules 9019 and 3020(b)(2) to consider the confirmation of the Plan of Reorganization (the "Plan") for the YELLOWSTONE MOUNTAIN CLUB LLC, YELLOWSTONE DEVELOPMENT LLC, BIG SKY RIDGE LLC and YELLOWSTONE CLUB CONSTRUCTION COMPANY, INC. ("Debtors"), after due and proper notice, was held on May 18, 2009, (the "Confirmation Hearing"), in Butte.  Appearances at the confirmation hearing were as indicated in the Memorandum of Decision setting forth findings of fact and conclusions of law regarding Debtors' proposed plan of reorganization entered this same date.  In this Confirmation Order ("Order") capitalized terms not defined herein have the meaning ascribed to them in the Plan or in the Findings of Fact and Conclusions of Law entered concurrently herewith unless otherwise noted.

Based on the Findings of Fact and Conclusions of Law, the other pleadings and records on file in this case, including, *inter alia* and without limitation, the Plan, the arguments of counsel, and the evidence presented at the Confirmation Hearing, and throughout these cases, the Court has determined that entry of this Order confirming the Plan is appropriate.  Therefore,

1

IT IS ORDERED as follows:

1. The Third Amended Joint Plan of Reorganization filed by the Debtors at Docket Entry Numbers 947 and 995, and which incorporates the Modifications identified in the Findings of Fact and Conclusions of Law and the terms of the Yellowstone Club Settlement Term Sheet, satisfies all of the requirements of confirmation set forth in 11 U.S.C. § 1129 and is hereby confirmed.

2. The Debtors, Reorganized Debtors and Liquidation Trustee are authorized to and directed to take all actions which they deem reasonably necessary or appropriate to implement the Plan and any agreements or settlements embodied therein, including the Yellowstone Club Settlement Term Sheet and Trust Agreement, in accordance with the terms thereof.

3. The provisions of the Plan and the Yellowstone Club Settlement Term Sheet bind the Debtors, the Reorganized Debtors, the Trustee, the Disbursing Agent, New CH YMC Acquisitions LLC, the First Lien Agent and the First Lien Lenders and any Person receiving property under the Plan, and any holder of a Claim against or Interest in the Debtors or the Reorganized Debtors whether or not the Claim or Interest is impaired under the Plan and whether or not such holder has accepted the Plan.

4. On the Effective Date, Claims against and Interests in the Debtors shall be deemed satisfied and released to the fullest extent permitted by the Bankruptcy Code, other than the rights of Holders of Allowed Claims and Interests to receive the treatment specified in the Plan for such Holders. The rights afforded in the Plan, and the treatment of all Claims and Interests thereunder shall be in exchange for, and in complete satisfaction and release of any and all Claims and Interests that arose prior to the Confirmation Date.

5. The provisions of the Plan and the Yellowstone Club Settlement Term Sheet are

binding upon and govern the acts of all Persons including, without limitation, all holders of Claims, Unclassified Claims and Interests, all filing agents or officers, title agents or companies, recorders, registrars, administrative agencies, governmental units and departments, agencies or officials thereof, secretaries of state, and other persons who may be required by law, the duties of their office or contract to accept, file register, record or release any document or instruments, or who may be required to report or insure any title or state of title in or to any of the assets transferred to the Reorganized Debtors or any purchaser approved pursuant to the terms of the Plan

6.   If any provision of the Plan shall be determined to be unenforceable, that determination shall not affect any other provision of the Plan.

7.   The Court shall retain jurisdiction as provided in the Plan.

8.   The provisions of Bankruptcy Rule 7062(c) shall not apply to this Order. Further, notwithstanding any provisions of the Plan to the contrary, the provisions of this Order and the Trust Agreement with respect to the appointment of the Trustee and other provisions with respect to his duties under the Liquidation Trust are authorized and shall be effective immediately. The Trustee of the Liquidating Trust shall have the authority to act or refrain from acting as set forth in the Trust Agreement.

9.   The Trustee may open and maintain such bank accounts as may be necessary for the deposit of any monies collected or received by the Trustee.

10.  Except as otherwise expressly provided by further order of the Court, the Trustee shall administer the Liquidation Trust out of the funds paid into the Liquidation Trust, and the proceeds of liquidation of the property transferred to the Trust which property shall be all property of the Debtors other than the Project, as more particularly described in the Plan.

Notwithstanding the foregoing, the Trustee shall have the authority to borrow funds as permitted by and in accordance with the provisions of the Liquidation Trust Agreement.

