UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**YELLOWSTONE MOUNTAIN CLUB, LLC, et al.,**

Debtors.

Case No. **08-61570-11**

JOINTLY ADMINISTERED

*O R D E R*

At Butte in said District this 3rd day of August, 2009.

In this Chapter 11 bankruptcy case James H. Cossitt of James H. Cossitt, PC ("Cossitt"), local counsel to the Official Unsecured Creditors Committee ("UCC"), filed on July 16, 2009, a "Second Interim Application for Professional Fees & Costs" ("Application") and Notice requesting a second interim award of professional fees in the total sum of $59,064.00 and costs in the sum of $2,592.63. No objections have been filed after notice.

Interim fee awards are authorized by 11 U.S.C. § 331 which provides:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

This Court liberally allows interim payments under § 331 to alleviate economic hardship in protracted causes and thereby facilitate competent and efficient administration. *In re Towe*, 14 Mont. B.R. 214, 216 (Bankr. Mont. 1995) states:

> In addition, this Court liberally allows interim payments under the provisions of 11 U.S.C. § 331. *In re Brown*, 10 Mont. B.R. 309, 310-311 (1992). In *Brown* the Court wrote:
>
>> Section 331 of the Bankruptcy Code explicitly authorizes the interim allowance of interim compensation and reimbursement of expenses. 11 U.S.C. § 331; *In re Franklin F. Regan, Jr., (Regan)* 22 B.C.D. 713, 714 (Bankr. E.D.N.Y.1992). The purpose of interim compensation to court approved officers prior to the outcome of the case is to alleviate economic hardship in protracted causes and thereby facilitate competent and efficient administration. *Id.* "Interim allowance" was a term of art under the former Bankruptcy Act, representing a payment on account of the final fee allowance awarded at the end of a bankruptcy case. *Id.*
>>
>> At the end of a case the Court could evaluate fee applications in light of certain criteria, including the results achieved, the contribution of each party, the total amount available for distribution, and the aggregate economic burden that allowances of compensation might impose upon a debtor or estate. *Id.* The Third Circuit stated, "[s]ound practice dictates that ordinarily all final allowances, including those to the trustee and his counsel, should await consummation of the proceeding." *Id. (quoting In re Keystone Holding Co.*, 117 F.2d 1003, 1006 (3d Cir. 1941)).

Interim fee awards are interlocutory only and not a final adjudication of the issue of compensation. *In re Columbia Plastics, Inc.* 251 B.R. 580, 590 (Bankr. W.D. Wash. 2000); *In re Callister*, 673 F.2d 305, 307 (10th Cir. 1982).

The instant interim Application includes a detailed billing statement showing professional services rendered beginning 3/9/2009 through 11/10/2008 during the course of this case. After review of the instant interim Application in light of the above policy authority, the Court will award Cossitt the majority of the interim fees and costs requested.

However, the Court disallows the following entries for failure to provide sufficient detail

of the purpose or subject matter of the service provided: $150 on 3/17/2009 described only as preparation and participation in conference call by JHC; $200 on 3/26/2009 also described only as preparation and participation in committee conference call; $175 on 4/7/2009 for preparation and attendance at weekly UCC conference call; $200 on 4/27/09 for preparation and attendance at UCC conference call (lumped with an email to & from the chief deputy clerk); $275 on 4/30/2009 to prepare for and conduct a conference call with clients; another $275 on 5/5/2009 for attendance at a UCC conference call; and $175 on 5/7/2009 for preparation and attendance at committee conference call. The above entries, totaling $1,450.00, are disallowed for Cossitt's failure to provide detail of the purpose of the conference calls. Cossitt may supplement these entries in his final application to include the subjects discussed during the conference calls.

Except for the $1,450 disallowed for lack of detail, the Court finds that the remainder of the interim fees and costs requested are reasonable and will be awarded under § 331. Final approval of this and any further award shall await Cossitt's final fee application.

**IT IS ORDERED** the "Second Interim Application for Professional Fees & Costs" filed on July 16, 2009, by James H. Cossitt of James H. Cossitt, PC, is approved in part; Cossitt is allowed additional interim fees in the amount of $57,614.00 and interim costs in the amount of $2,592.63; and final approval of this and any further award shall await the filing of a final fee application.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana
