UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**YELLOWSTONE MOUNTAIN CLUB, LLC, et al.,**

Debtors.

Case No. **08-61570-11**

Jointly Administered

# *O R D E R*

At Butte in said District this 28th day of August, 2009.

In these Chapter 11 bankruptcy cases Debtors' attorney Bullivant Houser Bailey PC ("Applicant") filed on August 14, 2009, a Third Interim Application for Professional Fees and Costs ("Application") (Docket No. 1186) seeking a third interim award for Applicant of fees in the amount of $547,903.50 plus reimbursement for costs in the amount of $23,335.92[1] for the period from May 1, 2009, through July 17, 2009, including fees and costs requested from a prior interim application which had been denied. Applicant also filed a Notice of this Application giving the parties the opportunity to file a response and request a hearing and providing that "failure to respond by any entity shall be deemed an admission that the relief requested should be

---

[1] The docket entry of Docket No. 1186 states the amount of expenses requested as $26,536.50. However, the Application at page 15, item 14, explains that $26,536.50 is the amount of fees previously disallowed, not costs. The prayer of the Application states the amount of expenses as $23,335.92.

1

granted." No objection and request for hearing on this Application has been filed. The U.S. Trustee has not filed a response pursuant to 28 U.S.C. § 586(a)(3)(A). No objections have been filed.

Interim fee awards are authorized by 11 U.S.C. § 331 which provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

This Court liberally allows interim payments under § 331 to alleviate economic hardship in protracted causes and thereby facilitate competent and efficient administration. *In re Towe*, 14 Mont. B.R. 214, 216 (Bankr. D. Mont. 1995) states:

> In addition, this Court liberally allows interim payments under the provisions of 11 U.S.C. § 331. *In re Brown*, 10 Mont. B.R. 309, 310-311 (1992). In *Brown* the Court wrote:
>
> > Section 331 of the Bankruptcy Code explicitly authorizes the interim allowance of interim compensation and reimbursement of expenses. 11 U.S.C. § 331; *In re Franklin F. Regan, Jr., (Regan)* 22 B.C.D. 713, 714 (Bankr. E.D.N.Y.1992). The purpose of interim compensation to court approved officers prior to the outcome of the case is to alleviate economic hardship in protracted causes and thereby facilitate competent and efficient administration. *Id.* "Interim allowance" was a term of art under the former Bankruptcy Act, representing a payment on account of the final fee allowance awarded at the end of a bankruptcy case. *Id.*
> >
> > At the end of a case the Court could evaluate fee applications in light of certain criteria, including the results achieved, the contribution of each party, the total amount available for distribution, and the aggregate economic burden that allowances of compensation might impose upon a debtor or estate. *Id.* The Third Circuit stated, "[s]ound practice dictates that ordinarily all final allowances, including those to the trustee and his counsel, should await consummation of the proceeding." *Id. (quoting In*

*re Keystone Holding Co.*, 117 F.2d 1003, 1006 (3d Cir. 1941)).

Interim fee awards are interlocutory only and not a final adjudication of the issue of compensation. *In re Columbia Plastics, Inc.* 251 B.R. 580, 590 (Bankr. W.D. Wash. 2000); *In re Callister*, 673 F.2d 305, 307 (10th Cir. 1982).

This Court is obligated to review each request for fees and costs to determine whether the applicant provides:

1. A description of the services provided, setting forth, at a minimum, the parties involved and the nature and purpose of each task;
2. The date each service was provided;
3. The amount of time spent performing each task; and
4. The amount of fees requested for performing each task.

As the Ninth Circuit Bankruptcy Appellate Panel recently wrote: "[T]he applicant must demonstrate only that the services were 'reasonably likely' to benefit the estate at the time the services were rendered." *Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Company*, (*In re Mednet*), 251 B.R. 103, 108 (9th Cir. BAP 2000). The instant Application includes several billing statements showing categorized services provided by the Applicant law from May 1, 2009, through July 17, 2009, including a description of the services provided, hours, dates, billing rate, total fees, and itemization of costs. With five (5) exceptions the Court finds that the Application and attached billing statements provide sufficient detail to enable the Court to undertake its analysis.

The 5 exceptions are on the last attachment described as "Revised Time Entries from First Application" which were previously disallowed. Three entries are for services provided by Stephen Fisher dated 2/19/09 for .5 hours and $225 described only as a conference with Birinyi; 2/23/09 for .5 hr. and $225 described as a teleconference with all counsel; and 2/26/09 for 3.5 hr.

3

and $1,445 described as a conference call with Crossharbor.  These 3 entries total $1,895, and they are disallowed for failure to explain the purpose or subject matter of the tasks.  Two other entries of Gail Manuguid totaling $840 likewise are disallowed for lack of detail of the subject matter for services dated 2/23/09 for .2 hr. and $48 described as attend conference call with Debtor's counsel, and 3.2 hr. and $792 described as a telephone conference with Debtor's counsel and buyer's counsel.  These entries total $2,735 and are disallowed for lack of adequate detail.

With respect to the remainder of fees and costs, after review of the Application and billing statements, in the absence of any objection after notice and under the policy liberally allowing interim fees under § 331, the Court finds that the interim fees and costs requested by the Applicant are supported by adequate detail and are actual, reasonable and necessary.

**IT IS ORDERED** the Debtors' Third Interim Application for Professional Fees and Costs filed on August 14, 2009, by Debtors' attorney Bullivant Houser Bailey PC is approved in part and Bullivant Houser Bailey PC , is awarded additional interim professional fees in the amount of $545,168.50 plus reimbursement for costs in the amount of $23,335.92.  Final approval of this and any further award shall await the filing of a final application for compensation.

                        BY THE COURT

                        /s/ Ralph B. Kirscher
                        HON. RALPH B. KIRSCHER
                        U.S. Bankruptcy Judge
                        United States Bankruptcy Court
                        District of Montana