UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**YELLOWSTONE MOUNTAIN CLUB, LLC, et al.**

Debtors.

Case No. **08-61570-11**

**JOINTLY ADMINISTERED**

# *O R D E R*

At Butte in said District this 31st day of August, 2009.

In this Chapter 11 case the law firm Parsons Behle & Latimer of Salt Lake City, Utah ("Parsons"), counsel for the Official Committee of Unsecured Creditors ("UCC"), filed on August 14, 2009, a First and Final Application for Professional Fees and Costs (Docket No. 1191), requesting "interim and final[1] approval of an award" of attorney's fees in the amount of $1,546,776.80 and reimbursement of costs and expenses in the amount of $216,922.51. Parsons filed on August 20, 2009, a Notice of its Application granting the parties ten (10) days to file objections and request a hearing, and advising that if no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted. No objection and request for hearing on this Application has been filed. The U.S. Trustee has not filed a response to this Application under 28 U.S.C. § 586(a)(3)(A)(ii).

Interim fee awards are specifically authorized by 11 U.S.C. § 331 which provides:

A trustee, an examiner, a debtor's attorney, or any professional person employed

---

[1] The Application cannot be both interim and final. The Application states at footnote 1 that the Parsons firm intends to submit a further application for fees and costs at a later time. Therefore the instant Application is an interim, not a final, application.

1

under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

This Court liberally allows interim payments under § 331 to alleviate economic hardship in protracted causes and thereby facilitate competent and efficient administration. *In re Towe*, 14 Mont. B.R. 214, 216 (Bankr. D. Mont. 1995) states:

> In addition, this Court liberally allows interim payments under the provisions of 11 U.S.C. § 331. *In re Brown*, 10 Mont. B.R. 309, 310-311 (1992). In *Brown* the Court wrote:
>
>> Section 331 of the Bankruptcy Code explicitly authorizes the interim allowance of interim compensation and reimbursement of expenses. 11 U.S.C. § 331; *In re Franklin F. Regan, Jr., (Regan)* 22 B.C.D. 713, 714 (Bankr. E.D.N.Y.1992). The purpose of interim compensation to court approved officers prior to the outcome of the case is to alleviate economic hardship in protracted causes and thereby facilitate competent and efficient administration. *Id.* "Interim allowance" was a term of art under the former Bankruptcy Act, representing a payment on account of the final fee allowance awarded at the end of a bankruptcy case. *Id.*
>>
>> At the end of a case the Court could evaluate fee applications in light of certain criteria, including the results achieved, the contribution of each party, the total amount available for distribution, and the aggregate economic burden that allowances of compensation might impose upon a debtor or estate. *Id.* The Third Circuit stated, "[s]ound practice dictates that ordinarily all final allowances, including those to the trustee and his counsel, should await consummation of the proceeding." *Id.* (quoting In re Keystone Holding Co.*, 117 F.2d 1003, 1006 (3d Cir. 1941)).

Interim fee awards are interlocutory only and not a final adjudication of the issue of compensation. *In re Columbia Plastics, Inc.* 251 B.R. 580, 590 (Bankr. W.D. Wash. 2000); *In re Callister*, 673 F.2d 305, 307 (10th Cir. 1982). The relief awarded under § 331 in no way restricts a bankruptcy court's ability to craft a final award under 11 U.S.C. § 330, because interim awards

are always subject to the court's reexamination and adjustment during the course of a case. *Leichty v. Neary, (In re Strand)*, 375 F.3d 854, 858 (9th Cir. 2004).

The Parsons firm was employed by the UCC in this case on an hourly basis which was disclosed in the employment application filed on December 15, 2008 (Docket No. 177). The Interim Application includes attached Exhibits A and B billing statements describing services provided by Parsons' shareholder attorney J. Thomas Beckett ("Beckett") and other attorneys, paralegals, support personnel and assistants, commencing December 8, 2008, through July 17, 2009, time increments, billing rates, fees, and costs and expenses.

After reviewing Parson's Interim Application and attached Exhibits, and based upon the liberal policy under § 331, the Court deems it appropriate to award the majority of interim fees and costs requested, with final review and approval to await the filing of Parsons' final application for compensation. The Court will withhold interim approval of $25,000 in fees after review of the billing statements marked Exhibit A, because of the lack of detail provided in several entries of Mr. Beckett and David P. Billings ("Billings"), and other Parsons' personnel.

This Court is obligated to review each request for fees and costs to determine whether the applicant provided:

1. a description of the services provided, setting forth, at a minimum, the parties involved and the nature and purpose of each task;
2. the date each service was provided;
3. the amount of time spent performing each task; and
4. the amount of fees requested for performing each task.

*See In re WRB-West Associates*, 9 Mont. B.R. 17, 18-20 (Bankr. D. Mont. 1990).

Most of Parsons' entries on Exhibit A satisfy the above requirements. However, a number of entries by Beckett, Billings, and other Parsons' personnel provide only a description

such as "conference call", "meeting", "strategy session", "attend team meeting", "interoffice conference" and other brief description, most often providing the names of other participants but failing to provide the nature and purpose of the task and making it impossible for the Court to determine the reasonableness of the requested fees. Parsons may supplement its deficient entries on Exhibit A in its final application, and if sufficient the Court after review will award final approval of the $25,000 in fees withheld.

**IT IS ORDERED** the First Application for Professional Fees and Costs filed by Parsons Behle & Latimer, on August 14, 2009, (Docket No. 1191) is approved in part; Parsons is awarded an interim award of reasonable professional fees in the amount of $1,521,776.80 and reimbursement of costs and expenses in the amount of $216,922.51. Final approval of this and all professional fees and costs shall await the filing of a final application for compensation by Parsons Behle & Latimer.

> BY THE COURT
>
> /s/ Ralph B. Kirscher
> HON. RALPH B. KIRSCHER
> U.S. Bankruptcy Judge
> United States Bankruptcy Court
> District of Montana