UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**YELLOWSTONE MOUNTAIN CLUB, LLC,**

Debtor.

Case No. **08-61570-11**

# *O R D E R*

At Butte in said District this 18th day of September, 2009.

In this Chapter 11 bankruptcy case CIP Yellowstone Lending LLC ("CIP Lending") filed on September 4, 2009, a Supplemental Application (Docket No. 1234) for payment of DIP loan fees and expenses with respect its real estate counsel, the law firm of Goulston & Storrs, P.C. ("Goulston") requesting approval of a final award of fees in the sum of $469,796.00 and reimbursement of expenses and disbursements in the sum of $8,224.58 incurred relating to the DIP Loan which provided post-petition financing to the Debtors-in-Possession ("DIP") by CIP Lending. The Supplemental Application includes a notice granting the parties 10 days to respond and request a hearing. No objection has been filed. The U.S. Trustee has not filed a response to Goulston's Supplemental Application pursuant to 28 U.S.C. § 586(a)(3)(A).

The Supplemental Application for Goulston was filed after this Court's Order (Docket No. 1208) entered on August 25, 2009, denied Goulston's earlier request for compensation because Goulston's billing records included a large number of entries by several Goulston

attorneys and other professionals requesting fees for telephone calls, emails, and conferences which failed to provide any detail explaining the purpose or subject matter of the tasks. With respect to the Supplemental Application, notwithstanding the absence of opposition this Court has an independent obligation to review each application to evaluate the propriety of the compensation requested. *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3rd Cir. 1994); *In re Wildman*, 72 B.R. 700, 701 (Bankr. N.D. Ill. 1987). In *Busy Beaver*, the court explained:

> [T]he integrity of the bankruptcy system ... is at stake in the issue of a bankruptcy judge's performance of the duty to review fee applications *sua sponte*. The public expects, and has a right to expect, that an order of a court is a judge's certification that the result is proper and justified under the law.... Nothing better serves to allay [public perceptions that high professional fees unduly drive up bankruptcy costs] than the recognition that a bankruptcy judge, before a fee application is approved, is obliged to [review it carefully] and find it personally acceptable, irrespective of the (always welcomed) observation of the [United States trustee] or other interested parties.

*Busy Beaver*, 19 F.3d at 841 (*quoting In re Evans*, 153 B.R. 960, 968 (Bankr. E.D.Pa 1993)).

Thus, this Court has an independent obligation to review each application to ensure that applicants provide an adequate summary of work performed and costs incurred. Extensive case law has developed regarding the amount and type of information that applicants must include in their fee applications. The case of *In re WRB-West Associates*, 9 Mont. B.R. 17, 18-20 (Bankr. D. Mont. 1990) summarizes thus:

> Pursuant to 11 U.S.C. §§ 327-330 and Bankruptcy Rules 2016 and 2017, this Court has an independent judicial responsibility to evaluate fees requested from the estate. *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823, 831 (Bankr. Vt. 1987); *In re Seneca Oil Co.*, 65 B.R. 902 (Bankr. W.D. Okla. 1986); *In re Frontier Airlines, Inc.*, 74 B.R. 973 (Bankr. Colo. 1987). The burden of proof to show entitlement to all fees requested from the estate is on the applicant. *In re Lindberg Products, Inc.*, 50 B.R. 220, 221 (Bankr. N.D. Ill. 1985). This burden is not to be taken lightly, especially given the fact that every dollar expended on fees results in a dollar less for

distribution to creditors of the estate. *In re Yankton College*, 101 B.R. 151, 158 (Bankr. S.D. 1989); *In re Pettibone Corp.*, 74 B.R. 293, 305 (Bankr. N.D. Ill. 1987). All expenses and fees must be shown as both actual and necessary under § [330(a)(3)] of the Code. *S.T.N.*, 70 B.R. at 834; *Yankton College*, 101 B.R. at 158; *Seneca Oil*, 65 B.R. at 912. Moreover, *In re Convent Guardian Corp.*, 103 B.R. 937, 939-940 (Bankr. N.D. Ill. 1989) holds:

> Bankruptcy Rule 2016 provides that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." (emphasis added) The Application should contain a detailed list of expenses including the date, the type and the amount. Expenses must be actual not estimates. *In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987); *In re Marsh*, 14 B.R. 615, 617 (Bankr. E.D. Va. 1981). An expense is necessary if it is incurred because it was reasonably needed to accomplish the proper representation of the client. *Wildman*, 72 B.R. at 731.

The above excerpt demonstrates that this Court is obligated to review each request for fees and costs to determine whether the applicant provided:

1. a description of the services provided, setting forth, at a minimum, the parties involved and the nature and purpose of each task;
2. the date each service was provided;
3. the amount of time spent performing each task; and
4. the amount of fees requested for performing each task.

Goulston filed with the Supplemental Application exhibits including detailed time entries of Goulston professionals which set forth a description of the legal services provided, the dates such services were provided, the individual professional, time increments, and detail of costs incurred, from 11/25/2008 through 7/27/09. After review of the timesheet reports, the Court finds that Goulston has cured the earlier deficiencies and provided adequate detail to enable this Court to undertake its independent investigation.

The Court notes what the Ninth Circuit Bankruptcy Appellate Panel has held: "[T]he applicant must demonstrate only that the services were 'reasonably likely' to benefit the estate at the time the services were rendered." *Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Company, (In re Mednet)*, 251 B.R. 103, 108 (9th Cir. BAP 2000).  Goulston's services as real estate counsel for CIP Lending resulted in financing being provided to the DIP, which in turn contributed to a successful reorganization in this case.  CIP Lending's counsel fees and expenses were provided for in this Court's Orders referencing the DIP Term Sheet.  Based upon such results, after independent review of CIP Lending's Supplemental Application and billing records and in the absence of any objection after notice, the Court finds that $469,796.00 in fees requested for Goulston's professional services is reasonable and necessary, and that the $8,224.58 in costs requested are actual, reasonable and necessary.

**IT IS ORDERED** CIP Lending's Supplemental Application for payment of DIP loan fees and expenses incurred by Goulston & Storrs, P.C., filed September 4, 2009, (Docket No. 1234) is approved; and Goulston & Storrs, P.C., is awarded reasonable professional fees in the amount of $469,796.00 in fees and reimbursement for costs and expenses in the amount of $8,224.58, to be treated as an administrative expense.

BY THE COURT

*Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana