Kevin O'Connell
Hagen O'Connell LLP
121 SW Morrison, Suite 1500
Portland, Oregon 97204
koconnell@hagenoconnell.com
Oregon State Bar No. 660924
Phone: (503) 227-2900
Fax: (503) 227-3870
Attorneys for Creditor Mack, Roberts & Co., LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| YELLOWSTON MOUNTAIN CLUB, LLC, et al.,[1]<br><br>Debtors, | Chapter 11<br><br>Case No. 08-61570-11-RBK<br><br>**RESPONSE TO OBJECTION TO PROOF OF CLAIM – CLAIM #30**<br><br>**NOTICE OF HEARING**<br>**Date: February 5, 2010**<br>**Time: 9:00 a.m.**<br>**Location: US Courthouse – Missoula** |

Pursuant to FRBP 3007 and Mont. LBR 3007-2, the undersigned respectfully submits the following as its Response to Objection to Proof of Claim filed by Marc S. Kirschner, as Trustee off the Yellowstone Club Liquidating Trust (hereinafter the "Trustee"), pertaining to claim number **30** filed by Mack, Roberts & Co., LLC on the claims register:

### Statement of Facts

1. Mack, Roberts & Co., LLC is a tax preparation and accounting firm in Portland, Oregon specializing in accounting, audit, tax, and consulting services. *See Exhibit 1, Affidavit of*

---

[1] The Debtors are the following entities: Yellowstone Mountain Club, LLC, Yellowstone Development Club, LLC and Big Sky Ridge, LLC, which entities are substantively consolidated, and Yellowstone Club Construction Co.,

*Chad Herman,* ¶*1.* Chad Herman is a member of the firm. *Id.*

2. Mack, Roberts & Co., LLC has provided tax and accounting work for Yellowstone Mountain Club, LLC., Yellowstone Development Club, LLC, and other related entities since the entities' inception in 1997. *See Id.,* ¶*3.*

3. As of November 10, 2008, Mack, Roberts & Co., LLC had performed accounting, tax, and financial planning services for Yellowstone Mountain Club, LLC, Yellowstone Development Club, LLC and other related entities and had not been compensated for the services performed.

4. On November 26, 20008, Mack, Roberts & Co., LLC filed a Proof of Claim in the instant matter in the amount of $45,045.00. *See Exhibit 2, Proof of Claim.* The Proof of Claim indicated that the basis for the claim was "services rendered." *Id.* The Proof of Claim attached invoices that substantiated the claim. *Id.* Each of the invoices was sent to Yellowstone Club. *Id.* The invoices contain references to the entities for which the work was performed, such as "YD" for Yellowstone Development, LLC and "YMC" for Yellowstone Mountain Club, LLC. *See Id.;* *see also, Exhibit 1,* ¶*6.*

5. On December 21, 2009, the Trustee filed an Objection to Proof of Claim with regard to Mack, Roberts & Co., LLC's claim. The Objection alleged that the invoices attached to the Proof of Claim "describe broad categories of services which make it impossible to determine what services were provided and whether or not the services were provided on behalf of the Debtors." The Trustee further alleges that the claimant, Mack, Roberts & Co., LLC bears the burden of proving that the work was done on behalf of the debtor entity(s).

---

LLC, which is jointly administered with the other Debtors.

6. In support of its Response to the Objection filed by the Trustee, Mack, Roberts & Co., LLC submits its internal billing statements to substantiate its claim against the debtor entities. *See Exhibit 3*. These internal statements were generated at the time the services were performed by Mack, Roberts & Co., LLC for the various entities in question. *See Exhibit 1*, ¶7. Mack, Roberts & Co. also submits the Affidavit of Chad Herman, a member at Mack, Roberts & Co., LLC. *See Exhibit 1*.

## Argument

**1. Assuming that the Trustee has met its initial burden in objecting to the claim filed by Mack, Roberts & Co., LLC, there is sufficient evidence to support allowing the claim**

The Trustee has filed its Objection to Mack, Roberts & Co., LLC's claim essentially alleging that because the invoices attached to the Proof of Claim reference non-debtor entities, the claim must be denied in its entirety. Assuming that the Trustee has met his burden of proof in objecting to the claim, there is sufficient evidence to support Mack, Roberts & Co., LLC's claim against the debtor entities. The internal statements submitted hereto by Mack, Roberts & Co., LLC clearly indicate that the majority of the claim submitted by Mack, Roberts & Co., LLC relate to uncompensated services performed for the debtor entities, Yellowstone Mountain Club, LLC and Yellowstone Development, LLC. The internal statements reveal that $37,142 of Mack, Roberts & Co., LLC's claim is directly related to uncompensated services performed for the debtor entities. These internal statements – along with the affidavit of Chad Herman – clearly and unequivocally demonstrate that the Mack, Roberts & Co., LLC has met its ultimate burden of persuasion and therefore its claim should be allowed.

