JOHN L. AMSDEN, ESQ.
BECK & AMSDEN, PLLC
1946 Stadium Drive, Suite 1
Bozeman, MT 59715
Phone: (406) 586-8700
Fax: (406) 586-8960
amsden@becklawyers.com

*Special Litigation Counsel for Ross P. Richardson,
Chapter 7 Trustee, Estate of Yellowstone Club World, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

IN RE:                                                    No. 08-61570-11-RBK

YELLOWSTONE MOUNTAIN CLUB, LLC,
         Debtor(s).

**YELLOWSTONE CLUB WORLD CHAPTER 7 TRUSTEE'S RESPONSE TO THE LIQUIDATING TRUST'S MOTIONS FOR SHEDULING CONFERENCE, TO VACATE HEARING AND TO EXPEDITE HEARING**

       The YCW Chapter 7 Trustee <u>does not object</u> to vacating the upcoming hearing, <u>does not object</u> to holding a scheduling conference and <u>does not object</u> to an expedited hearing on this matter. Had the moving party bothered to call the undersigned before filing the instant motion, the motion would not have been necessary because it could have been accomplished by joint motion.

The YCW Chapter 7 Trustee does object, however, to the Liquidating Trust's ongoing litigiousness and refusal to participate in discovery. Worse, documents appear months after the issues are joined, despite the many months the YCW Chapter 7 Trustee has been asking the Debtors in this case and their successor-in-interest, the Liquidating Trust, for documents underlying the relationship between the Debtors and YCW. These documents are critical because Debtors managed the affairs of YCW prepetition, including its accounting, legal and financial affairs. Unfortunately, the Debtors and the Liquidating Trust have refused to produce documents relevant to this relationship until the last minute, thereby prejudicing the YCW Chapter 7 Trustee and the Estate's creditors.

The Liquidating Trust has failed to make an initial disclosure, yet propounded its own discovery to the YCW Chapter 7 Trustee. The Liquidating Trust has refused to produce a Rule 30(b)(6) deponent to support its claims, yet demands the deposition of the YCW Chapter 7 Trustee personally. All the YCW Chapter 7 Trustee has requested are relevant documents and someone to depose who speaks on behalf of the Liquidating Trust. The Debtors and the Liquidating Trust have steadfastly refused. At some point the Court's inherent authority to control the matters before it and Rule 37(c) should preclude such wasteful litigation tactics.

Lastly, the Liquidating Trust appears to object to mediation. The YCW Chapter 7 Trustee had endeavored to involve all parties interested in the YCW Chapter 7 Case in the mediation. Given the Liquidating Trust's resolute litigation position, however, the YCW Chapter 7 Trustee has no objection to excluding the Liquidating Trust from any mediation in this case.

DATED this 18th day of January 2010.

        BECK & AMSDEN, PLLC

        /s/ John L. Amsden
        1946 Stadium Drive
        Bozeman, MT 59715

        *Special Litigation Counsel for Ross P. Richardson, Chapter 7 Trustee, Estate of Yellowstone Club World, LLC*

## CERTIFICATE OF SERVICE BY MAILING

      I, the undersigned, certify under penalty of perjury that on January 18, 2010, or as soon as possible thereafter, copies of the foregoing motion were served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users: None.

                            BECK & AMSDEN, PLLC

                            /s/ John L. Amsden
                            1946 Stadium Drive
                            Bozeman, MT 59715

                            *Special Litigation Counsel for Ross P. Richardson, Chapter 7 Trustee, Estate of Yellowstone Club World, LLC*