Charles W. Hingle (Bar No. 1947)
Robert L. Sterup (Bar No. 3353)
Shane P. Coleman (Bar No. 3417)
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, Montana 59103-0639
Telephone: (406) 252-2166
Facsimile: (406) 252-1669
chingle@hollandhart.com
rsterup@hollandhart.com
spcoleman@hollandhart.com

ATTORNEYS FOR MARC S. KIRSCHNER
AS TRUSTEE OF THE YELLOWSTONE CLUB
LIQUIDATING TRUST

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| YELLOWSTONE MOUNTAIN CLUB, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-61570-11-RBK<br><br>**YELLOWSTONE CLUB LIQUIDATING TRUST STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DOLAN FAMILY PROOFS OF CLAIM NOs. 695, 696, 698, 699, 702, 703, 704, 705** |

Marc S. Kirschner, as Trustee of the Yellowstone Club Liquidating Trust ("YCLT"), hereby submits this statement of uncontroverted facts in support of motion for summary judgment of the claims of the Dolan Family (collectively the "Dolans"),

---

[1] The Debtors are the following entities: Yellowstone Mountain Club, LLC ("YMC"), Yellowstone Development, LLC ("YD") and Big Sky Ridge, LLC, which entities are substantively consolidated, and Yellowstone Club Construction Co., LLC, which is jointly administered with the other Debtors.

Proofs of Claim Nos. 695, 696, 698, 699, 702, 703, 704, 705 (collectively the "Dolan Claims"), on the claims register maintained by the Clerk of Court in Case No. 08-61570.[2]

1. Six of the Dolan claimants, each a child of claimant James J. Dolan, have made claims under Yellowstone Mountain Club ("YMC") "Company Membership Agreements" issued to them in June 2008.

- James J. Dolan, Jr. was party to Membership Agreement for Company Members dated July 3, 2008. Exh. 1.

- Charles D. Dolan was party to Membership Agreement for Company Members dated June 28, 2008. Exh. 2.

- Michael A. Dolan, II was party to Membership Agreement for Company Members dated June 28, 2008. Exh. 3.

- Brian P. Dolan was party to Membership Agreement for Company Members dated June 28, 2008. Exh. 4.

- Gregory F. Dolan was party to Membership Agreement for Company Members dated June 28, 2008. Exh. 5.

- Peter J. Dolan was party to Membership Agreement for Company Members dated June 28, 2008. Exh. 6.

2. Unlike other categories of YMC Membership, Company Members were not required to pay a membership deposit.

> Member further acknowledges that as a Company Member, Member is entitled to the same membership privileges as a Resident Member in accordance with the Yellowstone Mountain Club Membership Plan and Rules and Regulations, but without the payment of a membership deposit or dues.

Exhs. 1-6 at p. 2 §. I.

3. Each of the Company Membership Agreements expressly provided for "recall" of the Company Membership, at the "sole discretion" of YMC, "at any time for any or no reason whatsoever":

---

[2] Identical claims were made against YD under Claim Nos. 213, 214, 217, 219, 220, 221 and 227.

> The Club reserves the right, in its sole discretion, … to recall any membership at any time for any or no reason whatsoever….

Exhs. 1-6 at p. 2, § II .

4. Under the Company Membership Agreements, the Dolans agreed to be bound by YMC's Membership Plan:

> Member acknowledges receipt of the Yellowstone Mountain Club Membership Plan, this Agreement, and the Rules and Regulations… and represents that **Member has read and understood** the Documents, and **agrees to be bound** by the terms and conditions thereof….

Exhs. 1-6 at p. 2, § III (emphasis supplied).

5. YMC's Membership Plan provided for termination and surrender of the Company memberships upon written notice:

> Company Memberships will not be assignable or transferable by the Company Members and will **terminate and be surrendered** to the Company **upon** receipt of **written notice** from the Company.

Exh. 7 at p. 16 (emphasis supplied).

