FILED
GREAT FALLS DIV.

2011 MAR 31 AM 7 57

PATRICK E. DUFFY, CLERK
BY _____
            DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| In Re: <br><br> YELLOWSTONE MOUNTAIN CLUB, LLC, YELLOWSTONE DEVELOPMENT, LLC, BIG SKY RIDGE, LLC, YELLOWSTONE CLUB CONSTRUCTION COMPANY, LLC, <br><br>                    Debtors. | Bankruptcy Case No. 08-61570-11 (Jointly Administered with 08-61571-11, 08-61572-11, 08-61573-11) |
| ROBERT SUMPTER, <br><br>                    Appellant, <br><br> vs. <br><br> MARC S. KIRSCHNER, Trustee of the Yellowstone Club Liquidating Trust, <br><br>                    Appellee. | No. CV-10-54-BU-SEH <br><br> **MEMORANDUM AND ORDER** |

Appellant Robert Sumpter ("Sumpter") has appealed from the Memorandum of Decision and Order of United States Bankruptcy Judge Ralph Kirscher, granting summary judgment to the Liquidating Trustee, sustaining the Liquidating Trustee's objection to Proof of Claim No. 741 ("Claim No. 741"), and allowing Sumpter an unsecured nonpriority claim in the amount of $250,000. The Court affirms.

## BACKGROUND

Sumpter was employed by the Yellowstone Mountain Club ("YMC") as director of development. As part of his employment, he obtained a YMC Company Membership. The Company Membership was ultimately converted to a Resident Membership. A deposit of $250,000 was paid for the Resident Membership, and a document entitled "Membership Agreement for Resident Member" ("Agreement") was executed. Pertinent terms of the Agreement provided:

> Membership is not an investment in Yellowstone Mountain Club, LLC, a Montana limited liability company (the "Company") or the Club Facilities and does not give a member a vested or prescriptive right or easement to use the Club Facilities. Membership in the Club does not provide a member with an equity or ownership interest or any other property interest in the Company or the Club Facilities.

. . .

2

> A Yellowstone Club membership may not be assigned, transferred, sold, encumbered or hypothecated, except where specifically allowed by the Yellowstone Club Membership Plan. Any attempted assignment, transfer, sale, pledge, encumbrance or hypothecation shall be void and of no force or effect.

Agreement at 2 (July 9, 2008). The Agreement further provided that "[t]he Club reserves the right, in its sole discretion, . . . to recall any membership at any time for any or no reason whatsoever . . . ." Id. If a recall did indeed occur, the Agreement then stated that "the Club will refund the Membership Deposit to the affected member within thirty (30) days." Id. at 1.

YMC filed for bankruptcy under Chapter 11 on November 10, 2008. The Reorganized Debtor elected not to assume Sumpter's Residential Membership under the Third Amended Plan of Reorganization. Sumpter filed Claim No. 741, seeking: (1) $250,000 for a Resident Membership deposit refund; (2) $250,000 for an equity conversion; (3) $816,000 for dues; (4) $2,300,000 for diminution of land value; and (5) $700,000 for conversion to a National Membership. The Liquidating Trustee did not dispute the $250,000 for a Resident Membership deposit refund. The claim for diminution of land value was withdrawn. The other three claimed amounts remained disputed.

The Liquidating Trustee moved for summary judgment. Hearing was

3

held. The Bankruptcy Court granted summary judgment in favor of the Liquidating Trustee and sustained its objection to Claim No. 741. An unsecured nonpriority claim of $250,000 for the Resident Membership deposit refund was allowed. Sumpter appealed. This Court has jurisdiction under 28 U.S.C. § 158(a) (2006).

## STANDARD OF REVIEW

The Court reviews a bankruptcy court's order granting summary judgment de novo. In re Jake's Granite Supplies, L.L.C., 442 B.R. 703, 707 (D. Ariz. 2010) (citing In re Raintree Healthcare Corp., 431 F.3d 685, 687 (9th Cir. 2005)). Summary judgment is appropriate if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). Conclusions of law and interpretations of contracts are reviewed de novo. In re Olshan, 356 F.3d 1078, 1083 (9th Cir. 2004); In re Bartleson, 253 B.R. 75, 79 (9th Cir. BAP 2000).

## DISCUSSION

The issue on appeal is whether the Bankruptcy Court correctly interpreted 11 U.S.C. § 365(g) in granting summary judgment to the Liquidating Trustee. The answer is yes.

A debtor may either assume or reject executory contracts. 11 U.S.C. §

4

365(a). If the debtor chooses to reject the contract, it "constitutes a breach of such contract . . . immediately before the date of the filing of the petition." 11 U.S.C. § 365(g). Rejection does not, however, terminate the contract or render such contract unenforceable against the debtor. See, e.g., Stewart Title Guar. Co. v. Old Republic Natl. Title Ins. Co., 83 F.3d 735, 741 n. 8 (5th Cir. 1996); Michael T. Andrew, Executory Contracts Revisited: A Reply to Professor Westbrook, 62 U. Colo. L. Rev. 1, 16 (1991).

The Debtors here rejected Sumpter's Residential Membership as allowed under 11 U.S.C. § 365(a). The parties on appeal, including the Bankruptcy Court, all agree that a breach then occurred under 11 U.S.C. § 365(g). See, e.g., Memorandum of Decision at 12, In re Yellowstone Mountain Club, LLC, No. 08-61570-11 (Bankr. D. Mont. Oct. 14, 2010); Appellant's Br. at 7 (Dec. 6, 2010); Appellee's Br. at 11-12 (Jan. 4, 2011). Despite Sumpter's claims to the contrary, the Bankruptcy Court did not conclude that the breach resulted in revocation of the entire contract. Rather, the Bankruptcy Court correctly recognized the breach and looked to the terms of the contract to determine available damages.

Sumpter's damages are determined by the Agreement and Montana law. See In re Onecast Media, Inc., 439 F.3d 558, 563 (9th Cir. 2006). The language of the contract controls if it is clear and unambiguous. In re Estate of Burrell, 245

P.3d 1106, 1111 (Mont. 2010). The Court is not to omit what has been inserted or insert what has been omitted. See Boyne USA, Inc. v. Lone Moose Meadows, LLC, 235 P.3d 1269, 1272 (Mont. 2010). The mere existence of a disagreement as to meaning of terms does not render the contract ambiguous. Wurl v. Polson Sch. Dist. No. 23, 127 P.3d 436, 442 (Mont. 2006).

The contract at issue states that "[m]embership is not an investment in Yellowstone Mountain Club, LLC, a Montana limited liability company . . . ." Agreement at 2. Moreover, "[t]he Club reserves the right, in its sole discretion, . . . to recall any membership at any time for any or no reason whatsoever . . . ." Id. Damages available, as provided by the contract, were as follows: "In the event of recall of a membership, the Club will refund the Membership Deposit to the affected member within thirty (30) days." Id. at 1.

The Bankruptcy Court was correct in its determination that the only damages available to Sumpter under the clear terms of the Agreement were $250,000 for the deposit. Damages for claims beyond the deposit either presumed the existence of an investment or that the breach was not on the date immediately prior to the Debtors' filing of bankruptcy. Both are incorrect assumptions under the clear terms of the Agreement and 11 U.S.C. §§ 365(g) and 502(g). Claims for additional amounts were correctly denied. The Liquidating Trustee was entitled to

6

judgment as a matter of law.

ORDERED:

The October 14, 2010, Memorandum of Decision and Order of the Bankruptcy Court is AFFIRMED.

DATED this 30th day of March, 2011.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge