UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**YELLOWSTONE MOUNTAIN CLUB, LLC**,<br><br>  Debtor. | Case No. **08-61570-11** |
| In re<br><br>**YELLOWSTONE DEVELOPMENT, LLC**,<br><br>  Debtor. | Case No. **08-61571-11** |
| In re<br><br>**YELLOWSTONE CLUB CONSTRUCTION COMPANY, LLC**,<br><br>  Debtor. | Case No. **08-61573-11** |
| In re<br><br>**BIG SKY RIDGE, LLC**,<br><br>  Debtor. | Case No. **08-61572-11** |

# MEMORANDUM of DECISION

At Butte in said District this 29th day of August, 2011.

In the above-referenced Chapter 11 bankruptcy cases, Robert Sumpter ("Sumpter"), through counsel, filed a Motion for New Trial or to Alter or Amend Judgment (Rule 9023) on August 10, 2011. Sumpter filed a Brief in support of the above Motion on August 15, 2011. In

1

response thereto, the Debtors and CrossHarbor Capital Partners LLC ("CrossHarbor") filed on August 22, 2011, a "Joint Procedural Objection for Failure to Comply With Local Bankruptcy Rules, or in the alternative, Motion for Extension of Time Within Which to File Response to Robert Sumpter's Untimely Brief in Support of a New Trial or to Alter or Amend Judgment (Rule 9023)." On August 23, 2011, Marc S. Kirschner, as Trustee of the Yellowstone Club Liquidating Trust joined the Debtors and CrossHarbor's combined Joint Procedural Objection or Motion for Extension of Time. After review of record, the Court denies Sumpter's Motion for New Trial or to Alter or Amend Judgment (Rule 9023).

## BACKGROUND

In an Order entered April 7, 2009, at docket 715, this Court approved the Debtors' combined disclosure statement and set a hearing on confirmation of the Debtors' Second Amended Chapter 11 Plan for May 18, 2009. Sumpter filed an objection to confirmation of the Debtors' plan on May 8, 2009, at docket entry no. 829. The substance of Sumpter's objection was as follows,

> 1. Mr. Sumpter is the holder of a Residential Membership, an executory contract that should be assumed and treated in the manner of all Residential Membership contracts as provided in ¶5.1.3 of the Second Amended Joint Plan of Reorganization Proposed by the Debtors. The said membership is not identified in the Member Assumption Schedule (Schedule 1.87). The Disclosure Statement approved by this Court states in paragraph V.F.1.c.(i), p. 65, that all valid Residential and National Membership Agreements in good standing will be assumed.

> 2. Robert Sumpter's Membership Agreement is improperly classified, in violation of 11 U.S.C. §1122(a), for the reason that it is placed in Class 14 with Company Memberships, whereas his membership is a Residential Membership. Only claims or interests substantially similar to other claims or interests may be placed into a single class.

       3. No vote for or against the Plan should be counted in Class 14 for Robert Sumpter since he is not properly included in that class of claims.

Sumpter filed no other objection or pleading prior to the May 18, 2009, confirmation hearing and no appearance was made by or on behalf of Sumpter at the May 18, 2009, hearing. In an Order entered May 18, 2009, the Court noted Sumpter's lack of appearance at the confirmation hearing and as a result, summarily denied Sumpter's objections to confirmation for lack of prosecution. Thereafter, on May 21, 2009, Sumpter filed a motion and then an amended motion to amend the Debtors' member assumption schedule to include Sumpter's residential membership agreement. Sumpter filed on that same date a motion and an amended motion for new trial or to alter or amend judgment (Rule 9023). Following a hearing held June 1, 2009, the Court entered on June 2, 2009, a Memorandum of Decision and associated Orders denying Sumpter's amended motion to amend the Debtors' member assumption schedule and Sumpter's amended motion for new trial or to alter or amend judgment (Rule 9023). The Court also entered an Order confirming the Debtors' Third Amended Plan on June 2, 2009.

The Court notes that the Debtors' Second Amended Joint Plan of Reorganization was the specific plan noticed for confirmation hearing on May 18, 2009. However, as is customary, the Debtors' filed a subsequent amended plan (Debtors' Third Amended Joint Plan of Reorganization) on May 22, 2011, to address some of the previously asserted objections to confirmation and to incorporate a global settlement between the Debtors, CrossHarbor, CrossHarbor Institutional Partners LP, Credit Suisse Cayman Islands Branch, the Official Committee of Unsecured Creditors and New CH YMC Acquisition LLC. In conjunction therewith, the Debtors filed a redlined version of the Second Amended Joint Plan of

Reorganization, which identified all changes between the Second and Third Amended Joint Plan. The changes between the Second and Third Amended Joint Plan do not impact whether the Third Amended Joint Plan of Reorganization was proposed in good faith.