11. The Trustee is authorized to pay, as or after they have become due, all valid obligations properly incurred in connection with administration of the Trust Assets or the exercise of his duties under this Order and the Liquidation Trust, including, without limitation, such fees as may be payable to the office of the United States Trustee under 18 U.S.C. §1930.

12. In order to perform his responsibilities, the Trustee is authorized to contract or otherwise provide for goods, materials, services, and supplies as determined by the Trustee to be necessary and appropriate, and to pay such sums as the Trustee determines to be reasonable for such goods, materials, services and supplies. The Trustee may employ as non-professional consultants such persons as the Trustee deems appropriate, under such terms of employment as the Trustee may deem appropriate.

13. No obligation incurred by the Trustee in the good faith performance by the Trustee of his duties in accordance with the orders of this Court, except to the extent such services are found to have resulted from willful misconduct, gross negligence, or fraudulent behavior, whether pursuant to any contract, by reason of any tort, or otherwise shall be his personal obligation; rather, the recourse of any person or entity to whom the Trustee become obligated in connection with the performance of the responsibilities, shall be solely against the Trust Assets.

14. The Trustee is authorized to do all things determined by him to be necessary or appropriate to protect and preserve the Trust Assets and to maintain or enhance their value or income-producing potential, including but not necessarily limited to retaining agents and consultants, and exercising all of the powers, duties and other authorities as may be provided by

law or which may be necessary or appropriate in the fulfillment of his duties, and all powers which the owner of the Trust Assets itself might exercise with respect thereto or with respect to the prosecution of any claims against third parties.

15. The Trustee may appoint attorneys, accountants and other professional services to assist in carrying out his obligations as Trustee. The Reorganized Debtors shall reasonably cooperate with the Trustee's reasonable requests for information needed by the Trustee in the performance of his duties.

16. The Trustee shall conduct a final accounting and winding up of the Trusteeship upon his termination and shall be responsible for securing the entry of final decrees in the Debtors' cases.

17. The Trustee' fees shall be based upon the usual and customary hourly rates and the usual and customary hourly rates of personnel to whom the duties or functions are delegated.

18. Upon the Effective Date and Closing, (as defined in the Definitive Agreement) in accordance with Article VI, 6.12 of the Plan, Section 2 of the Definitive Agreement and 11 U.S.C. § 1141(b) and (c), the Debtors shall transfer (as defined in the Plan) all the Debtors' rights, title and interest in and to all the Debtors' limited liability companies memberships, free and clear of all liens, claims, encumbrances, charges and interests to New CH YMC Acquisition LLC.

19. Upon entry of this Order and in accordance with the Plan, the Debtors are authorized and directed to execute the Membership Interests Purchase Agreement and all its exhibits and attachments as described in the Membership Interests Purchase Agreement. This Order hereby approves the Membership Interests Purchase Agreement and all of its exhibits and attachments and all documents contemplated in the Membership Interests Purchase Agreement.

5

20. The Plan and this Order shall constitute sufficient documentation to evidence any of the transfers to New CH YMC Acquisitions LLC called for by, in and under the Plan or Membership Interests Purchase Agreement. No further documentation shall be necessary to give effect to such transfers of the memberships' interests to New CH YMC Acquisition LLC as described in the Membership Interests Purchase Agreement. After the Effective Date and Closing the Debtors shall prepare and execute any document, agreement or instrument necessary to effectuate the transfers to New CH YMC Acquisitions LLC as contemplated under the Plan, the Membership Interests Purchase Agreement or this Order.

21. Pursuant to § 1125(e) of the Bankruptcy Code, the Debtors' transmittal of solicitation materials and its solicitation of acceptances of the Plan are not, and will not be, governed by or subject to any otherwise applicable law, rule or regulation governing the solicitation of acceptance of a Chapter 11 plan or the offer, issuance, sale or purchase of securities.

22. To the extent interests in the Equity Purchase Note, the Liquidation Trust and/or the New Membership Interests may be deemed to constitute securities issued in accordance with the Plan, pursuant to, and to the fullest extent permitted under § 1145 of the Bankruptcy Code, any issuance or resale of such securities will be exempt from Section 5 of the Securities Act of 1933, as amended, and any state or local low requiring registration for offer or sale of a security or registration or licensing of an issuer or underwriter of, or broker or dealer in, a security.