The attached internal statements provided by Mack, Roberts & Co., LLC and attached as

*Exhibit 3* were generated by Mack, Roberts & Co., LLC's internal record keeping system. *See Exhibit 1,* ¶7. The internal statements are the basis for the invoices that were submitted with Mack, Roberts & Co., LLC's Proof of Claim. *Id.*

A review of the internal statements reveals that $37,142.00 of the claim is directly related to work performed by Mack, Roberts & Co., LLC for debtor entities. *See Exhibit 1,* ¶*13*. This work included tax preparation services and services related to audits performed of the debtor entities by the Montana Department of Revenue. *See Id.,* ¶*10*. The debtor entities include Yellowstone Mountain Club, LLC (often referenced as "YMC" in the internal statements and invoices) and Yellowstone Development, LLC (often referenced as "YD" in the internal statements and invoices). *See Exhibit 1,* ¶¶*6, 13*. The internal statements also revealed that there was a some work performed for non-debtor entities, such as work done for the Jet Center tax audit and work done for the Yellowstone Mountain Club Privacy and Public Safety (hereinafter "YMCPSP"), a non-profit entity. However, of the $45,045 claim submitted by Mack, Roberts & Co., LLC, $37,142.00 of the claim was directly related to accounting and tax services performed for the debtor entities. *See Exhibit 1,* ¶*13*. The revised amount of the claim was calculated by reviewing the internal statements and removing any charge that is identified as work performed regarding the audit of Jet Center and YMCPSP.

During the time that Mack, Roberts & Co., LLC represented Yellowstone Mountain Club, LLC and its related entities, it was the practice of the firm to send one invoice to the client for all services rendered to all entities. *See Exhibit 1,* ¶*4*. Therefore, within the invoices submitted to the client and attached to the Proof of Claim at issue, there were some charges included that related to non-debtor entities, such as Jet Center and YMCPSP. *See Exhibit 1,* ¶*6*.

Once an objecting party has properly raised an objection to a claim submitted in

bankruptcy, "the creditor has the ultimate burden of persuasion as to the validity and amount of the claim." *In Re Broadband Wireless International Corp.*, 295 B.R. 140, 145 (2003).

In the case at bar, the internal statements substantiating Mack, Roberts & Co., LLC's claim against the debtor entities, along with the Affidavit of Chad Herman, provides sufficient evidence that Mack, Roberts & Co., LLC's claim should be allowed in the amount of $37,142.00 and the Trustee's Objection should be denied.

## Conclusion

WHEREFORE, the Claimant, Mack, Roberts & Co., LLC, respectfully asks this Court to deny the Trustee's Objection to its claim, allow the claim in the amount indicated herein, and for any such other relief that this court deems necessary and appropriate.

Dated:  January 4, 2010.

                                HAGEN O'CONNELL LLP

By:   /s/ Kevin O'Connell
        Kevin O'Connell
        Hagen O'Connell LLP
        121 SW Morrison Street, Suite 1500
        Portland OR  97204
        Telephone: (503) 227-2900
        Fax: (503) 227-3870
        Email: koconnell@hagenoconnell.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **RESPONSE TO OBJECTION TO CLAIM #30** was served on:

1. US Trustee
2. All persons/entities requesting special notice or otherwise entitled to same.

on this 4th day of January, 2010 by:

| | |
|---|---|
| _____ | mailing to said individuals a complete and correct copy thereof, contained in a sealed envelope, addressed as set forth above and deposited in the United States mail at Portland, Oregon, with postage thereon prepaid, on said day. |
| _____ | electronic mail, at the email address set forth above. |
| _____ | telephonic facsimile communication device, at the telephone number(s) set forth above, which device was working at the time service was made. |
| _____ | hand delivering to said attorney(s) a complete and correct copy thereof, contained in a sealed envelope, at the address set forth above, on said day, and leaving it with attorney('s)(s') clerk, or person apparently in charge of the office, or in a conspicuous place therein if no one was apparently in charge of the office. |
| __X__ | by notice of electronic filing using the CM/ECF system (LR 100.7(a)(2)). |

HAGEN O'CONNELL LLP

By: /s/ Mark R. Sandri
Mark R. Sandri