6. The Company Membership agreements further precluded any claim of "equity" or "ownership" or "investment" interest in YMC:

> Membership is **not an investment** in the Company referred to below, or the Club Facilities and does not give a member a vested or prescriptive right or easement to use the Club Facilities. Membership in the Club **does not provide a member with an equity or ownership interest** or any other property interest in the Club Facilities or the Company.

Exhs. 1-6. at p. 2, § II (emphasis supplied). YMC's Membership Plan also expressly provided that members did not an hold an equity or ownership or investment interest in YMC. Exh. 7 at p. 14.

7. On May 29, 2209, Debtors filed their Third Amended Joint Plan of Reorganization, at Docket No. 995 (hereinafter the "Plan of Reorganization"). Exh. 8.

8. The Plan of Reorganization included a schedule of Members whose

3

memberships were being assumed (the "Member Assumption Schedule"). Exh. 10. The Dolans' Company Memberships were not listed on the Member Assumption Schedule. Exh 10. Section 5.1 of the Plan provided: "On the Effective Date, all executory contracts … to which any of the Debtors is a party shall be deemed rejected in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, except those executory contracts … that … (iv) are Assumed Obligations listed in the Member Assumption Schedule." Exh. 8. By virtue of Section 5.1, the Dolans' Company Memberships were deemed rejected.

9. James J. Dolan ("Jim Dolan") was a party to a membership Agreement for Pioneer Members. Exh. 11.

10. The Pioneer Membership Agreement expressly provided for "recall" of the company membership, at the "sole discretion" of YMC, "at any time for any or no reason whatsoever":

> The Club reserves the right, in its sole discretion, … to recall any membership at any time for any or no reason whatsoever….

Exh. 11 at p. 4, § I . Jim Dolan agreed to be bound by YMC's Membership Plan. Exh. 11 at p. 4 §. J. The Membership Plan provided that the Club reserved the right, in its sole discretion, to "recall any membership at any time for any or no reason whatsoever…." Exh. 7 at p. 14.

11. The Pioneer Membership Agreement and the Membership Plan precluded any claim of "equity" or "ownership" or "investment" interest in YMC:

> Membership is **not an investment** in the Company referred to below, or the Club Facilities and does not give a member a vested or prescriptive right or easement to use the Club Facilities. Membership in the Club **does not provide a member with an equity or ownership interest** or any other property interest in the Club Facilities or the Company.

Exh. 11 at p. 4, § I emphasis supplied); Exh. 7 at p. 14.

4

12. Jim Dolan paid a $250,000.00 membership deposit.

13. The Plan of Reorganization, Schedule 1.94, included a roster of Pioneer Members "whose membership contracts (which shall be treated as executory for purposes of Section 365 of the Bankruptcy Code) are being rejected under the Plan as of the Effective Date…." Exh. 12. The Jim Dolan Pioneer Membership was included in the roster of rejected Pioneer Memberships. Id. Rejected Pioneer members were given an opportunity to apply for Pioneer Replacement Member Contract. Id. Under the replacement form of Pioneer membership, YMC reserved the right in its sole discretion to recall any membership "at any time for any reason or no reason whatsoever." Exh. 16 at p. 7 §. I.

14. All "Replacement" contracts expressly provided that YMC retained discretion to recall a membership "at any time in its sole and absolute discretion."

> Member further acknowledges that, notwithstanding anything to the contrary contained herein, Yellowstone Mountain Club, LLC may recall the Company Membership at any time in its sole and absolute discretion.

Exh. 13 § 1 (Company membership). See also Exh. 14 § E (Founders Circle membership; Exh. 15 § 2 (Honorary membership); Exh. 16 § I (Pioneer membership); Exh. 17 § G (Frontier membership).

Dated this 8th day of November, 2010.

    /s/ Robert L. Sterup
Charles W. Hingle
Shane Coleman
Robert L. Sterup
Holland & Hart LLP

ATTORNEYS FOR YCLT

## CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that on November 8, 2010, or as soon as possible thereafter, copies of the foregoing were served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users:  None.

    /s/ Robert L. Sterup
Robert L. Sterup
Holland & Hart LLP

4948323_1.DOC