Sumpter filed on June 9, 2009, Notice that he was appealing this Court's Order entered May 18, 2009, summarily denying Sumpter's objection to confirmation, the Court's Memorandum of Decision and Orders of June 2, 2009, denying Sumpter's amended motion to amend the Debtors' member assumption schedule and Sumpter's amended motion for new trial or to alter or amend judgment (Rule 9023), and the Court's June 2, 2009, Memorandum of Decision and Order confirming the Debtors' Plan. On December 7, 2010, United States District Judge Sam E. Haddon entered a Memorandum and Order affirming this Court on the matters raised by Sumpter in his appeal "subject to any change in the record which may occur as a result of the Court's November 2, 2010, Memorandum and Order in the companion bankruptcy appeal entitled Blixseth v. Yellowstone Mountain Club, LLC, et al., CV-09-47-BU-SEH."

In the above-referenced November 2, 2010, Memorandum and Order, Judge Haddon declined to rule on the issue of good faith, stating "determination of this issue on the present record is premature and unnecessary at this time." Judge Haddon, however, reversed and remanded confirmation of the Debtors' Plan on two other issues raised on appeal by Timothy L. Blixseth ("Blixseth"). First, Judge Haddon held this Court erred when it proceeded to confirmation of the Debtors' Plan without appropriate notice and opportunity for all parties to object to a certain settlement that was incorporated into the Plan. Judge Haddon also reversed and remanded so this Court could, "to the extent feasible . . . explicitly identify and delineate those persons or representatives determined to be within the scope of the release parameters of

4

Section 524(e) and to state the reasons why it reached such conclusions." The reasons Judge Haddon reversed and remanded with respect to confirmation were not issues asserted by Sumpter on appeal.

As a result of Judge Haddon's November 2, 2010, ruling, this Court entered an Order on May 27, 2011, scheduling a hearing for July 11, 2011,

1. To consider whether Debtor's Third Amended Joint Plan of Reorganization filed May 29, 2009, at docket entry no. 995 was proposed in good faith,

2. To identify and delineate those persons or representatives who are properly within the scope, under 11 U.S.C. § 524(e), of the exculpation and limitation of liability clause set forth in Section 8.4 of Debtor's Third Amended Joint Plan of Reorganization, and

3. To further consider approval of the Settlement Term Sheet found at docket entry no 947-12.

Upon motion of Blixseth, the Court entered an Order on June 16, 2011, continuing the July 11, 2011, hearing to July 25, 2011. Prior to the scheduled hearing, Sumpter argued for the first time on June 27, 2011, that Debtors' plan was "not filed in good faith as demonstrated by the deficiencies and discriminatory terms and procedures set forth below, in violation of § 1129(a)(3)."

Numerous parties appeared and were represented at the July 25, 2011, hearing, including Sumpter, who was represented at the hearing by his counsel, Steve Mackey. After hearing argument and taking evidence on the matters specifically addressed in Judge Haddon's November 2, 2010, Memorandum and Order, the Court concluded the hearing and advised the parties it would enter a subsequent order on the matter of good faith. After further consideration,

the Court entered an Order on July 27, 2011, vacating any further hearing on whether the Debtors' plan was proposed in good faith, concluding nothing in Judge Haddon's November 2, 2010, required this Court to revisit the issue of whether the Debtors' plan was proposed in good faith.

Sumpter filed his pending Motion on August 10, 2011, requesting "a new trial on the issues of his objection to the confirmation of the Third Amended Plan including, without limitation, his objection that the Plan was not filed in good faith, and with regard to the ruling of this Court entered on July 27, 2011, which apparently contains a ruling saying that no further evidence or hearing will be had on said issues (particularly the issue of good faith), or alternatively, pursuant to Rule 9023(e) for an Order altering or amending the Court's Order of July 27, 2011, to the extent that it overrules the said Objections to confirmation of the plan filed by Robert Sumpter; and also requests that the Court alter or amend said Order to vacate the hearing or take further testimony and evidence regarding Robert Sumpter's objections."

## APPLICABLE LAW

Rule 59, Fed.R.Civ.P., incorporated into the Federal Rules of Bankruptcy Procedure by Rule 9023, provides in pertinent part: "A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." On a motion for a new trial in an action tried without a jury, the court may open the judgement if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Under Rule 9023, "[a] motion to alter or amend a judgment must be filed no later

6

than [14] days after the entry of the judgment."[1] Rule 59(e) includes motions for reconsideration. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 2nd § 2810.1.