23. The notice provided by the Debtors of the Modifications was adequate and appropriate under the circumstances and, accordingly, is approved. The Modifications: (1) comply in all respects with § 1127 of the Bankruptcy code, Bankruptcy rule 3019 and all other provisions of the Bankruptcy Code, and with respect to the Claims in Classes 3 and 8, such

6

classes were resolicited and have voted as Classes to accept the Plan as modified in accordance with the Yellowstone Club Settlement Term Sheet; and (2) do not adversely change, in any material respect, the treatment under the plan of any Claims or Interests.  In light of the technical or immaterial nature of each of the Modifications, no additional disclosure under § 1125 of the Bankruptcy Code is required with respect to the Modifications and the notification .  Therefore, pursuant to § 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims that have accepted or are conclusively presumed to have accepted the Plan as filed on May 22, 2004 are deemed to have accepted the Plan, as modified by the Modifications.

24.	As of the Effective Date and the Closing, the release provisions, exculpation, provisions, and injunction provisions contained in the Plan are hereby approved and shall be immediately effective on the Effective Date without further act or order of the Court.

25.	Should the sale provided for in the Membership Interests Purchase Agreement fail to close by June 30, 2009, substantially in the form and manner contemplated by the Plan, then the provisions of the Plan shall be null and void, and the Debtors retain all of their rights against all parties to those agreements, and in such event, nothing herein is intended to, or should be construed as, waiving or releasing (a) whatever rights the Debtors have for any and all amounts due thereunder or any and all other rights and remedies.

26.	Pursuant to 11 U.S.C. § 1129(a)(12) all fees payable under 28 U.S.C. § 1930 have been paid or shall be paid pursuant to the Plan on the Effective Date, and any fees payable under such section payable after the Effective Date shall be paid by the  Trustee. All tax returns for which extensions have not been timely requested shall be filed with the appropriate agencies.

27.	Disbursements after the Effective Date and before the entry of a closing order shall be based on disbursements from the Trustee.

28. James A. Patten is appointed Disbursing Agent pursuant to Article VII of the Plan and shall make such disbursements of Required Plan Payments in accordance with Article VII of the Plan.

29. Upon the Closing or the first business day on which a Claim entitled to receive a Required Plan Payment becomes an Allowed Claim, the Disbursing Agent shall make the Required Plan Payment.

30. Pursuant to Article V, 5.1.2 of the Plan, the assumption of the Assumed Obligations listed in Schedule 1.34, Contract Assumption Schedule, is approved.

31. Pursuant to Article V, 5.1.3 of the Plan, the assumption of the Club Membership Agreements listed in Schedule 1.87, Member Assumption Schedule, is approved.

32. Pursuant to Article V, 5.1.4, 5.1.5, 5.1.6, and 5.1.7, the rejection of the Pioneer/Frontier Membership Agreements listed on Schedule 1.94, of the Plan the Honorary Membership Agreement listed on Schedule 1.78 of the Plan, the Founder's Circle Membership Agreements listed on Schedule 1.72 of the Plan, and the Company Member Agreements listed on Schedule 1.2.7, is approved.

33. Pursuant to Article V, 5.4, all Rejection Claims must be filed with the Court within thirty days after entry of this Order.  Any Rejection Claim that is not timely filed shall be forever barred and such Rejection Claim shall not be enforceable against the Debtors or the Reorganized Debtors, the Liquidation Trust, or New CH YMC Acquisitions LLC, unless otherwise ordered by this Court.

34. As of the Effective Date, the discharge provided for under applicable law and under Article VIII, 8.3, of the Plan and the injunction provided for under applicable law shall be effective and binding upon all persons and to the fullest extent provided for in the Plan and

applicable law.

35. Pursuant to Article VIII, 8.1 of the Plan, on the Effective Date all property of the Debtors, except as explicitly provided in the Plan and the Yellowstone Club Settlement Term Sheet, shall revest with the Reorganized Debtors free and clear of all liens, claims and equity interests.

36. The Third Amended Plan is without prejudice to the rights and standing of holders of any Class A or Class B Equity Interest in the Debtors to (I) object to any claims asserted or held by insiders, (ii) object to the allowance or priority of any other Equity Interest, and (iii) seek equitable subordination of any distribution rights of other Equity Interests.