In *Brandt v. Esplanade of Central Montana, Inc., et al.* (*"Brandt"*), 19 Mont. B.R. 401, 403 (D. Mont. 2002), the United States District Court for the District of Montana, in affirming this Court's decision, discussed amendment of an order under Rule 59(e): "Amendment or alteration is appropriate under Rule 59(e) if (1) *the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law*. *School Dist. No. 1J, Mutnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)." *See also In re Teigen*, 11 Mont. B.R. 91, 92 (Bankr. D.Mont. 1992). A motion for reconsideration should not be granted if the above test is not met, absent highly unusual circumstances. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Finally, a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## DISCUSSION

CrossHarbor and the Debtors filed a Joint Procedural Objection to Sumpter's Motion on August 22, 2011. Sumpter's pending Motion suffers from all the defects noted by CrossHarbor

---

[1] Rule 59, Fed.R.Civ.P, was amended in 2009 to extend the deadline for filing such actions to 28 days after the entry of judgment. However, in the context of bankruptcy proceedings, the deadline for filing a notice of appeal is 14 days. Thus, Bankruptcy Rule 9023 was amended to shorten the 28 day period in Rule 59 to 14 days so that Bankruptcy Rule 9023 would not override the notice of appeal deadline under Rule 8002(a).

and the Debtors in their Joint Procedural Objections. However, in addition to the procedural defects, the Court concludes that Sumpter's Motion lacks substantive merit.

First, this Court interprets Judge Haddon's November 2, 2010, Memorandum and Order according to its plain language, which language is clear and unambiguous. Judge Haddon held this Court erred when it proceeded to confirmation of the Debtors' Plan without appropriate notice and opportunity for all parties to object to a certain settlement that was incorporated into the Plan. Judge Haddon also reversed and remanded, so this Court could, "to the extent feasible . . . explicitly identify and delineate those persons or representatives determined to be within the scope of the release parameters of Section 524(e) and to state the reasons why it reached such conclusions."

This Court gave parties-in-interest ample notice of the hearing held July 25, 2011. At that hearing, the Court took evidence on whether the Settlement Term Sheet between the Debtors, CrossHarbor, CrossHarbor Institutional Partners LP, Credit Suisse Cayman Islands Branch, the Official Committee of Unsecured Creditors and New CH YMC Acquisition LLC is fair and equitable in satisfaction of F.R.B.P. 9019(a). The Court also heard evidence concerning paragraph 8.4 of the Third Amended Joint Plan or Reorganization so it might, as invited by Judge Haddon, identify and delineate those persons or representatives determined to be within the scope of the Exculpation and Limitation of Liability clause.

Nothing in Judge Haddon's November 2, 2010, Memorandum and Order required this Court to revisit the issue of whether the Debtors' Plan was proposed in good faith. As set forth in the Order entered July 27, 2011, this Court declined to revisit an issue not considered by Judge Haddon on appeal.

Second, all parties wishing to contest whether the Debtors' plan was proposed in good faith, whether it be the Second or Third Amended Joint Plan of Reorganization, had due notice of the May 18, 2009, confirmation hearing and had every opportunity to rebut the evidence presented by the Debtors at said hearing, including the opportunity to cross-examine the witnesses called by the Debtors in support of confirmation.  As noted earlier, Sumpter did not appear at the May 18, 2009, confirmation hearing.  Moreover, none of the parties who did appear at the confirmation hearing called a witness in opposition to confirmation of the Debtors' Plan.

Sumpter's June 27, 2011, objection to whether Debtors' Plan was proposed in good faith is simply not timely, particularly as Sumpter did not raise such an objection prior to or at the May 18, 2009, confirmation hearing, and similarly did not raise such an objection prior to entry of the Order confirming the Debtors' Plan.  In sum, Sumpter has not (i) identified any meritorious errors of law or fact, (ii) presented any new or previously unavailable evidence, or (iii) demonstrated any intervening change in controlling law with respect to either this Court's July 27, 2011, Order or the Court's Order confirming the Debtors' Plan entered June 2, 2009.  As such, Sumpter has not satisfied the requirements of reconsideration.

For the reasons discussed above, the Court will enter a separate order providing as follows:

IT IS ORDERED that Robert Sumpter's Motion for New Trial or to Alter or Amend Judgment (Rule 9023) filed August 10, 2011, is DENIED.

IT IS FURTHER ORDERED that the Debtors and CrossHarbor Capital Partners LLC's Joint Procedural Objection for Failure to Comply With Local Bankruptcy Rules is SUSTAINED; and the Debtors and CrossHarbor Capital Partners LLC's Joint Motion for Extension of Time

Within Which to File Response to Robert Sumpter's Untimely Brief in Support of a New Trial or to Alter or Amend Judgment (Rule 9023) is DENIED as moot.

                                              BY THE COURT

                                              /s/ Ralph B. Kirscher

                                              HON. RALPH B. KIRSCHER
                                              U.S. Bankruptcy Judge
                                              United States Bankruptcy Court
                                              District of Montana