37. Except as may otherwise be expressly provided in the Plan, on the Effective Date: (a) all credit agreements, promissory notes, mortgages, security agreements, invoices, contracts, agreements and any other documents or instruments evidencing Claims against the Debtors, together with any and all Liens securing the same, shall be deemed canceled, discharged and released without further act or action by and any Person under any applicable agreement, law, regulation order or rule, (b) the obligations of the Debtors thereunder shall be deemed cancelled, discharged and released, and (c) all of the right, title, and interest of any holder of such mortgages, deeds of trust, liens or other security interests, including any right to any collateral thereunder, will revert to the Reorganized Debtors. To the extent deemed necessary or admissible by the Reorganized Debtors, any holder of a Claim shall promptly provide the Reorganized Debtors with an appropriate instrument of cancellation, discharge or release, as the case may be, in suitable form for recording wherever necessary to evidence such cancellation, discharge or release, including the cancellation, discharge or release of any Lien securing such Claim.

38. In accordance with § 1146(c) of the Bankruptcy Code: (a) the issuance, transfer or exchange of any security under the Plan or the making or delivery of any instrument of transfer pursuant to, in implementation of, or as contemplated by the Plan, including, without limitation, the Equity Purchase Note, the Liquidation Trust, the New Membership Interests, any merger agreements or agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, or the re-vesting, transfer or sale of any real or personal property of the Debtor pursuant to, in implementation of, or as contemplated by the Plan; (b) the making, delivery, creation, assignment, amendment or recording of any note or other obligation for the payment of money or any mortgage, deed of trust or other security interest under, in furtherance of, or in connection with the Plan, and/or the issuance, renewal, modification or securing of indebtedness by such means; and (c) the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, the Order, shall not be subject to any document recording tax, stamp tax, conveyance fee or other similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment. Each recorder of deeds or similar official for any county, city or governmental unit in which any instrument under the Plan is to be recorded shall be, and hereby is, ordered and directed to accept such instrument, without requiring the payment of any documentary stamp tax, deed stamps, transfer tax, intangible tax or similar tax.

39. Upon the Effective Date, the Debtors, the Reorganized Debtors and the Committee for themselves and the Debtors' estates shall, and shall be deemed to, dismiss, waive and forever release with prejudice all actual, potential or threatened claims, causes of action and challenges that have been, might have been or might be asserted by the Committee, the

Reorganized Debtors, the Debtors or their estates against the Prepetition Agent and Prepetition Lenders with respect to any and all acts and omissions occurring prior to the satisfaction of the Effectiveness Conditions excluding, however, enforcement of this Term Sheet and the Modified Plan.  The foregoing includes, without limitation, the release of any Reserved Actions, Retained Actions and Transferred Actions, the dismissal with prejudice of all claims, causes of action and challenges asserted in Adversary Proceedings against the Prepetition Lenders and Prepetition Agent or against their claims and liens under the Prepetition Loan and any adequate protection liens of the Prepetition Agent and Prepetition Lenders; and the waiver and release of all possible claims under 11 U.S.C. § 506(c) against the Prepetition Agent, the Prepetition Lenders, the Prepetition Loan Collateral and any adequate protection liens of the Prepetition Agent and Prepetition Lenders.

40. This Court approves each and every term, provision, and condition of the Plan and the Yellowstone Club Settlement Term Sheet and the same shall be enforceable by and binding upon the Debtors, Reorganized Debtors', Trustee, New CH YMC Acquisitions LLC, the First Lien Agent and First Lien Lenders and any Person receiving property under the Plan, and any holder of a Claim against or Interest in the Debtors or the Reorganized Debtors.  The failure to specifically include any particular provision of the Plan, the Yellowstone Club Settlement Term Sheet, or the Definitive Agreement in this Order shall not diminish or impair the efficacy of such provision, it being understood the intent of this Court is that the Plan be confirmed and approved in its entirety.

41. Pursuant to the provisions of Bankruptcy Rule 9019 the Yellowstone Club Settlement Term Sheet is approved.

42. The substantive consolidation of the Debtors for distributional purposes as

provided in the Third Amended Plan is approved.

43. The bar dates for filing Administrative Claims set forth in the Third Amended Plan are approved and the Debtors shall promptly provide notice of such dates to all known Holders of Administrative Claims.

44. The Plan Supplements are approved.

45. The Debtors shall promptly provide notice of the entry of this Confirmation Order in accordance with the applicable Bankruptcy Rules.

46. Pursuant to Bankruptcy Rule 3020(e), this Order shall not be stayed and shall be effective upon its entry.

47. The provisions of this Order are nonseverable and mutually dependent.

48. This Order shall be, and hereby is, deemed in recordable form, and any and all recording authorities are directed to accept this Confirmation Order for filing.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana